UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RALPH BELLO AND VERA ASSOCIATES LIMITED PARTNERSHIP, | |
| Plaintiffs, | CIVIL ACTION NO. |
| VS. | 3:01CV01531 (AWT) |
| BARDEN CORPORATION | |
| Defendant. | DECEMBER 1, 2006 |

**SUPPLEMENTAL AFFIDAVIT OF JOSEPH A. WELLINGTON SUBMITTED IN SUPPORT OF BARDEN CORPORATION'S MOTION FOR THE AWARD OF REASONABLE ATTORNEY FEES AND LITIGATION EXPENSES AS A SANCTION**

I, Joseph A. Wellington, after being duly sworn, depose and say the following:

1. I am over eighteen years of age and believe in the obligations of an oath.

2. I am the Carmody & Torrance partner who has had the responsibility for the representation of Barden Corporation's ("Barden") interests in the above-captioned matter.

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

3. I personally supervised the activities of the Carmody & Torrance timekeepers who worked on the defense of the Plaintiffs' claims in this matter and on Barden's Motion for Sanctions.

4. This affidavit is submitted pursuant to the Court's September 29, 2006 ruling on Barden's Motion for Sanctions (the "Sanctions Ruling") and supplements the information contained in the undersigned's February 26, 2002 affidavit which was previously filed in support of the aforesaid motion (the "2002 Sanctions Affidavit").

5. I make the following statements based upon my personal knowledge from working on this and several directly-related federal and state court cases.

6. Pursuant to the Sanction's Ruling, the fees and expenses relating to this litigation have been divided into the following two phases: (1) from the filing of the Plaintiffs' complaint in this matter through January 16, 2002 (Phase I); and (2) on and after January 17, 2006 (Phase II).

7. As stated in the 2002 Sanctions Affidavit, this firm prepared a common defense for four defendants who were members of what was known as the "Barden Group". The common defense was possible because each of the four defendants faced identical claims, albeit in four separate federal actions brought by the Plaintiffs (the "Bello Federal Actions"). Those Defendants included Barden, Winsted Precision Ball

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

2

Co. ("Winsted"), Howard Engineering Co. ("Howard") and Mattatuck Industrial Scrap Metal, Inc. ("Mattatuck").

8. The fees and litigation expenses for all work performed on behalf of the Barden Group were initially allocated to Barden. The responsibility for the payment of those fees and expenses was thereafter allocated to the members of that group based upon the allocation formula the USEPA used to settle its claims for CERCLA response expenses as to those parties (i.e. those fees/expenses were allocated based upon volumetric share of wastes that each member of the Barden group purportedly sent to the National Oil Services facility at the Plaintiffs' West Haven, Connecticut property).

9. Barden would have been required to pay all of the litigation fees and expenses incurred in the Barden Group's common defense were it not for the payments made by the other members of that group. Barden's cost share of the Phase I and Phase II non-sanction fees and expenses was 67.83% of the total fees and expenses incurred in the group's common defense.

10. Barden's cost share of the fees and expenses incurred for the sanctions motion was 100%. Barden incurred all of the sanction-related fees and expenses because it was not practical to bring a single sanctions motion on behalf of all four

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

3

members of the Barden Group. This is because those four members were each named in a separate Bello Federal Action, those actions were not consolidated, and the Howard and Mattatuck actions were then pending before the Honorable Dominic Squatrito. It was likewise not practical to file four separate sanctions motions.

11. Barden is seeking the recovery of the fees and expenses that it and the other members of the Barden Group incurred for their common defense, as well as the fees and expenses Barden incurred to bring and prosecute its Motion for Sanctions. Barden will reimburse the other members of the Barden Group for their payments to the group's common defense if the Court's award exceeds the fees and expenses that Barden incurred to bring its Sanctions Motion. Barden will use the following procedure to reimburse those other members: First, all unpaid legal fees and expenses will be deducted from the total amount awarded and paid. Second, the remaining award will be divided among the members of Barden Group in proportion to the fees and expenses they actually paid for their common defense.

12. Significant expenses were incurred to bring and to prosecute Barden's Motion for Sanctions because it was necessary to investigate, document and analyze the numerous federal and state actions that the Plaintiffs and their counsel brought before this Court, other federal courts in this jurisdiction, and several judicial districts

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

4

of the Connecticut Superior Court. That effort was necessary to show how Barden and the other members of the Barden Group were the objects of a pattern of continuous and related misconduct by the Plaintiffs and their counsel both prior to and after they brought the Bello Federal Actions. It was also necessary to bring and litigate a motion for discovery to ascertain how much money the Plaintiffs and their counsel had obtained as a result of settlements they received for their claims in other Bello Federal Actions.

13. The Barden Sanctions Motion was brought to recover fees and litigation expenses. It was also brought to deter other plaintiffs and their counsel from engaging in the conduct that was the subject of that motion.

14. The attorneys' fees that the members of the Barden Group incurred in their common defense of the Bello Federal Actions are set out by phase and by timekeeper in the tables on Exhibit 1 attached hereto. JAW refers to the undersigned. DDB refers to Danielle Duprey-Bonsignore, the undersigned's former legal assistant. FSC refers to Frances Codd Slusarz, a current Carmody & Torrance associate.

15. The litigation expenses that the members of the Barden Group incurred in their defense of the Bello Federal Actions are set out by category and phase in a separate table on Exhibit 1.

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

5

16. The billing memoranda that document how much time was spent by each timekeeper, the work that was performed by each timekeeper and the date that said work was performed are set out at Exhibits 2, 3 and 4 hereto.

17. The fees and expenses the members of the Barden Group incurred for their common defense of the Bello Federal Actions and the fees and expenses that Barden incurred to bring its Sanctions Motion are set out separately in Exhibit 5.

18. The total fees and expenses shown in Exhibit 1 hereto are higher than the fees and expenses shown in the tables appended to the 2002 Sanctions Affidavit because additional defense-related work and virtually all of the sanctions-related work was performed after the date of that affidavit

Dated at Waterbury, Connecticut, this 1st day of December, 2006.

_____
Joseph A. Wellington

Subscribed and sworn to before me this 1st day of December, 2006

_____
Notary Public/Commissioner of the
Superior Court
JENNIFER SYMMES
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JULY 31 2008

CARMODY & TORRANCE LLP   50 Leavenworth Street
Attorneys at Law            Post Office Box 1110
                            Waterbury, CT 06721-1110
                            Telephone: 203 573-1200

6