UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RALPH BELLO AND VERA ASSOCIATES LIMITED PARTNERSHIP<br>Plaintiffs,<br><br>v.<br><br>THE BARDEN CORPORATION<br>Defendant. | :<br>:<br>:<br>:<br>:  CIVIL NO. 3:01CV01531(AWT)<br>:<br>:<br>:<br>:<br>:  DECEMBER 21, 2006 |

### OBJECTION TO DEFENDANT BARDEN CORPORATION APPLICATION FOR ATTORNEY'S FEES AND EXPENSES

Given that this court has denied Attorney Ikechukwu Umeugo's Motion to Withdraw his Appearance for the plaintiff's Ralph Bello and Vera Associates Limited Partnership despite the reasons set forth in the said request to withdraw appearance and the very fact that this case was official closed on 1/31/2002 (see attached Exhibit 1 Federal District Court record print out) and there was no pending issues before the court as the judge stated at the time the case was settled, this objection is hereby submitted.

The objection to the defendant Barden Corporation Application for attorney's fees and expenses is submitted on the following grounds:

1) As clearly stated in the objection to the defendant's Motion for Sanction attorney Ikechukwu Umeugo and the plaintiffs did not in anyway shape or fashion

1

engaged in any sanctionable conduct during the litigation of this case, and they should not be made to pay any of the defendants attorneys, fees and expenses. The objection to Motion for Sanction that was submitted and the argument in law and facts that were set forth in the said objection are incorporated by reference and made as part of this objection to the defendant's application for attorney's fees and expenses. (See attached Exhibit 2 Memorandum in Objection to Motion for Sanction)

2) Attorney Ikechukwu Umeugo has filed an appeal to the court's ruling on the defendant's Motion for Sanctions and an appellate docket number 06-5013-cv was assigned to it; see Exhibit 3 Telephone Pre-argument conference notice). However, during telephonic pre-argument conference with the appellate court associate staff counsel, it was agreed that since the defendant's application for attorney's fees and expenses is still pending pursuant to this court rulings that **"the appeal" should stay from active consideration without prejudice with leave to reactivate it upon** this court's ruling on the defendant's application for attorney's fees and expenses. Since attorney Ikechukwu Umeugo has filed an appeal on this court's ruling on the defendant's Motion for Sanction and he intends to continue to pursue the said appeal, it is reasonable to deduct or conclude that he does object to the defendant's application for attorney's fees and expenses in its entirety.

3) The relevant time line or period pertaining to defendant's Motion for Sanction is after January 16, 2006 that is between January 17, 2002 and January 24, 2002. Note, that the

defendant's counsel Joseph Wellington filed intent to file a Motion for Sanction after the plaintiff refused to accept its initial offer to pay the $900.37 water usage claim, and after the judge instructed the plaintiff to file an amended Complaint to reflect the said water usage claim, which the plaintiff counsel filed and/or complied with (See court file).  Also, **note that the defendant counsel did not immediately file a Motion for Sanction after his Motion to Dismiss was granted.** (see January 16, 2002 hearing transcript).  Instead the defendant counsel filed intent to sanction **because the plaintiff initially refused to accept the $900.37 water usage claim on January 16, 2002.**  Note, that the plaintiff initially refused the defendant's said offer in order and/or for the sole purpose of exercising his legal and constitutional right(s) to consider his options i.e. Motion to Reconsider the Objection to Motion to Dismiss and/or Appeal the courts' ruling to dismiss.  After considering all the options(s), the plaintiffs decided to settle the case by accepting the defendant's said offer on January 24, 2002.  **Also note that Judge Thompson suggested to plaintiff's counsel to try to settle this case for $900.37 before January 25, 2002**.  (See Exhibit no. 4 dated January 16, 2002, page 9 line 9)  The case settled on January 24, 2002.  The fact that the plaintiff accepted the defendant's offer to settle within (8) days of the initial offer and the defendant paid the plaintiff the said amount is not a sanctionable conduct.  Eight (8) days is a reasonable time given the damages that the plaintiff suffered as a result of the defendant's actions which in turn contributed to the said oil spill and over $1,500,000.00 in clean up cost, which EPA

3

was then pursuing recovery against the plaintiff and placed a lien on his said property. Thus, the defendant application for attorney's fees and expenses are inappropriate.

4) As already stated in the objection to Motion for Sanction, the defendant was not a defendant in the state court proceeding(s), thus any reference to state court proceedings is irrelevant.

5) The defendant has clearly admitted in its Motion for Sanction that **"whatever the defendant claims that took place in the state action and proceeding are not a sanction able conduct!!"** The court should not use and/or make reference to the state action in order to sanction and/or determine the defendant's Motion for Sanction as it did on this case, thus the defendant's application for attorney's fees and cost must fail in its entirety.

6) When the appellate court analyze this court's decision or ruling on the defendant's Motion for Sanction it will come to the conclusion that there was no improper conduct on the part of attorney Ikechukwu Umeugo and the plaintiffs during the relatively short period of the litigation. As a matter of fact the appellate court will find after analyzing the defendant's alleged claim of improper conduct to be legally insufficient and without merit, thus the ruling will be reversed and remained to the District Court to deny the defendant's Motion for Sanction with direction to vacate any attorney's fees and expenses this court intend to award to the defendant.