7) The defendant counsel attorney Joseph Wellington filed a second Motion to Dismiss the water usage claim of $900.37 on the ground of subject matter jurisdiction after the judge indicated and allowed the plaintiff to amend its complaint to reflect the said claim. Also, the defendant's attorney Joseph Wellington knew that he intend to settle the case but nevertheless filed the said second Motion to Dismiss and here he is asking for sanction and requesting for the attorney's fees and expenses for this motion. Also, attorney Joseph Wellington later admitted that the water damage claim is a recognizable claim. What a travesty of justice and shameful even to relate to other legal communities that his unfounded request is granted. Thus the defendant's application for attorney's fees and expenses should be denied.

8) The defendant did not submit any atom of credible evidence to support its claim of bad faith litigation or conduct, harassment or badgering or inducing other defendant to settle on the part of attorney Ikechukwu Umeugo and the plaintiffs

9) Moreover, the defendant did not separate its attorney's fees and expenses for litigating the $900.37 water usage claim in its application for attorney's fees and expenses. As a matter of fact the defendant counsel Joseph Wellington is asking the court to award him such, even though he admitted to the validity of such claim and paid the $900.37

10) According to the ruling of this court, one of the reasons why the defendant's Motion for Sanction was granted was because plaintiff's counsel replied to the defense

counsel's breathing of threat to file a Motion to Sanction if the plaintiff's refuse to accept its offer to settle the claim of $900.37, by saying that the plaintiff will also file a Motion for Sanction against him on the ground that he filed a second Motion to Dismiss the said $900.37 water usage claim that he knew and/or intended to pay for and paid for it. The said attorney Ikechukwu Umeugo's response to the defendant's counsel Joseph Wellington's threat is not a sanctionable conduct or bad faith litigation; thus defendant's application for attorney's fees and expenses is inappropriate and should be denied in its entirety.

11) To disagree with the defense counsel and to have a different view as what the applicable law should be is not a sanctionable conduct in the annals of Americans jurisprudence. If the aforementioned becomes sanctionable, then every practicing attorney will be sanctioned every second. For instance in the case of the Topeka Board of Education, the counsel in that case and his client did not prevail in the lower court, but **note** they were not sanctioned. Also note that the litigant who brought the said lawsuit later prevailed when the lower court ruling was appealed to be United States supreme court.

12) After the judge allowed the plaintiffs to amend their complaint to reflect the water usage claim the defense counsel Joseph Wellington filed a second Motion to Dismiss and later withdrew the said offer to settle, but re-offered after the judge reminded him that his decision on the Motion to Dismiss can be overturned or reversed on appeal (See court hearing transcript dated January 24, 2002). Once again the defense counsel Joseph Wellington is

asking the court for attorney's fees and expenses despite his aforementioned action. The defense counsel, Joseph Wellington's **false and baseless accusation** of bad faith conduct, harassment, and that other defendants were induced to settle, is simply designed to **malign,** attorney Ikechukwu Umeugo's name and reputation, and that of the plaintiffs. Note that the **settlement discussions and conference(s) was suggested and encouraged by the judge and settlement conference was scheduled by the court** (See court transcript). It is sad that attorney Joseph Wellington is using the court system to pursue his personal prejudice, vendetta and wicked intentions.

      13) The defendant counsel admitted in his affidavit for application for attorney's fees and expenses (See paragraph 7 of Affidavit of Joseph Wellington), that the said attorney's fees and expenses includes that of other defendants not only Barden Corporation. This particular motion in question is in regards to the defendant Barden Corporation application for attorney's fees and expenses and not other defendants.

      14) To submit attorney's fees and expenses of over $57,000.00 in 8 days for a simple Motion for Sanction is unbelievable outrageous, excessive and a clear manifestation of a malignant heart.

      15) The plaintiff and their counsel should not be punished and/or sanctioned for accepting the defendant's offer to settle water usage claim. Also, please note that said settlement **was encouraged and suggested by the judge**. The plaintiffs made a decision to

settle instead of pursuing the right to appeal the Motion to Dismiss decision (See court transcript dated January 24, 2002). Thus the defendant's application for attorney's fees and expenses is hereby objected to and it should be denied in its entirety.

      **WHEREFORE,** the defendant's application for attorney's fees and expenses should be denied in its entirety.

      **RESPECTFULLY SUBMTTED,**

By: _____/s/_____
Ikechukwu Umeugo (ct04536)
Umeugo & Associates, P.C.
620 Boston Post Rd.
P.O. Box 26373
West Haven, CT 06516
(203) 931-2680 Phone
(203) 931-2682 Fax

## CERTIFICATION

This is to certify that a copy of the foregoing was filed electronically this 21st day of December, 2006. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

A copy of the foregoing has been mailed, US Mail, postage prepaid on December 21, 2006 to:

1)  Ralph Bello
    840 Boston Post Road
    West Haven, CT 06516

2)  Vera Associates Limited Partnership
    840 Boston Post Road
    West Haven, CT 06516

3)  Joseph A. Wellington
    Federal Bar ct08355

    Frances Codd Slusarz
    Federal Bar ct24442
    David S. Hardy
    Federal Bar ct20904
    CARMODY & TORRANCE LLP
    50 Leavenworth Street
    Waterbury, CT 06701
    ATTORNEY FOR THE DEFENDANT
    BARDEN CORPORATION
    (203) 575-2613

                                        _____/s/_____
                                        Ikechukwu Umeugo

9