UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RALPH BELLO AND VERA ASSOCIATES LIMITED PARTNERSHIP, | : | |
| Plaintiffs | : | CIVIL ACTION NO. |
| v. | : | 3:01CV01531 (DFM) |
| BARDEN CORPORATION | : | |
| Defendant | : | APRIL 29, 2002 |

### MEMORANDUM IN OBJECTION TO BARDEN CORPORATION'S MOTION FOR THE IMPOSITION OF SANCTIONS ON ATTORNEY UMEUGO AND ON THE PLAINTIFFS FOR BAD FAITH LITIGATION CONDUCT

For the reasons set forth below, Plaintiffs Ralph Bello and Vera Associates Limited Partnership ("Plaintiffs") and Attorney Ikechukwu Umeugo ("Attorney Umeugo" and "Plaintiffs' Counsel") respectfully move the Court to object Barden Corporation's ("Barden") motion for the imposition of sanctions on the ground that Plaintiffs and Plaintiffs' Counsel did not engage in bad faith conduct and/or sanctionable conduct. Plaintiffs and Attorney Umeugo request that the Court deny Barden's motion for the imposition of sanctions jointly in the amount of Barden's reasonable attorney's fees and costs it incurred in its defense of this action. Plaintiffs and Attorney Umeugo respectfully submit that such sanctions should not be imposed on the ground that Plaintiffs and Plaintiffs' Counsel did not engage in bad faith conduct and/or sanctionable conduct.

## I. FACTS

Plaintiffs filed complaints in Connecticut Superior Court arising as a result of waste oil/hazardous materials brought, supplied and delivered by a number of defendants brought onto Plaintiffs' property which later spilled, resulting in an EPA clean up. However, Barden was not a party to the state court action. Plaintiffs made an attempt to resolve the matter with some defendants.

The Court decided to characterize the cases as complex litigation and referred it to the trial judge for resolution by way of trial or settlement. During the course of the litigation, some of the defendants filed a motion to revise and Plaintiffs filed a request to amend. Some of the defendants requested that the case be moved to the Federal District Court. It was Plaintiffs' understanding that on June 29, 2001, the presiding judge as discussed in a prior status conference with all of the parties requested that one operating revised complaint be developed to avoid multiple revised complaints. For some reason, the trial judge changed his position and granted a motion for non-suit in regards to some of the defendants, but at the same time, the judge gave Plaintiffs four months to revise the complaint and the non-suit would be set aside. However, Plaintiffs decided to refile the entire case in Federal District Court where all of the issues should be addressed under federal law and state common law to recover damages. There was never a finding of bad faith in the Superior Court and the complaints filed in District Court were not identical.

Barden filed its motion to dismiss all the Plaintiffs' claims under FRCP 12(b)(6) on October 2, 2001. The Plaintiffs filed their objection to this motion on or about November 9, 2001. Barden filed its reply brief on November 15, 2001 and

the Court granted Barden's motion with prejudice as to all of the Plaintiffs' original claims on January 7, 2002. The Court also granted the Plaintiffs leave to amend their complaint to bring a claim for water usage fees in the amount of $900.37 by means of its January 7, 2002 decision.

Following the Court's January 7, 2002 ruling, Barden made an offer to resolve the matter for $900.37 with a threat that if Plaintiffs did not take the settlement, they would make a motion for sanctions designed specifically to force the Plaintiffs to settle without considering their option for appeal and motion for reconsideration. In compliance with the Court order, Plaintiffs filed an amended complaint. The Court held a conference on January 16, 2002 to address possible resolution of the matter. A settlement conference was scheduled by the court with Judge Martinez.

Barden filed a second motion to dismiss based upon a lack of subject matter jurisdiction due to the Plaintiffs' remaining claim of $900.37; however, the Court did not rule on the motion to dismiss.

During a status conference on January 24, 2002, Plaintiffs decided to accept Barden's prior offer of $900.37; however, Barden withdrew the offer. (See Court transcript dated January 24, 2002, p. 6, lines 17-19, Exhibit 5). After the Court pointed out to Barden's counsel that he could not guarantee that the Plaintiffs would not be successful on appeal, Barden's counsel renewed the offer to settle. All of the Plaintiffs' remaining actions against all other defendants which were then pending before the Court were dismissed.

Barden had served written notice of its intent to seek the recovery of its attorney's fees and costs as to Attorney Umeugo (and the imposition of sanctions on the Plaintiffs) on the Plaintiffs and their counsel on January 22, 2002.

## II. THE LAW REGARDING THE IMPOSITION OF SANCTIONS ON COUNSEL AND THEIR CLIENTS FOR BAD FAITH CONDUCT DURING THE COURSE OF LITIGATION.

### A. Introduction.

In narrowly defined circumstances, federal courts have inherent power to assess attorney's fees against counsel. Roadway Express, Inc. v. Piper, et al., No. 79-701, 1980 U.S. LEXIS 137, at *26 (June 23, 1980). The inherent power award may be imposed either for commencing or continuing an action in bad faith, vexatiously, wantonly, or for oppressive reasons. Oliver v. Thompson, 803 F.2d 1265, 1272 (2nd Cir. 1986). However, courts must exercise caution in invoking its inherent power in determining that bad faith exists. Chambers v. NASCO, Inc., No. 90-256, 1991 U.S. LEXIS 3318, at *39 (February 27, 1991). While the court has inherent power to sanction, because of their very potency, inherent powers must be exercised with restraint and discretion. Chambers, No. 90-256, 1991 U.S. LEXIS 3318, at *28. Due to their leveraged impact in the litigation process, sanctions against attorneys should not be given a broad-brush approach. Oliveri, 803 F.2d at 1281. The district court is granted the power to impose sanctions by certain federal statutes, Rules of Civil Procedure, and inherent power.

### B. The inherent power of the district courts to impose sanctions for improper conduct during the course of litigation.

#### i. Both an attorney and his client may be sanctioned.

The district court may impose an appropriate sanction upon both the attorney

4