and his client, and is empowered to exercise it discretion. Cooter & Gell v. Hartmax Corp., et al., No. 89-275, 1990 U.S. LEXIS 3088, at *33 (June 11, 1990). Sanctions in the form of attorney's fees and costs may be imposed against a party and his counsel for engaging in bad faith conduct. Cooter, No. 89-275, 1990 U.S. LEXIS 3088, at *14.

### ii.  Requirement of bad faith.

The court, in recognizing the need for restraint, has always required a particularized showing of bad faith to justify the use of the court's inherent power. United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 948 F.2d 1338, 1345 (2nd Cir. 1991). Determining the existence of bad faith poses difficulties because there is little guidance or limitation the bad-faith predicate provides and lacks an adequate definition. Chambers, No. 90-256, 1991 U.S. LEXIS 3318, at *74. The lack of any legal requirement other than the talismanic recitation of the phrase "bad faith" will foreclose meaningful review of sanctions based on inherent authority. Chambers, No. 90-256, 1991 U.S. LEXIS 3318, at *76. Thus an examination of conduct subject to sanctions gives insight as to the type of conduct that falls under the bad faith exception.

Attorneys who file pleadings which contained known deliberate untruths and fabrications, and engaged in delaying tactics were sanctioned for their bad faith conduct. Chambers, No. 90-256, 1991 U.S. LEXIS 3318, at *78,79. Attorneys who intentionally withheld information from the court and received warnings from the judge that counsel's conduct had been unethical were sanctioned for their bad faith

conduct. Chambers, No. 90-256, 1991 U.S. LEXIS 3318, at *13. Another example of bad faith conduct was failing to appear for oral argument and failing to comply with a court order. Roadway, No. 79-701, 1980 U.S. LEXIS 137, at *24. Attorneys who devised a scheme or a plan of obstruction, delay, and harassment were sanctioned for their bad faith conduct. Chambers, No. 90-256, 1991 U.S. LEXIS 3318, at *18. Bad faith is also shown by delaying or disrupting the litigation or by hampering enforcement of a court order, and attempting to perpetrate a fraud on the court. Chambers, No. 90-256, 1991 U.S. LEXIS 3318, at *31,39. Therefore, without a showing of bad faith such as filing deliberate untruths, failing to comply with court orders, devising a scheme of obstruction, delay, or harassment, and/or disrupting the litigation, the court should not impose sanctions on parties or their attorneys.

### iii. Choice of law.

The Court's prior cases have indicated that the inherent power of the court can be invoked even if procedural rules exist which sanction the same conduct. Chambers, No. 90-256, 1991 U.S. LEXIS 3318, at *36. The Advisory Committee's Notes on the 1983 Amendments to other rules reflect a similar intent to preserve the scope of the inherent power. Id.

### iv. An attorney litigates as his client's agent.

A party is bound by the acts of his attorney when he freely selects his representation due to the attorney-agent principle. Link v. Wabash Railroad Co., No. 422, 1962 U.S. LEXIS 849, at *14 (June 25, 1962). The party cannot avoid the consequences or the acts or omissions of a freely selected agent, and therefore, the

6

federal court can impose sanctions against both the party and the attorney for bad faith conduct. Link, No. 422, 1962 U.S. LEXIS 849, at *13.

> **v.    The "clean hands" doctrine also provides a basis for the imposition of sanctions on both a plaintiff and his attorney pursuant to the inherent power of the court.**

Plaintiffs' CERCLA Section 113 contribution claim invoked the equitable jurisdiction of a district court. The equity of the court is not available to a party who exhibits bad faith conduct with regard to the litigation. However, this maxim does not apply to the case at hand since Barden has failed to provide any concrete evidence of bad faith on the part of the Plaintiffs or Plaintiffs' Counsel. For a court to uphold a finding of bad faith, there must be clear evidence that the challenged actions were entirely without color and were taken for reasons of harassment or delay, or for other improper purposes. Oliveri, 803 F.2d at 1272. Barden's assertion that the action was totally frivolous and alleged for the sole purpose of coercing settlements is totally baseless and not supported by any credible evidence. All of the allegations in the complaint were accurate, not fabricated, and no defendant that settled with the Plaintiffs ever claimed that the settlement was forced or coerced. Barden did not offer or introduce any direct evidence that the Plaintiffs' Counsel or Plaintiffs manipulated the Court to obtain the settlements or strong-armed the defendants that chose to settle into reaching an agreement. In alleging that the settlements were baseless, Barden's Counsel is again giving the appearance that he is assuming the role of lead counsel and that he knows what is in the best interests of clients that he was not retained to represent.

C. **Alternatively, attorneys may be sanctioned for conduct pursuant to applicable federal and local rules of civil procedure and/or pursuant to 28 U.S.C. § 1927.**

　　i.　　Rule 11(b).

A pleading, motion, or other paper violates Rule 11 either when it has been interposed for an improper purpose, or where, after a reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. When a complaint is at issue, the court must first find that the complaint was frivolous and filed for an improper purpose. Neither the Superior Court nor the District Court made a finding that the complaint was frivolous, rather, the judge stated at the conference on January 24, 2002 he could not guarantee that Plaintiffs would not be successful if they appealed the ruling on the motion to dismiss. The defendant Barden Corporation and its counsel admitted and conceded that Plaintiffs' claim is not frivolous by stating in the affidavit signed and submitted by Attorney Wellington in support of his motion that "Barden Counsel had concluded that it would not be appropriate to ask the Court to reconsider its decision to allow the Plaintiffs to bring their water usage fees contribution claim <u>because that claim appeared to be valid on its face</u>." (Wellington Affidavit p. 8 ¶ 34). Furthermore, the defendant counsel, Attorney Wellington, stated in open court on January 24, 2002 on court record that, ". . . But (the Court) allowed that claim to be amended to add the water usage fees. So therefore, the claim that's now before the Court in the amended complaint is simply and extension of the prior claim that is before the Court." (Court transcript dated January 24, 2002,

8