federal court can impose sanctions against both the party and the attorney for bad faith conduct. Link, No. 422, 1962 U.S. LEXIS 849, at *13.

> **v.   The "clean hands" doctrine also provides a basis for the imposition of sanctions on both a plaintiff and his attorney pursuant to the inherent power of the court.**

Plaintiffs' CERCLA Section 113 contribution claim invoked the equitable jurisdiction of a district court. The equity of the court is not available to a party who exhibits bad faith conduct with regard to the litigation. However, this maxim does not apply to the case at hand since Barden has failed to provide any concrete evidence of bad faith on the part of the Plaintiffs or Plaintiffs' Counsel. For a court to uphold a finding of bad faith, there must be clear evidence that the challenged actions were entirely without color and were taken for reasons of harassment or delay, or for other improper purposes. Oliveri, 803 F.2d at 1272. Barden's assertion that the action was totally frivolous and alleged for the sole purpose of coercing settlements is totally baseless and not supported by any credible evidence. All of the allegations in the complaint were accurate, not fabricated, and no defendant that settled with the Plaintiffs ever claimed that the settlement was forced or coerced. Barden did not offer or introduce any direct evidence that the Plaintiffs' Counsel or Plaintiffs manipulated the Court to obtain the settlements or strong-armed the defendants that chose to settle into reaching an agreement. In alleging that the settlements were baseless, Barden's Counsel is again giving the appearance that he is assuming the role of lead counsel and that he knows what is in the best interests of clients that he was not retained to represent.

### C. Alternatively, attorneys may be sanctioned for conduct pursuant to applicable federal and local rules of civil procedure and/or pursuant to 28 U.S.C. § 1927.

#### i. Rule 11(b).

A pleading, motion, or other paper violates Rule 11 either when it has been Interposed for an improper purpose, or where, after a reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. When a complaint is at issue, the court must first find that the complaint was frivolous and filed for an improper purpose. Neither the Superior Court nor the District Court made a finding that the complaint was frivolous, rather, the judge stated at the conference on January 24, 2002 he could not guarantee that Plaintiffs would not be successful if they appealed the ruling on the motion to dismiss. The defendant Barden Corporation and its counsel admitted and conceded that Plaintiffs' claim is not frivolous by stating in the affidavit signed and submitted by Attorney Wellington in support of his motion that "Barden Counsel had concluded that it would not be appropriate to ask the Court to reconsider its decision to allow the Plaintiffs to bring their water usage fees contribution claim <u>because that claim appeared to be valid on its face</u>." (Wellington Affidavit p. 8 ¶ 34). Furthermore, the defendant counsel, Attorney Wellington, stated in open court on January 24, 2002 on court record that, ". . . But (the Court) allowed that claim to be amended to add the water usage fees. So therefore, the claim that's now before the Court in the amended complaint is simply and extension of the prior claim that is before the Court." (Court transcript dated January 24, 2002,

8

p. 7 lines 12-16). Rule 11 is only violated when it is patently clear that a claim has absolutely no chance of success. <u>Oliveri</u>, 803 F.2d at 1275. In the case at hand, there was no evidence that Plaintiffs' claims had absolutely no chance of success, and thus, there is no Rule 11 violation.

Rule 11 also requires that the attorney must conduct a reasonable inquiry prior to filing the complaint. Barden has not presented any clear, direct or credible evidence that Plaintiffs' Counsel failed to conduct a reasonable inquiry prior to filing the complaint. Plaintiffs' Counsel confirmed via EPA manifests the fact that Barden deposited hazardous materials and/or waste materials at the site, and that Plaintiffs had expended funds with regard to the investigation and clean up efforts of the spill. Therefore, since no Rule 11 violation occurred, there should be no imposition of sanctions against Plaintiffs and Plaintiffs' Counsel.

Courts have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and taken for reasons of harassment or delay, or for any improper purpose. <u>Oliveri</u>, 803 F.2d at 1272. Rule 11 requires a finding of clear evidence before sanctions are imposed. Barden has failed to present clear, direct, and credible evidence of any improper purpose or any evidence that the filing of Plaintiffs' complaint was for the primary purpose of coercing settlements. No defendant that attended the court scheduled settlement conferences and reached a settlement agreement ever asserted that they were coerced or strong-armed into settling with the Plaintiffs. Since Barden has failed to present clear evidence of improper purpose, there is no Rule 11 violation.

      **ii.**    **LRCP 31(a).**