Local Rule of Civil Procedure 31(a) states that the court may impose Sanctions against counsel who disobeys a court order or intentionally obstructs the effective and efficient administration of justice. Plaintiffs' Counsel at no time disobeyed a court order nor did he intentionally obstruct the effective and efficient administration of justice, rather, Plaintiffs' Counsel complied with every court order including the Court's scheduling of settlement conferences to promote the speedy resolution of the action. There is no clear evidence offered by Barden to support such an allegation of a violation of Rule 31(a) on the part of Plaintiffs' Counsel. On the other hand, Barden's Counsel continues to burden the Court's time and resources by submitting discovery requests when in fact, Judge Thompson specifically told Barden's Counsel that such requests for discovery would be costly and then suggested an expeditious way to resolve the matter. (See transcript dated January 24, 2002, p. 10 lines 20-22). Judge Thompson further stated on January 24, 2002 at the status conference, "Moreover, I mean I really don't see any point to any further litigation here. It seems to me that if all parties who remain jointly offered and paid the plaintiff $900.37, there would be no issue for me to resolve . . . I wouldn't have to go back and analyze the other settlements . . . I would simply just dismiss those cases . . . But that seems to me that would resolve things without the need to conduct discovery and without the need for me to try and go through and analyze, you know, whether he has gotten the $900.37 from some other party. (Court transcript January 24, 2002, p. 8 lines 12-25). Judge Thompson continued, "What I was suggesting was a very expeditious way of making sure that issue is moot. There is no issue if the $900.37 is paid." (Court transcript January 24, 2002,

p.10 lines 20-25). Rather than following the Court's advice and suggestions to resolve all issues in an expeditious manner, Barden's Counsel intentionally obstructs the efficient and effective administration of justice by requesting that discovery be conducted.

      iii.    28 U.S.C. § 1927.

Section 1927 states that any attorney who so multiplies the proceedings so as to increase costs unreasonably and vexatiously may be required to satisfy the costs. However, Barden does not ask the Court to impose sanctions under § 1927 and thus there is no need for Plaintiffs' Counsel to address this section.

    D.    **Type and extent of sanctions that may be imposed for bad faith conduct during the course of litigation.**

      i.    A district court may impose monetary sanctions for bad faith conduct.

An inherent power award may be imposed either for commencing or continuing an action in bad faith, vexatiously, wantonly, or for oppressive reasons. Oliveri, 803 F.2d at 1272. Courts have declined to uphold awards under the bad-faith exception without both clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment, delay, or other improper purposes. Id. Parties may also be sanctioned for abuses of process occurring beyond the courtroom, such as disobeying a court order. Chambers, No. 90-256, 1991 U.S. LEXIS 3318, at *54. The court may assess as a sanction for a party's bad-faith conduct, attorney's fees and related expenses. Chambers, No. 90-256, 1991 U.S. LEXIS 3318, at *9. However, there must be clear evidence, not

speculation. Barden's Counsel has failed to present any clear evidence of bad faith conduct as defined in previously noted cases.

### ii. Monetary sanctions may be imposed on an attorney and on his clients jointly for bad faith conduct during the course of litigation.

The district court may impose an appropriate sanction and is empowered to exercise its discretion. Cooter, No. 89-275, 1990 U.S. LEXIS 3088, at *33. Sanctions in the form of attorney's fees and costs may be imposed against a party and his counsel for engaging in bad faith conduct. Cooter, No. 89-275, 1990 U.S. LEXIS 3088, at *14. The sanctions may be apportioned between the client and his attorney; however, a finding of bad faith conduct via clear, direct, and credible evidence is required. Barden has failed to meet that requirement; however, the court cannot rule based on speculation.

### iii. Monetary sanctions should only be imposed in an amount necessary to deter future conduct.

The central purpose of Rule 11 is to deter baseless findings in court and streamline the administration and procedure in federal courts. Advisory Committee Notes on Rule 11, 28 U.S.C. App., p. 576. The Court takes into consideration the financial resources of the individual subject to sanctions through its inherent power. Barden has not produced any clear, direct, and credible evidence that Plaintiff and Plaintiffs' Counsel should be sanctioned. Although some of the cases were non-suited in Superior Court, the Court indicated that Plaintiffs could revise the complaint within four months if they chose to do so. Moreover, the defendant admitted and stated that these allegations are not sanctionable here. Plaintiffs were not ejected from state court as Barden's Counsel alleged and there is no proof of a

12