"shakedown scheme." Since Barden's Counsel have indicated that none of the actions were sanctionable in state court, it is irrelevant and immaterial to mention it or to pursue sanctions in federal court. Barden's Counsel is trying to manipulate the court to administer improper sanctions. All of the allegations are based on inferences and speculation rather than clear evidence which is required for the imposition of sanctions.

### E. Procedural safeguards.

Sanctions should not be assessed lightly or without fair notice and an opportunity for a hearing on the record. Roadway, No. 79-701, 1980 U.S. LEXIS 137, at *30. A court must exercise caution in invoking its inherent power, and it must comply with the mandates of due process. Chambers, No. 90-256, 1991 U.S. LEXIS 3318, at *39. In order not to deter persons with colorable claims from pursuing those claims for fear of a sanction in the form of a post litigation award of attorney's fees, the court must make highly specific findings based on clear evidence in the record that the conduct was entirely without color and taken for reasons of harassment, delay, or other improper purposes. Oliveri, 803 F.2d at 1272.

### IV. APPLICATION OF THE LAW OF SANCTIONS TO THE RELEVANT FACTS IN THIS MATTER.

#### A. Introduction.

The purpose of the imposition of sanctions is to deter baseless filings of complaints in court and promote the efficient and expeditious administration of justice. However, the inherent power to impose sanctions should be exercised with caution so as not to deter individuals with colorable claims from pursuing them.

13

Before sanctions can be imposed, the court must first make a finding of highly specific factual findings based on clear evidence, not speculation or inferences.

Barden has failed to present specific factual findings of bad faith conduct or an improper purpose based on clear evidence. Instead, Barden's Counsel continues to allege via inferences that the complaints were filed for the sole purpose of harassment and that attorneys experienced in environmental law were pressured into settling with the Plaintiffs. However, none of those attorneys ever claimed that they were strong-armed into reaching an agreement through court scheduled settlement conferences, and it is inappropriate to insinuate that they acted contrary to the best interests of their clients.

**B.    Monetary sanctions should not be imposed on Attorney Umeugo due to the fact that there was no improper conduct throughout the course of this litigation.**

Attorney Umeugo has not acted in bad faith and did not manipulate the judicial system to gain an unfair advantage over Barden and the other defendants named in the Plaintiffs' federal complaints throughout the course of this litigation. According to the Court's January 7, 2002 ruling, Barden Corporation's motion to dismiss was granted; however, the Plaintiffs were granted leave to amend the complaint. There was no finding by the Court that the complaint was frivolous and Barden's Counsel did not offer any evidence that Attorney Umeugo did not perform even a cursory investigation into the relevant law and facts. The pleadings were not frivolous because the terms of CERCLA provide recovery for response costs incurred by the Plaintiffs, and it was up to the Court to decide which of the costs incurred could be termed response costs. Attorney Umeugo, in his clients'

14

memorandum in opposition to Barden's motion to dismiss, cited decisions from the fourth and ninth circuits. While those decisions may not be controlling, the Second Circuit can look to the fourth and ninth circuits when rendering its decision. Attorney Umeugo did not engage in any conduct classified as bad faith such as generating pleadings containing deliberate untruths and fabrications, failing to appear in court or complying with court orders, intentionally withholding information from the court, engaging in delaying or harassment tactics, or wasting financial resources by disobeying court orders. Attorney Umeugo consulted the EPA's manifests to accurately determine the amount of hazardous waste materials that were deposited on site by the Barden Corporation, that the Barden Corporation had in fact deposited waste materials on site, and that the Plaintiffs had expended funds in the effort to investigate the extent of the pollution and the clean up efforts prior to filing the complaint against Barden Corporation.

Attorney Umeugo did not manipulate the judicial system. Barden Corporation did incur unnecessary expenses after January 24, 2002 when they filed a request for discovery in order for the court to determine how much money the Plaintiffs had received via settlements. This request came after Judge Thompson responded that making a determination with regard to that information would take time and cost Barden additional money and that an expeditious way of dispensing with the suit would be to offer to settle. The defendant Barden Corporation finally made and offer to settle and Plaintiffs accepted, thus there was no need for further discovery. This issue was moot. Barden's pursuit of the same discovery after