settlement is inappropriate and in violation of the spirit of the said settlement and the Court's recommendations.

### i. Attorney Umeugo's pleadings were not frivolous in nature and no bad faith conduct is evidenced.

Attorney Umeugo filed complaints in federal court against defendants who deposited differing amounts of hazardous waste and/or waste materials during different time periods. The different filings were not to avoid the possibility that a single motion by a single party could result in the dismissal of the Plaintiffs' claims as to all parties, rather it was due to the fact that some defendants with lower volumes may have been disadvantaged by being classed with defendants with larger volumes of hazardous waste and/or waste materials. Also the differing time periods that each defendant deposited hazardous waste and/or waste materials, made it impracticable to combine all of the defendants into one complaint. The law does not require the Plaintiffs to file only one lawsuit. A finding of bad faith requires clear evidence and highly specific factual findings. Barden infers or speculates reasons as to why Attorney Umeugo chose to refile the lawsuits in federal court where all of the issues could be addressed. Speculation is not clear, direct, and credible evidence, and Barden Corporation was not sued in state court.

Barden Corporation and its counsel admitted and conceded that Plaintiffs' claims were not frivolous by stating in Attorney Wellington's affidavit in support of his motion that "Barden's Counsel had concluded that it would not be appropriate to ask the Court to reconsider its decision to allow the plaintiffs to bring their water usage fees contribution claim because that claim appeared to be valid on its face." (Wellington Affidavit p.8 ¶ 34). Furthermore, the defendant counsel, Attorney

Wellington, stated in open court on January 24, 2002 on the court record that, ". . . but (the Court) allowed that claim to be amended to add the water usage fees. So therefore, the claim that's now before the Court in the amended complaint is simply an extension of the prior claim that is before the court." (Court transcript January 24, 2002, p.7 lines 12-16)

CERCLA Section 113 allows a potentially responsible party to recover funds paid toward the investigation and clean up efforts of a hazardous spill. Attorney Umeugo was informed by the EPA of the proposed consent decree, and those who reached a settlement with the EPA were notified that the protection offered by the consent decree did not necessarily cover all claims by the Plaintiffs. At that point, the Plaintiffs were in discussions with the EPA regarding a possible settlement. Plaintiffs were not pressuring Barden Corporation to pay its fair share twice; the complaint alleged a state common law claim in addition to the CERCLA contribution claim.

The Plaintiffs' objection to Barden's motion to dismiss cited decisions from the fourth and ninth circuits. While those decisions may not have been controlling, the second circuit can look to those holdings when rendering its decision. The Court granted Barden's motion to dismiss while granting the Plaintiffs leave to amend the complaint.

After receiving the Court's January 7, 2002 ruling on Barden's motion to dismiss, Attorney Umeugo followed the Court's instruction and filed an amended complaint. The federal court did not rule on whether or not it had subject matter jurisdiction and allowed the Plaintiffs to file the amended complaint. The original

17

complaint filed by the Plaintiffs did not contain any untruths or fabrications and following the Court's permission to file the amended complaint is not evidence of bad faith conduct.

        **ii.    Attorney Umeugo did not exhibit bad faith through his rejection of Barden Corporation's settlement offers.**

The Plaintiffs did reject the offer to settle with Barden Corporation in the amount of $900.37 on January 15, 2002 and twice on January 16, 2002 for a total of three times based on the fact that they needed more than 72 hours to determine their options.

Attorney Umeugo did participate in the Court-scheduled settlement conferences during the Court's January 16, 2002 status conference. Following the conference, Attorney Umeugo filed the amended complaint. At the status conference on January 24, 2002, Barden's Counsel withdrew or removed the offer to settle (See transcript dated January 24, 2002 page 6 lines 17,18). Barden Corporation did incur additional attorney's fees after January 16, 2002 and when they requested that the court determine how much money the Plaintiffs had received via settlements at the conference on January 24, 2002, Judge Thompson responded that making a determination with regard to that information would take time and cost Barden additional money and that an expeditious way of dispensing with the suit would be to offer to settle again. Barden's Counsel did offer to settle again in the amount of $900.37 and Plaintiffs accepted the settlement. This settlement agreement was reached ten days after the original offer was made and the Plaintiffs had an opportunity to consider their options. The Federal Rule of Civil Procedure Rule 3 gives litigants 30 days to file an appeal, and 30 days is considered