reasonable. Therefore, Plaintiffs' accepting an offer to settle within 10 days of its

offer is also reasonable. Barden is continuing to incur additional attorney's fees by

renewing its request for discovery, despite Judge Thompson's statement that things

could be resolved without the need to conduct discovery by reaching a settlement

and dismissing the cases. (See transcript dated January 24, 2002 p. 8 lines 21, 22).

Barden's Counsel presented to the Court that there would be no other motions at the

January 24, 2002 conference, and yet a motion for discovery was filed by Barden's

Counsel with the Court on February 27, 2002 (See transcript dated January 24, 2002

p. 13 lines 14, 15).

### C. Monetary sanctions should not be imposed on the Plaintiffs for their conduct and that of their attorney throughout the course of this litigation.

The Plaintiffs should not be sanctioned due to the fact that there was no

evidence of misconduct in the course of this litigation. There were no ill-gotten

gains and none of the settling parties ever made an expression to that effect.

Plaintiffs did freely select Attorney Umeugo to represent them in the filing of the

federal court complaint and Barden was not a party to the Superior Court

proceedings.

### i. The Plaintiffs knew and were aware that there was no scheme to induce baseless settlements.

The Plaintiffs freely selected Attorney Umeugo to represent them in this

litigation. The Plaintiffs' Counsel did not engage in any misconduct when they

participated in Court-scheduled settlement conferences and reached agreements with

some of the defendants. There was no scheme to induce or strong-arm settlements

from defendants, and none of the defendants who settled ever stated that they were

strong-armed.  In alleging that the settlements were baseless, Barden's Counsel is again giving the appearance that he is assuming the role of lead counsel and that he knows what is in the best interests of clients that he was not retained to represent. Counsel for the defendants who settled with the Plaintiffs have a great deal of experience in environmental law and presumably acted in the best interests of their clients.  To state otherwise would be to infer that those attorneys were delinquent in their responsibilities to their clients.

ii.     **Plaintiffs should not be sanctioned under a principal/agent theory.**

Barden has not presented any clear evidence of bad faith conduct on the part of Plaintiffs' Counsel, and therefore, there should be no imposition of sanctions. While a client has the right and the duty to control the actions of his attorney-agent, Plaintiffs should not be sanctioned because the actions of the attorney are not sanctionable.  Plaintiffs' Counsel did not manipulate the judicial system, rather, Plaintiffs' Counsel complied with every order from the Court.  The Plaintiffs have not reaped a windfall and their attorney did not engage in bad faith conduct.  If Barden Corporation had truly felt that $52,000 dollars was a windfall, then Barden would not have offered Plaintiffs a settlement of $900.37.  Additionally, even though a suit was never filed against Barden in state court, the state court and the federal court never found that Attorney Umeugo's conduct was unethical at any time.

D. **A monetary sanction in the amount of attorney fees and costs incurred by Barden Corporation should not be imposed as a sanction in this matter.**

20

The Supreme Court has repeatedly upheld the award of attorney's fees and costs as an appropriate sanction for bad faith conduct in litigation. The goal of sanctions is to deter misconduct; however, it should be exercised with caution so as not to deter individuals with claims from pursuing them. Sanctions should not be imposed on the Plaintiffs and their counsel in the amount of attorney's fees and costs because it was not established and/or patently clear that the claims had absolutely no chance of success, and Judge Thompson further stated at the conference on January 24, 2002, that the Plaintiffs still had the ability to appeal the ruling on the motion to dismiss and that he could not guarantee that the Plaintiffs would not be successful on appeal. (See transcript dated January 24, 2002 p. 8 lines 2-6). Sanctions should also not be awarded because the Plaintiffs and their counsel did not engage in bad faith conduct.

### E. Attorney Umeugo and the Plaintiffs should not be held jointly liable for the payment of the monetary sanctions requested in this matter.

Plaintiffs and their counsel's conduct is not sanctionable because there is no evidence of bad faith, and all of the court orders were fully complied with, and settlement conferences with defendants were scheduled by the Court to resolve the matter in an expeditious fashion. Plaintiffs and Plaintiffs' Counsel respectfully request that no monetary penalty be imposed as a sanction on Plaintiffs and Attorney Umeugo.

### F. Relevant evidence with regard to the imposition of sanctions.

Relevant evidence is evidence that helps persuade the trier of the existence (or nonexistence) of some fact that is germane to the dispute between the parties. Furthermore, the Federal Rules of Evidence 401 which governs proceedings in