United States Courts and has been adopted in many states says that "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." If evidence is not relevant, it is not usable or admissible. The law restricts evidence to that which is relevant based on the goal of efficiency. "It is wasteful to receive irrelevant evidence since it has no appropriate bearing on the case, [and] the restriction also furthers the objective of rational factfinding within the framework of the substantive law. The admission of evidence that does not rationally assist in the resolution of pertinent factual issues raises unnecessarily the possibility of inappropriate use by the trier." Graham C. Lilly, Introduction to the Law of Evidence, 23, 24 (1987).

This general rule of evidence applies to the Barden's motion for sanctions. Barden's Counsel admitted and/or conceded in its motion for sanctions that his allegations regarding what occurred in the Superior Court with complaints filed with the said court were unsanctionable. Logically, such allegations are irrelevant to determine alleged sanctionable conduct here in the Federal District Court.

Therefore, it is clear that it is a wasteful exercise to receive such irrelevant evidence since it has no appropriate bearing on the case or imposition of sanctions. Further, the admission of such evidence or unsubstantiated allegation(s) does not rationally assist in the resolution of pertinent factual issues, rather it raises unnecessarily the possibility of an inappropriate use by the trier. The alleging of or mentioning of such unsanctionable conduct is simply an act to mislead the Court.

The defendant Barden Corporation and its counsel's argument of bad faith litigation are entirely and largely based on allegations (Connecticut State Superior Court Complaints) which he admittedly stated were not sanctionable here and is not requesting for sanctions on said allegations. He also admitted that his allegations are based on inference, not on direct evidence. Since the defendant Barden Corporation and its counsel knew and admitted that these allegations are not germane to the imposition of sanctions and they were not direct evidence as mandated or required by law, it is unequivocally clear that Attorney Wellington and his client, Barden Corporation, are making a systematic effort to manipulate the judicial system and this Court (Federal District Court). It is an abuse of judicial process to act on or engage in inappropriate use of irrelevant and unsubstantiated allegations and arguments to impose sanctions.

Simply put, the defendant Barden Corporation's arguments have no merit, but are designed to malign Plaintiffs and their Counsel. The defendant Barden Corporation admitted in its motion and the pleadings (i.e. Defendant's motion for discovery request p.2 lines 2-5) that "in a number of situations, Barden has inferred several of these facts and has no direct evidence as to the points addressed in Barden's motion."

It is a general established rule that the more inferences one must draw to reach the desired conclusion, the weaker the probative force. The weaker each inferential link, (that is, the less likely each sequential inference is derived from the basic fact), the less the probative force.

We have a rational system of evidence which forbids receiving and using anything irrelevant or not logically probative. Inconsequential evidence or allegations that would distract the trier's attention from the main issues are excludable and should not be considered or mentioned, i.e. unsanctionable allegations or conduct.

## V. CONCLUSIONS.

For the foregoing reasons, Plaintiffs and Plaintiff's Counsel respectfully request that sanctions not be imposed upon Plaintiffs and Attorney Umeugo due to the fact that there has been no clear, direct or credible evidence presented of bad faith conduct and no specific findings of fact.

Respectfully submitted,

_____

Ikechukwu Umeugo
Umeugo & Associates, P.C.
840 Orange Avenue, 2nd Floor
West Haven, CT 06516
ATTORNEY FOR THE PLAINTIFFS,
RALPH BELLO AND VERA
ASSOCIATES LIMITED
PARTNERSHIP
(203) 931-2680; Fed. Bar# ct 04536

24

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed postage prepaid, this 29th day of April 2002, to Attorney Joseph A. Wellington, Carmody & Torrance, LLP, 50 Leavenworth Street, P.O. Box 1110, Waterbury, CT 06702.

_____
Ikechukwu Umeugo