```
              UNITED STATES DISTRICT COURT

                 DISTRICT OF CONNECTICUT
------------------------------*
RALPH BELLO, et al,

          Plaintiffs,
                                    3:01CV1531(AWT)
vs.                                 JANUARY 16, 2002
                                    HARTFORD CONNECTICUT

BARDEN CORPORATION,

          Defendant.
------------------------------*
```



BEFORE:

    HON. ALVIN W. THOMPSON, U.S.D.J.

### TRANSCRIPT EXCERPT OF STATUS CONFERENCE

APPEARANCES:
FOR THE PLAINTIFFS:

    UMEUGO & ASSOCIATES, P.C.
    BY:  IKECHUCKWU UMEUGO, ESQUIRE
         CHRISTINE BENHAM, ESQUIRE
        840 Orange Avenue
        New Haven, Connecticut    06516

FOR THE DEFENDANTS, Barden Corporation, 01-CV-1521(AWT)
                Winsted Precision, 01-CV-1541(AWT):

    CARMODY & TORRANCE
    BY:  JOSEPH A. WELLINGTON, ESQUIRE
        50 Leavenworth Street
        Waterbury, Connecticut    06721-1110

FOR THE DEFENDANT, In & Out Lube, 3-01-1521(AWT):

    LaBELLE, LaBELLE, NAAB & HORVATH
    BY:  LEONARD M. HORVATH, ESQUIRE
        295 East Center Street
        Manchester, Connecticut    06040
                Corinna F. Thompson, RPR
                Official Court Reporter

that, what would be the reasonable amount of attorneys' fees and costs that they would put forth?

THE COURT: I would suggest that you put to them and you sit down and do an analysis as to what you'd like to recover as a settlement and divide the amounts by the number of defendants you have left and offer them each to settle for that amount.

MR. UMEUGO: If we go forward, for example.

THE COURT: I would suggest you try do that before the 25th.

MR. UMEUGO: Would that be attorneys' fees?

THE COURT: I wouldn't try and categorize it by attorneys' fees, because if you talk to them about getting your attorneys' fees, their clients are already mad. They may dig their heels in.

MR. UMEUGO: Just costs, just put cost of litigating?

THE COURT: I don't know. I can't really advise you.

MR. UMEUGO: What I'm saying, Your Honor, is as we try to resolve this and try to see if we can deal with this, we've got to put a figure on that for that.

THE COURT: They've made you an offer. I mean, if Mr. Wellington was willing to settle for the 900 and some dollars, if they were all willing to do that, and you

smart, they will simply file a motion to consolidate the cases so it's clear that you put all those cases together and you add them up and you get $985. They can appoint one counsel as lead counsel, put their expenses down much lower and your leverage for settlement negotiations has just evaporated.

 MR. UMEUGO: I understand. What I'm saying is that one decides to go forward on that, right, you indicate that they can consolidate and have one individual represent them, but what I'm talking about are about the costs incurred.

 THE COURT: The costs incurred by whom?

 MR. UMEUGO: By the plaintiff.

 THE COURT: Well, I'm sure -- I'm sure that what they will argue is that they will make an equitable argument. They will make an equitable argument. Mr. Wellington stood up today and said, I've offered them all the money that they are seeking on that count, although not attorneys' fees, and I'm sure I'll get an equitable argument. Then I'll have to make a decision as to what's reasonable attorneys' fees to incur to recover 900 some dollars.

 MR. UMEUGO: So what I'm suggesting is, assuming that if you want to talk with them prior to the settlement conference, and talk to them about if one goes forward with