UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - -
RALPH BELLO AND VERA ASSOCIATES          :
LIMITED PARTNERSHIP,                     :
                                         :
            Plaintiffs,                  :
                                         :
        v                                :    3:01cv01531 (AWT)
                                         :
BARDEN CORPORATION,                      :
                                         :
            Defendant.                   :
- - - - - - - - - - - - - - - - - - -

**ORDER RE BARDEN CORPORATION'S
APPLICATION FOR ATTORNEY'S FEES AND EXPENSES**

Barden Corporation has applied, pursuant to the court's Ruling on Motion for Sanctions (the "Ruling") (Doc. No. 72), for a total of $124,482 in attorney's fees and costs. Barden Corporation seeks an award in this amount against the plaintiffs' counsel and plaintiffs Ralph Bello and Vera Associates Limited Partnership. For the reasons set forth below, its application is being granted in part and denied in part.

As an initial matter, the court notes that Barden Corporation has submitted a detailed fee application that sets forth all of the information needed by the court to utilize the "lodestar" approach. See City of Detroit v. Grinnell Corporation, 495 F.2d 448, 470-73 (2d Cir. 1974) ("Grinnell I"), and City of Detroit v. Grinnell Corp., 560 F.2d 1093, 1098-99 (2d Cir. 1977) ("Grinnell II"). "Under the lodestar approach,

-1-

attorneys' fees are calculated by multiplying the number of billable hours that the prevailing party's attorneys spend on the case by 'the hourly rate normally charged for similar work by attorneys of like skill in the area.'" New York Ass'n for Retarded Child v. Carey, 711 F.2d 1136, 1140 (2d Cir. 1983) (quoting Grinnell II, supra, 560 F.2d at 1098).  Once the lodestar has been computed, a court may adjust the fee award upward or downward, taking into account other factors.  Id. "[A]ttorney's fees are to be awarded 'with an "eye to moderation" seeking to avoid either the reality or the appearance of awarding "windfall fees."'" New York Ass'n for Retarded Child., supra, 711 F.2d, at 1139 (quoting Beazer v. New York City Transit Authority, 558 F.2d 97, 101 (2d Cir. 1977), in turn quoting City of Detroit v. Grinnell Corp., supra, 495 F.2d, at 469-70).

　　The opposition to Barden Corporation's application merely contends that no sanction should have been imposed.  It does not point to any deficiencies in the application itself, other than to comment that the amount being sought for work on the sanctions motion is excessive.

　　Barden Corporation seeks $54,604 in attorney's fees for work in defending the plaintiffs' claims.  It also seeks payment of total expenses of $12,588, which represents expenses incurred in connection with both defense of the plaintiffs' claims and the motion for sanctions.  The court concludes that 100% of these

amounts should be awarded against both plaintiffs' counsel and the plaintiffs.  As is recited in detail in the Ruling, the plaintiffs brought actions against a great number of defendants.  In view of the fact that the arguments raised by the defendants in defending approximately 34 cases filed by the plaintiffs were identical, the court selected the case in which Barden Corporation was a defendant as the case in which to address the issues.  Thus, Barden Corporation was drafted into serving in a role that facilitated the handling of the cases for both the court and the defendants in all of the other lawsuits.  By virtue of the fact that Barden Corporation incurred significant expenses, numerous other defendants were spared incurring a greater expense.

Barden Corporation seeks $57,291 for attorney's fees incurred in connection with the motion for sanctions.  As noted above, the plaintiffs contend this amount is excessive.  The court agrees that the amount being sought for attorney's fees in connection with the motion for sanctions is very substantial and could be perceived as excessive.  Although an award in that amount would not constitute "windfall fees" considering the amount of work that went into preparation of the motion for sanctions, it could give such an appearance.  In briefing the motion for sanctions, Barden Corporation was required to address the various bases on which sanctions could be imposed in order to

properly prepare the motion. Barden Corporation was also required to review complex factual contentions to support its claim for sanctions, which is consistent with the extensive discussion required for purposes of the Ruling. In addition, Barden Corporation is the only defendant seeking sanctions against the plaintiffs and their counsel, and this is a situation where sanctions arguably could have been properly sought in over 30 cases; looked at in that context, the total amount requested for attorney's fees would average less than $4,000 per case. Finally, the conduct by both the plaintiffs and plaintiffs' counsel is conduct that should be deterred; such conduct will not be deterred if those who are victims of such conduct are reluctant to pursue proper claims for sanctions with respect to such conduct because they will not be able to recover the expense of obtaining the sanction. This concern is consistent with Fed. R. Civ. P. 11(c)(1)(A), which provides that "[i]f warranted, the court may award to the party prevailing on the motion [for sanctions] the reasonable expenses and attorney's fees incurred in presenting or opposing the motion," and cases such as <u>Harb v. Gallagher</u>, 131 F.R.D. 381 (S.D.N.Y. 1990) and <u>Schottenstein v. Schottenstein</u>, 230 F.R.D. 355 (S.D.N.Y. 2005), where there was an award of attorney's fees for time spent on motions for sanctions. For all of these reasons, the court concludes under the circumstances of this case, Barden Corporation is not being

unreasonable in seeking full reimbursement for the attorney's fees incurred in connection with the motion for sanctions. However, it also seems to the court that the amount of fees awarded for pursuing a motion for sanctions should be less than the amount incurred in defending the case unless the party being sanctioned caused the expense for the motion for sanctions to escalate.

The court also considered the billing rates for the work performed, i.e. $275 per hour for work by a partner, and $130 per hour for work performed by a legal assistant.  Most of the expense here (approximately 64%) is billing by the partner on the matter, and the rate of $275 per hour is quite reasonable; the rate for the legal assistant appears to be at the high end of the range.  Balancing all the competing factors, the court concludes that the attorney's fee award for work on the motion for sanctions should not exceed 60% of the amount of the attorney's fee award for work on the underlying case, i.e. $32,762.

Also, in the Ruling, the court distinguished between the role played by the plaintiffs and that played by plaintiffs' counsel.  For that reason, the court awards the $32,762 for attorney's fees incurred in connection with the motion for sanctions against plaintiff's counsel only.

Accordingly, Barden Corporation's Application for Attorney Fees and Expenses (Doc. No. 77), is hereby GRANTED in part and

DENIED in part.  Attorney's fees and expenses in the total amount of $99,954 are awarded against plaintiff's counsel, Attorney Ikechukwu Umeugo, and attorney's fees and expenses in the amount of $32,762 are awarded against plaintiffs Ralph Bello and Vera Associates Limited Partnership.

    It is so ordered.

    Dated this 28th day of September 2006 at Hartford, Connecticut.

                                      /s/AWT
                         Alvin W. Thompson
                   United States District Judge