UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RALPH BELLO AND VERA ASSOCIATES LIMITED PARTNERSHIP,<br>　　　　　　　　　　Plaintiffs<br>　　　v<br><br>BARDEN CORPORATION<br>　　　　　　　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br><br>3:01CV01531 (AWT)<br><br><br><br>October 16, 2007 |

### MEMORANDUM IN SUPPORT OF BARDEN CORPORATION'S MOTION FOR AN ORDER REQUIRING ATTORNEY IKECHUKWU UMEUGO TO POST A BOND FOR COSTS ON APPEAL

Pursuant to the Court's inherent power and Fed. R. App. P. 7 ("Appellate Rule 7"), Barden Corporation ("Barden") has this date respectfully moved for an order compelling Attorney Ikechukwu Umeugo to post a bond for appellate costs in the amount of $20,000. Barden has also respectfully requested that said order expressly provide that the costs covered by said bond include its attorney fees on appeal[1] and a finding that the appeal that Attorney Umeugo has brought is frivolous.

### PROCEDURAL STATUS OF CASE

The Court granted Barden's motion for the imposition of sanctions against Attorney Umeugo and his clients for bad faith litigation conduct by its ruling dated September 29, 2006 (the "Ruling"), 2006 WL 2827091. Attorney Umeugo filed notice of appeal of the Ruling to the Second Circuit Court of Appeals on October 27, 2006 (the "Umeugo Appeal"). See Exhibit A. The Umeugo Appeal was assigned Docket Number

---

[1] The $20,000 sum represents Barden's reasonably anticipated fees and costs that will be incurred in defending Attorney Umeugo's appeal.

CARMODY & TORRANCE LLP
Attorneys at Law
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

06-5013-cv. See Exhibit B. That appeal was removed from active consideration without prejudice and with leave to reactivate during December 2006. See Id. The appeal was removed from active consideration by stipulation pending the Court's ruling on Barden's application for fees and expenses. The Umeugo Appeal was reactivated on September 21, 2007. See Exhibit C. Attorney Umeugo has appeared pro se before the Second Circuit Court of Appeals. See Exhibit D.

Barden filed an application for award of attorney fees and litigation expenses as a sanction following the entry of the Ruling. The Court handed down its order awarding fees and expenses against Attorney Umeugo and his clients on September 28, 2007 (the "Order"). Barden has filed a motion seeking clarification of the Order with respect to the award against the plaintiffs. That motion is of even date herewith.

## DISCUSSION

Appellate Rule 7 is styled "Bond for Costs on Appeal in Civil Case" and provides in pertinent part that:

> In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.

Barden is seeking an order which would require Attorney Umeugo to provide a bond under Appellate Rule 7 to cover the costs that Barden will incur to address the issues raised by the Umeugo Appeal. Barden is specifically seeking the inclusion of its attorney fees on appeal as an element of that Bond and a finding that the Umeugo Appeal is frivolous. Barden is seeking such an order for several reasons including, but not limited to, the following:

CARMODY & TORRANCE LLP
Attorneys at Law
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

2

1. The Ruling discusses in detail the legal precedent and the specific facts of record that the Court relied upon to determine that Attorney Umeugo engaged in bad faith litigation conduct during the trial phase of this case and that he should be sanctioned for that conduct under the inherent power of the court.[2]

2. The Order discusses in considerable detail the factual and legal bases of the Court's determination that monetary sanctions in the amount of $99,954 should be imposed on Attorney Umeugo for that conduct.

3. Attorney Umeugo is challenging the Ruling on the ground that there is no credible or competent evidence to support the Court's determinations that he engaged in bad faith litigation conduct. See Exhibit A.

4. If the Umeugo Appeal is found to be frivolous, the Second Circuit can award just damages and single or double costs to Barden pursuant to Fed. R. App. P. 38 ("Appellate Rule 38").

5. If the Second Circuit affirms the Ruling (and, if challenged, the Order), the costs of appeal can be taxed against Attorney Umeugo pursuant to Fed. R. App. P. 39 ("Appellate Rule 39").

6. Controlling Second Circuit case law provides that a district court can require that a party who is appealing one of its decisions provide a bond for the costs that the appellee will incur during that appeal pursuant to Appellate Rule 7 if the district court determines that the appeal is frivolous and/or its is unlikely that the appellant will prevail on appeal.

---

[2] See Oliveri v. Thompson, 803 F2d 1265, 1272 (2nd Cir. 1986) (Prior to imposing sanctions on an attorney and/or his clients for attorney fees and costs under the inherent power of the court, the court must make highly specific factual findings based on clear evidence in the record that the conduct was entirely without color and was taken for an improper purpose).

CARMODY & TORRANCE LLP
Attorneys at Law
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

3

Barden's discussion begins with an analysis of the controlling case law which applies to the points raised above.

## ARGUMENTS

I.  **THE COURT MAY PREJUDGE THE MERITS OF THE UMEUGO APPEAL AND REQUIRE THE POSTING OF A BOND IF IT IS DETERMINED THAT SAID APPEAL IS FRIVOLOUS OR THAT THE APPELLANT IS UNLIKELY TO PREVAIL ON APPEAL.**

The Second Circuit resolved the question as to whether a district court may "prejudge" the likelihood that a party will prevail on appeal prior to imposing a requirement that an appellant provide a bond to cover the appellee's costs under Appellate Rule 7 in the case of <u>Adsandi v. Miller</u>, 139 F. 3d 67, 79 (2nd Cir. 1998). The Second Circuit addressed that issue as follows:

> As for Asandi's argument that the district court is prejudging the case's chance on appeal; not only is such prejudging part and parcel of Rule 7, but this argument falls with the financial hardship argument. The only way that an appellant would have to pay any "costs" would be if he or she lost on appeal, therefore, a district court's imposition of any sort of cost bond (whether or not including attorney fees) can always be described as an implicit finding that the appellant's appeal lacks merit, or at least that the appellant represents a payment risk. <u>A district court familiar with the contours of the case appealed, has discretion to impose a bond that reflects its determination of the likely outcome of the appeal.</u> (emphasis added)

The First Circuit held in <u>Sckolnick v. Harlow</u>, 820 F 2d. 13 (1st Cir. 1987) that although the district court had not made a finding that the appeal on the merits was frivolous, a requirement to provide a bond could be imposed under Appellate Rule 7 because the appellee's motion for a bond in that matter sought security for the costs, including attorney fees, that may be awarded by the court of appeals pursuant to Appellate Rules 38 and 39. <u>Id.</u> at 15. If the Second Circuit finds that Attorney Umeugo's appeal is without

CARMODY & TORRANCE LLP
Attorneys at Law
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

4

merit and/or is frivolous, Barden will move for the payment of its appeal costs (to include attorney fees) under those rules. The bond that Barden requests would be used to provide a source of payment of any award under those rules.

## II. THE UMEUGO APPEAL IS FRIVOLOUS.

Attorney Umeugo raised various legal and factual arguments in his April 29, 2002 memorandum in opposition to Barden's motions for sanctions ("Opposition Memorandum"). Those arguments pertained both to the issue of whether he and his clients should be sanctioned for their trial conduct under the inherent power of the court and, were such sanctions found to be appropriate, whether a monetary penalty should be imposed for that conduct. Barden respectfully submits that the arguments that opposing counsel advanced in opposition to its motion for sanctions were frivolous and that his appeal is frivolous because he intends to raise the same arguments before the Second Circuit.

The essence of opposing counsel's legal arguments is as follows:

1. While a court has inherent authority to sanction, because of their very potency, inherent powers should be exercised with restraint and discretion. Opposition Memorandum at 4.

2. The Court should not impose sanctions on parties or their attorney without a showing of bad faith such as filing deliberate untruths, failing to comply with court orders, devising a scheme of obstruction, delay or harassment and/or disruptive litigation. Id. at 6.

3. For a court to uphold a finding of bad faith, there must be clear evidence that the challenged actions were entirely without color and

CARMODY & TORRANCE LLP
Attorneys at Law

195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

5

   were taken for reasons of harassment or delay, or other improper purposes. <u>Id.</u> at 7.

  4. Sanctions may be apportioned between a client and his attorney, however, a finding of bad faith conduct via direct and credible evidence is required. <u>Id.</u> at 12.

It is evident from the foregoing points that opposing counsel believed that Barden's motion for sanctions should turn on the question of whether there was credible evidence of record to support a finding of bad faith litigation conduct. This is made all the more clear by opposing counsel's concluding paragraph of the Opposition Memorandum which provides in toto that:

> For the foregoing reasons, Plaintiffs and Plaintiffs' counsel respectfully request that sanctions not be imposed upon Plaintiffs or Attorney Umeugo due to the fact that there has been no clear, direct or credible evidence presented of bad faith conduct and no specific findings of fact. <u>Id.</u> at 24

Opposing counsel advanced the same evidentiary argument at page 5 of his December 21, 2006 memorandum in opposition to Barden's application for fees and costs as follows:

> The defendant did not submit any atom of credible evidence to support its claim of bad faith litigation or conduct, harassment, or badgering or inducing other defendants to settle on the part of attorney Ikechukwu Umeugo and the plaintiffs.

The only logical conclusion to draw from the foregoing is that opposing counsel intends to appeal the Ruling on the ground that it is not supported by credible evidence of record. Such an argument is frivolous as is evident from the Court's multiple references to specific facts in record throughout the Ruling.

CARMODY & TORRANCE LLP  
Attorneys at Law  
195 Church Street  
Post Office Box 1950  
New Haven, CT 06509-1950  
Telephone: 203 777-5501

6

The Court is fully "familiar with the contours" of this case and thereby has discretion to determine the likely outcome of the Umeugo Appeal anticipating that Attorney Umeugo will raise the same legal and factual arguments as discussed above. If the Court determines that that the Umeugo Appeal is frivolous and, if the Court determines that the posting of such a bond will not unduly interfere with his right of appeal, it can order Attorney Umeugo to post an appeal bond under Appellate Rule 7 to cover the attorney fees and costs that Barden will incur to respond to that appeal.[3]

### III. THE COURT CAN ORDER ATTORNEY UMEUGO TO POST A BOND UNDER APPELLATE RULE 7 PURSUANT TO ITS INHERENT POWERS.

Barden anticipates that Attorney Umeugo will argue that <u>Asandi</u> is distinguishable from the issues raised by this motion because that case arose in a copy right context and because there was a federal statute which provided for the award of attorney fees in that matter. The Supreme Court has held that federal courts have inherent authority to award attorney fees when a party acts in bad faith, vexatiously, wantonly or for oppressive reasons.[4] Barden respectfully submits that a district court's inherent power to manage the conduct of the parties who appear before it and their counsel empowers the Court to impose a bond requirement under Appellate Rule 7 just as it does to impose sanctions for bad faith litigation conduct. That power specifically includes the ability to require that an Appellate Rule 7 bond apply to the appellee's attorney fees on appeal. This is so because

---

[3] See <u>Asandi</u> at pages 76-77 where the Second Circuit determined that the issuance of an order to post a bond under Fed. R. App. 7 does not unduly interfere with an appellant's right to bring an appeal in-and-of itself so long as there is no showing of an inability to pay the premium required to post the bond.

[4] See <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 46 (The imposition of sanctions [for bad faith, vexatiously, wantonly or for oppressive reasons] transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy).

CARMODY & TORRANCE LLP  
Attorneys at Law  
195 Church Street  
Post Office Box 1950  
New Haven, CT 06509-1950  
Telephone: 203 777-5501

7

the decision to impose such a bond is reserved to the district courts by the express language of Appellate Rule 7 and because the court's inherent power logically extends to the imposition of a bond requirement under that rule to the same extent and in the same manner as it does to award of sanctions for bad faith litigation in the first instance.

## CONCLUSION

Appellate Rule 7 provides a district court with authority to order an appellant to post a bond to provide a source of payment of the appellee's costs under Appellate Rules 38 and 39. The Second Circuit decision in <u>Adsandi v. Miller</u> provides that the district courts can prejudge the resolution of the issues the appellant is raising on appeal because they are most familiar "with the contours of a case" from which the appeal arises. Attorney fees can included among the costs that can be recovered under Appellate Rules 38 and 39 and that can be the subject of an Appellate Rule 7 order.

Barden has this date respectfully moved for the entry of an order compelling Attorney Ikechukwu Umeugo to post a bond for appellate costs in the amount of $20,000 pursuant to the Court's inherent power and Appellate Rule 7. Barden has also respectfully requested that said order expressly provide that the costs covered by said bond include its attorney fees on appeal and that the Umeugo Appeal is frivolous. Barden anticipates that opposing counsel will raise the same challenges to factual predicate that the Court relied upon to impose sanctions in the Ruling on appeal as he did at the trial level. This is especially so because opposing counsel has appeared before the Second Circuit pro se. Barden also anticipates that the Second Circuit will ultimately find those challenges to be frivolous. Such a finding would provide Barden with the ability to seek appellate costs from opposing counsel under Appellate Rules 38 and 39.

CARMODY & TORRANCE LLP
Attorneys at Law
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

8

Barden makes this request to ensure that there will be a source of payment of the costs that it has already incurred and that will continue to incur to defend the Umeugo Appeal when the Second Circuit finds that appeal to be frivolous.

                                    Respectfully submitted,

                                    David S. Hardy
                                    Federal Bar ct20904
                                    CARMODY & TORRANCE LLP
                                    195 Church Street
                                    P.O. Box 1950
                                    New Haven, CT 06509-1950
                                    ATTORNEY FOR THE DEFENDANT
                                    BARDEN CORPORATION
                                    Telephone: (203) 777-5501
                                    E-mail: dhardy@carmodylaw.com

CARMODY & TORRANCE LLP
Attorneys at Law
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

9

## CERTIFICATION

    This is to certify that a copy of the foregoing was sent by regular mail, postage prepaid, on the above date, to the following counsel of record:

Ikechukwu Umeugo
Umeugo & Associates, P.C.
840 Orange Avenue, 2nd Floor
West Haven, Connecticut 06516

                                                      David S. Hardy

CARMODY & TORRANCE LLP    195 Church Street
Attorneys at Law    Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

10

# EXHIBIT A

FORM C

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
CIVIL APPEAL PRE-ARGUMENT STATEMENT

1. SEE NOTICE ON REVERSE. 2. PLEASE TYPE OR PRINT. 3. ATTACH ADDITIONAL PAGES IF NECESSARY.

| Title of Case: Ralph Bello and Vera Associates Limited Partnership vs. Barden Corporation | District or Agency: Connecticut | Judge: Thompson |
|---|---|---|
| | Date Filed in District Court or Agency: September 29, 2006 | District Court Docket No. 3:01CV01531(AWT) |
| | Date Notice of Appeal Filed: October 27, 2006 | Is this a Cross Appeal? ☐ Yes ☒ No |

Attorney(s) for: Ikechukwu Umeugo Pro Se
Telephone: 203-931-2680
Address: 620 Boston Post Road, West Haven, CT 06516

Appellant ☒ Plaintiff ☐ Defendant: Ikechukwu Umeugo, Pro Se, 620 Boston Post Rd, West Haven, CT 06516

Appellee ☐ Plaintiff ☒ Defendant: Barden Corporation, Frances Codd Suisarz, 50 Leavenworth Street, P.O. Box 1110, Waterbury, CT 06721

Has Transcript Been Prepared? yes
Approx. Number of Transcript Pages: 40
Number of Exhibits: 10
Has this matter been before this Court previously? ☐ Yes ☒ No

BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW: Defendant's motion for sanction against plaintiff counsel and plaintiff for bringing the underlying lawsuit against the defendant and for not initially accepting defendant's offer to settle on the particular day it was offered.

ISSUES PROPOSED TO BE RAISED ON APPEAL:
1) Whether Attorney Ikechukwu Umeugo engaged in bad faith litigation?
2) Whether Attorney Ikechukwu Umeugo harassed any defendant including Barden Corporation?
3) Whether Attorney Ikechukwu Umeugo induce any defendant to settle their or its case?
4) Whether there was credible and/or competent evidence to support the trial judge's decision to sanction? and Whether his said decision was in error

A. JURISDICTION

1. Federal
☐ U.S. a party
☐ Federal question (U.S. not a party)
☐ Diversity
☐ Other (specify): federal rules of practice

2. Appellate
☒ Final Decision below
☐ Interlocutory decision appealable as of right
☐ Order Certified by District Judge (specify):
☐ Other (specify):

FORM C

B. DISTRICT COURT DISPOSITION (Check as many as apply)

1. Stage of Proceedings
☒ Pre-trial
☐ During trial
☐ After trial

2. Type of Judgment/Order Appealed
☐ Default judgment
☐ Dismissal/jurisdiction
☐ Dismissal/merit
☐ Summary Judgment
☐ Declaratory judgment
☒ Judgment / court decision
☐ Jury verdict
☐ Judgment NOV
☐ Directed verdict
☐ Other (specify):

3. Relief
Damages:
Sought: $
Granted:
Denied: $

Injunctions:
___ Preliminary
___ Permanent
___ Granted
___ Denied

C. NATURE OF SUIT (Check as many as apply)

March 2004                              -13-

| 1. Federal Statutes | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|
| ☐ Antitrust ☐ Communications ☐ Freedom of Info. ☐ Bankruptcy ☐ Consumer Protection ☐ Immigration ☐ Banks/Banking ☐ Copyright ☐ Patent ☐ Labor ☒ Civil Rights ☐ Trademark ☐ OSHA ☐ Commerce, routes ☐ Election ☐ Securities and tariffs ☐ Energy ☐ Commodities ☒ Environmental ☐ Tax ☐ Other (specify): | | ☐ Admiralty/ Maritime ☐ Assault / Defamation ☐ FELA ☐ Product ☐ Soc. Security Liability/Warranty ☐ Other (Specify) unlawfully dumping of hazardous material | ☐ Admiralty/ Maritime ☐ Arbitration ☐ Commercial ☐ Employment ☐ Insurance ☐ Negotiable Instruments ☐ Other (Specify) | ☐ Civil Rights Habeas Corpus — 2254 — 2255 ☐ Mandamus ☐ Parole ☐ Vacate Sentence ☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue? |
|---|---|---|
| ☐ Forfeiture/Penalty ☐ Real Property ☐ Treaty (specify): ____ ☐ Other (specify): ____ | ☐ Arbitration ☐ Attorney Disqualification ☐ Class Action ☐ Counsel Fees ☐ Shareholder Derivative ☐ Transfer | ☒ Yes ☐ No Will appeal raise a matter of first impression? ☐ Yes ☒ No |

Is any matter relative to this case pending below?  ☐ Yes  ☒ No (specify):

To your knowledge, is there any case now pending or about to be brought before this Court or any other court or administrative agency which
(A) arises from substantially the same case or controversy as this appeal?   ☐ Yes  ☒ No
(B) involves an issue that is substantially the same, similar, or related to an issue in this appeal?   ☐ Yes  ☒ No
If yes, state whether   ☐ "A" or ☐ "B"  or ☐ both, and provide:

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|

Name of Appellant: Ikechukwu Umeugo

Date: 10/26/2006    Signature of Counsel of Record: _Umeugo_

**NOTICE TO COUNSEL**

Once you have filed your Notice of Appeal with the District Court or the Tax Court you have only ten (10) days in which to docket your appeal. You must take the following steps within those ten (10) days:
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Court of Appeals.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Court of Appeals.
3. Pay the $255 docketing fee to the Clerk of the United States District Court, unless you are authorized to prosecute the appeal without payment.
IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN TEN (10) DAYS, YOUR APPEAL WILL BE DISMISSED.
(NOTE: This form is not required of non-attorney pro se litigants.)
SEE THE CIVIL APPEALS MANAGEMENT PLAN OF THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**NOTICE CONCERNING DISCLOSURE OF INTERESTED PARTIES**

Rule 815 of the local rules of this Court supplementing the Federal Rules of Appellate Procedure provides as follows:
  815  Disclosure of Interested Parties.
    To enable the judges of the court to evaluate possible disqualification, counsel for all private (nongovernment) parties, in an appeal, or in a motion or other proceeding related to an appeal, shall in all cases submit when such party's initial brief is due,
    or upon request of the Clerk, an identification of any corporate parent of the party.

# NOTICE TO COUNSEL

The Civil Appeals Management Plan of the Court of Appeals for the Second Circuit directs appellant to file Form C-A with the Clerk of the Court within ten (10) days after filing the application for enforcement or petition for review.

March 2004                                              -14-

# EXHIBIT B

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT



Ralph Bello and Vera Associates
Limited Partnership
_____

v.                                                    Docket No. 06-5013-cv

Barden Corporation
_____

### STIPULATION WITHDRAWING APPEAL FROM ACTIVE CONSIDERATION, WITHOUT PREJUDICE, WITH LEAVE TO REACTIVATE

The undersigned counsel for the parties hereby stipulate that the above-captioned appeal is hereby withdrawn without costs and without attorneys' fees and **without prejudice**, subject to reactivation of the appeal by appellant's counsel by written notice to the Clerk of this Court by 30 days after an event OR by June 12, 2007 (enter date certain mm/dd/yy) whichever comes first.

If not thus reactivated, the appeal shall be deemed withdrawn with prejudice. (See Hertzner v. Henderson, 292 F.3d 302 (2d Cir. 2002).

Withdrawal of the appeal from active consideration shall not operate as a dismissal of the appeal under F.R.A.P 42(b).

Dated: 12-14-06

Attorney for Appellant
Ikechukwu Umeugo
Umeugo & Associates, P.C.

Dated: 12-13-06

Attorney for Appellee
David S. Hardy
Carmody & Torrance, LLP

Counsel: Please print name and
firm under signature

# EXHIBIT C

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT



Bello
v.
Barden Corporation

Docket No. 06-5013-cv

CIVIL APPEAL SCHEDULING ORDER # ___

Noting that the above referenced appeal has been timely reactivated, the following scheduling order is hereby entered;

IT IS HEREBY ORDERED that the index to the record on appeal, a certified copy of the docket entries, and the clerk's certificate shall be filed on or before _____.
The documents constituting the record on appeal shall not be transmitted until requested by this Court, but will be required within 24 hours of such request.

IT IS FURTHER ORDERED that the appellant's brief and the joint appendix shall be filed on or before  **October 24, 2007**  .

IT IS FURTHER ORDERED that the brief of the appellee shall be filed on or before  **November 23, 2007** .

IT IS FURTHER ORDERED that the ten (10) copies of each brief shall be filed with the Clerk.

IT IS FURTHER ORDERED that the argument of the appeal shall be heard no earlier than the week of  **January 7, 2008**  . All counsel should immediately advise the Clerk by letter of the dates thereafter that they are unavailable for oral argument. The time and place of oral argument shall be separately noticed by the Clerk to counsel.

IT IS FURTHER ORDERED that in the event of default by the appellant in filing the record on appeal or the appellant's brief and joint appendix, at the times directed, or upon default of the appellant regarding any other provision of this order, the appeal may be dismissed forthwith without further notice.

IT IS FURTHER ORDERED that if the appellee fails to file a brief within the time directed by this order, such appellee shall be subject to such sanctions as the court may deem appropriate.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk
by:

Vidya Kurella
Associate Staff Counsel

Date: 9/21/07

# EXHIBIT D

Short Title: Bello vs. Barden Corporation   Docket No. 3:01CV01531(AWT)

## NOTICE OF APPEARANCE

Appearance for (provide name of party): __Ikechukwu Umeugo__

Status of Party:
(X) Appellant/Petitioner
( ) Appellee/Respondent
( ) Cross-Appellant/Cross-Petitioner
( ) Other (Specify): _____
( ) An attorney will argue this appeal.
 • Name of attorney who will argue appeal, if other than counsel of record: _____
 • Date of arguing attorney's admission to this Court (month, day, year): _____
 • Other Federal/State Bar admissions: (month, day, year): _____

( ) Cross-Appellee/Cross Respondent
( ) Intervenor
( ) Amicus Curiae

( ) I am a *pro se* litigant who is not an attorney.
( ) I am an incarcerated *pro se* litigant.

### TIME REQUEST

( ) Oral argument is not desired.
(X) Oral argument is desired. Party requests __15__ minutes or multi-co-parties request a total of _____ minutes to be apportioned as follows:

If more than 20 minutes per side is requested, set forth reasons:

### AVAILABILITY OF COUNSEL/PRO SE LITIGANT

I understand that the person who will argue the appeal must be ready at any time during or after the week of argument which appears on the scheduling order.

(X) I know of no dates which would be inconvenient.
( ) I request that the argument of this appeal not be calendared for the following dates, which are inconvenient. I have included religious holidays.

COUNSEL OR *PRO SE* LITIGANT MUST ADVISE THE COURT IN WRITING OF ANY CHANGE IN AVAILABILITY. FAILURE TO DO SO MAY BE CONSIDERED BY THE COURT IN DECIDING MOTIONS FOR ADJOURNMENT BASED ON UNAVAILABILITY.

### RELATED CASES

(X) This case has not been before this Court previously.
( ) This case has been before this Court previously. The short title, docket number and citation are: _____
( ) Matters related to this appeal or involving the same issue have been or presently are before this Court. The short titles, docket numbers and citations are: _____

Signature of counsel of record or *pro se* litigant: /s/ Umeugo

Type or Print Name  Ikechukwu Umeugo
Name of Firm: Umeugo & Associates, P.C.
Address: 620 Boston Post Road, West Haven,
Telephone:  CT 06516   Date 10/26/06
            203-931-2680

Signature of counsel who will argue the appeal, if different:

Type or Print Name

Telephone:   Date:

March 2004                    -11-