UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

……………………………………………………..
RALPH BELLO AND VERA ASSOCIATES     :
LIMITED PARTNERSHIP,                :
                    Plaintiffs     :     CIVIL ACTION NO.
    v.                             :     3:01CV01531 (AWT)
                                 :
BARDEN CORPORATION                  :
                    Defendant      :     NOVEMBER 6, 2007

……………………………………………………..:

**MEMORANDUN IN SUPPORT OF THE OBJECTION TO BARDEN CORPORATION'S MOTION FOR AN ORDER REQUIRING ATTORNEY IKECHUKWU UMEUGO TO POST A BOND FOR COSTS ON APPEAL**

Pursuant to local rules of civil procedure Rule 7 (a) attorney Ikechukwu Umeugo respectfully requests the court to deny the defendant Barden Corporation's motion to compel Attorney Ikechukwu Umeugo to post a bond for appeal costs in the amount of $20,000.00 (for cost and attorneys fees).

**BACKGROUND**

The court's decision on September 29, 2006, several months after the defendant filed its motion for sanction and after the case was closed, granting the defendant Barden Corporation's motion, was appealed by Attorney Ikechukwu Umeugo on October 27, 2006. This appeal was still pending before United States Appellate Court, 2nd Circuit (see Umeugo exhibit 1) when this court made a decision on the defendant Barden Corporation's application for Attorneys Fees approximately ten (10) months after the said motion was filed by the defendant.

Meanwhile, Barden Corporation has filed before this court a motion for clarification of the court's order on the basis of this court's <u>Apparent Inconsistency</u> between the allocation of sanctions in the said decision (see Umeugo Exhibit 2 Barden Corporation's motion for clarification of order RE: Barden Corporation's application for Attorneys Fees and expenses).

In the said order the court stated that Attorney Ikechukwu Umeugo should pay a total of $99,954.00 but based on it's apportionment of this sanction it appears that the total is $66,358.00. On October 22, 2007, the court granted Barden Corporation's request for clarification of its' order and changed the figure from $99,954.00 to $66, 358.00 (see Umeugo Exhibit 3).

The following argument in law and facts in support of Attorney Ikechukwu Umeugo's opposition or objection will simply show that this sanction and the request to post appeals bond is designed to intimidate and malign the reputation of Attorney Ikechukwu Umeugo. Attorney Ikechukwu Umeugo has been wronged by this baseless and unjustified sanction. A genuine and careful examination of the facts and evidence advanced clearly shows that the Attorney Ikechukwu Umeugo has not engaged in any sanctionable or improper conduct whatsoever.

**ARGUMENT**

The defendant Barden Corporation's argument that Attorney Ikechukwu Umeugo's appeal is frivolous is simply designed and advanced for the sole purpose of channeling and/or attempt to persuade the court to disregard the weightier matters of the <u>law</u> and Constitutional rights, namely **JUSTICE.**

Although, the district court pursuant to appellate Rule 7, "May require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal". It is a power that the courts exercise sparingly and carefully, to avoid intimidating appellants, creating hardship or becoming a hindrance and barriers to their exercise of their Rights to appeal.

The **<u>Appellate Court</u>** was established and designed to address the concerns and issues that appellant(s) or litigants have concerning the decision and conduct of lower court and/or the judges to ensure justice and fairness to all, the very foundation of the United States judicial system.

The defendant Barden Corporation's motion to require Attorney Ikechukwu Umeugo to post a bond should be denied. The reasons advanced and argued by the defendant Barden Corporation, for seeking such an order have no merit and are insufficient to trigger the issue of such order.

For instance, the defendant argued as one of its reasons for seeking the order for bond is that the court's ruling "discusses in detail the legal precedent and specific facts of record that the court relied upon to determine that Attorney Umeugo engaged in bad faith litigation conduct during the trial phase of this case and that he should be sanctioned for that conduct under the inherent power of the court" (see the defendant's memorandum page 3 paragraph 1). The defendant

Barden Corporation forgot and/or failed to discuss or realize that Attorney Umeugo's appeal is based on the fact that the alleged conducts that the district court relied on were not sanctionable conduct and the allegations were incorrect and false.

Barden Corporation's argument that Attorney Umeugo's appeal is frivolous claiming that this court order of sanction discusses in considerable detail the factual and legal bases of the court's determination that monetary sanctions should be imposed on Attorney Umeugo **is too weak to be convincing** and absolutely holds no water in logic and in law. For the simple fact that Barden Corporation conceded in its' memorandum page 3 paragraph 3, that "Attorney Umeugo is challenging the ruling on the grounds that there is no credible or competent evidence to support the court's determinations that Attorney Umeugo engaged in a bad faith litigation conduct," and further Attorney Umeugo did not harass or induce any of the defendants to settle its or their case.

If the appellate court determined that there was no credible or competent evidence to support this court's ruling the appellate court will reverse this court decision.

The Barden Corporation's implied argument that requesting an appellant to post a bond is associated with frivolous appeal or it shows that the appeal is frivolous is an unintelligible argument. The reasoning being that those who can afford the bond can still file meritless appeal. See Linsey v. Normet, 405 u.s. 56, 77 and 78 (1972).

4

One can easily distinguish this case from the case of <u>Adsani v. Miller,</u> 139 F. 3d (2nd Cir.1998). This case at bar is not a copyright case in which the statute awards attorneys fees to the prevailing party and also it is not a case in which the appellant has no assets in the United States to satisfy or pay any cost of appeal assessed or taxed as it was in <u>Adsani v. Miller</u> case. One factor that must cause Barden Corporations request for bond to fail or be denied is the fact that the defendant Barden Corporation did not and/or has not offered any scintilla or atom of credible evidence that the Attorney Umeugo poses a payment risk (see <u>Boddie v. Connecticut</u>, 401 U.S 371, 379-81 (1971); Clark, 501 F 2d at 341; <u>American Presidential Lines</u>, 779F 2d at 718-19.

In <u>Clark v. Universal Builders, Inc., </u>501F. 2d 324, 341-41 (7th Cir.) the seventh circuit overturned the district court order, stating "although the district court has discretionary power to assess costs, the action it took was improper and clearly an abuse of discretion….any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated." Moreover, "<u>in Re; American Presidential Lines, Inc.;</u> 779 F. 2d 714 (D.C. Cir. 1985) the D.C. circuit held that the district court exceeded it's authority in requiring a $10,000.00 cost bond under Rule 7 alone without sufficient justification." 779 F. 2d at 718-19.

Barden Corporation's request to include Attorney's fees in the appeal bond must fail on the grounds that the case it relied on and cited which was <u>Adsani v.</u>

5

Miller 139 F. 3d 67 (2nd Cir. 1998) was a copyright case in which a federal statute includes attorneys fees as part of the costs, which may be taxed upon appeal. This particular case (the underlying case) is not a copyright case. These facts would seem to make Adsani v. Miller in applicable to the case at bar. Thus the district court cannot factor attorney's fees into its imposition of the bond for costs.

Although the district court had an inherent power to control and monitor the proceeding before it. The said inherent power does not reach or extend to conducts (alleged conducts)"beyond the court's confines or jurisdiction that does not interfere with the conduct of trial or the proceedings before the court." Young v. United States ex rel. vuitton et fils S.A.etal, 481 U.S. 787, 798 (1987) and Bank of Nova Scotia v. United States, 487 U.S. 250, 264 (1988). The said alleged conduct that the defendant Barden Corporation claim that occurred in State court, which Barden Corporation was not a defendant or party to was not sanctionable litigation conduct or act and Barden Corporation has conceded to this fact in it's memorandum in support of its' motion for sanction (see Barden Corporation's memorandum to support it's motion for sanction).

As in many Supreme Court decisions the "American Rule prohibits Federal Courts from awarding Attorneys fees in absent of a statute or contract providing for a fee award as it is in this case at bar". Alyeska Pipeline Service v. Wilderness Society, 421 U.S. 240, 258-259 (1975). To circumvent the Supreme Court holding in Alyeska Pipeline Service case, Barden Corporation resorted to a motion for sanction without clear, credible and competent evidence.

6

"The allocation of the costs occurring from litigation is a matter for the legislature not the courts." <u>Alyeska Pipeline Co.,</u> supra, at 262.

The issues raised by Attorney Ikechukwu Umeugo in the appeal are serious legal issues, which, if the appellate court rules in his favor will result in the reversal of the district court decision on the sanction. Thus, Attorney Ikechukwu Umeugo's appeal is not frivolous.

Since the Supreme Court has not defined what constitutes bad faith litigation conduct, it appears that the counts are all over the water front as to bad faith standard or what standard to apply. As a result the district court judges are left to determine on their own subjectively without uniformity as to what constitutes bad faith litigation conduct. As such unjustified sanctions are granted.

Barden Corporation in its' argument appears to indicate that the court's inherent power is the rule. This argument is flawed because the inherent powers are the exception not the rule, and their assertion requires special justification in each case. That means in all application's involving the invoking of the inherent power of the court, the authority to sanction the alleged bad faith litigation practices can be exercised only when necessary to preserve the authority of the court. Obviously in the case at bar, the authority of this court was never challenged by attorney

Ikechukwu Umeugo and neither did he disobey the order of this court. Young v. United States ex rel. vitton et fils, 481 U.S. 787, 819-820 (1987).

The courts are always admonished that inherent powers must be exercised "with great caution." EX parte Burr, 9 wheat. 529, 531 (1824).

The courts "inherent power can be exercised only when necessary and there is necessity if a rule or statute provides a basis for sanctions. It logically follows that a district court should rely on text based authority derived from congress rather than inherent power in every case where the text-based authority applies". See Bank of Nova Scotia v United States, 487 U.S. 250, 254 (1988).

In the case at bar, there is no statute or textual provision that Attorney Umeugo violated and this court had not found him in violation of any or used any statute as the basis of its' sanction order and Barden Corporation has not adduced any specific statute or textual provision that Attorney Umeugo violated as prescribed by Congress or statute that should be used as a basis for sanction. See Societi International Pour Participations Industrielles et Commerciales S.A v. Rogers; 357 U.S. 197 (1958). It is worth noting that these statutes dealing with litigation conduct limit the manner in which the power shall be exercised. The court relied on inherent authority as the exclusive basis for sanctions. Attorney Umeugo did not engage in any sanctionable litigation conduct or act.

This court's finding of bad faith is not supported by any clear, direct,

8

credible or competent evidence. Thus this sanction demonstrates the lack of any legal requirement other than the talismanic recitation of the phrase "bad faith".

The defendant's baseless motion is designed to serve one unjust purpose, which is, to foreclose meaningful review of sanctions based on the so called inherent authority.

The federal rules of civil procedure made it abundantly clear that a court should rely on the rules and not inherent powers whenever possible.

The American rule "protects each person's rights to go to federal court to defend and to vindicate substantive rights. Since litigation is, at best, uncertain, one should not be penalized for merely defending or prosecuting a lawsuit". Fleischmann Distilling Corp. v Maier Brewing Co.; 386 U.S. 714,718 (1967).

In North Carolina v. Pearce, 395 U.S. 711, 724 (1969) the Supreme Court stated very clearly that "A court is without right to…put a price on appeal".

## **ATTORNEY IKECHUKWU UMEUGO'S APPEAL IS NOT FRIVOLOUS**

Attorney Umeugo's filing of an appeal in which he requested the appellate court to review the district court's decision as to whether it was supported with credible and competent evidence and if not whether it was a fundamental error, is not a frivolous appeal (see exhibit No 1 Attorney Umeugo's notice of appeal).

The discretional power or authority of the district court to invoke its' inherent power does not preclude litigants including Attorney Umeugo from challenging the basis of such a ruling on sanction or requesting the appellate court via appeal to correct a district courts legal errors. See <u>Cooter & Gell v. Hartmarx Corp.</u> U.S. 384, 402-409 (1990).

A frivolous case is defined by the Black Law Dictionary as "a case lacking legal basis on legal merit"(see Black Law Dictionary Deluxe 677 (7th edition 1999). Attorney Umeugo's appeal is not a case lacking legal basis or merit. Because in the said appeal Attorney Umeugo is asking the appellate court to review the district courts decision as to whether or not there was clear, direct credible and competent evidence to support the said decision.

The United Supreme Court stated that "courts must comply with the mandates of due process…in determining that the requisite bad faith exists…but the court's bad faith standard, at least without adequate definition, thwarts the first

10

requirement of due process, namely that all are entitled to be informed as to what State commands or forbids". See <u>Adsani v. Miller;</u> 197 F. 3d 67, 68 (2nd circuit, 1998) and <u>Lanzetta v. New Jersey,</u> 306 U.S. 451, 453 (1939).

Further, Attorney Umeugo's appeal involves serious legal issues that require the appellate court to review and determine if the district court's order is confined to the alleged conduct under its own authority and jurisdiction to regulate because the district court made reference in its decision as to what happened with the underlying case at the state court. See <u>Hall v Cole;</u> 412 U.S. 1, 5 (1973).

Based on the aforementioned, Attorney Umeugo's appeal is not frivolous and thus Barden Corporations request for Attorney Umeugo to post a bond for appeal cost should be denied.

Further in regards to the exercise on "inherent power", the 2nd circuit has interpreted the standard restrictively, stating:

> "To ensure, however, that the fear of an award of attorney's fees against them will not deter person with colorable claims from pursuing those claims, we have declined to uphold awards under the bad faith exception absent both "clear evidence" that the challenged actions are entirely without color and are taken for reasons of harassment or delay or other improper purposes, and a high degree of

11

specificity in the factual findings of the lower courts".

See <u>Dow Chemical Pacific Ltd,</u> 782 F. 2$^d$ (citations omitted),

Weinberger, 697 F. 2nd at 80; <u>Nemeroff v. Abelson,</u>

620 F. 2d 339, 348 (2d Cir. 1980); Browing Debenture

Holders Committee, 560 F. 2d at 1089.

It is quite clear from the court's ruling and/or decisions that subjective bad faith is not even a requirement for imposition of sanctions in favor of a prevailing defendant. See <u>Davidson v Keenan;</u> 740 F. 2d. 129, 133 (2nd Cir. 1984).

The United States Supreme Court has warned against creating a second lawsuit over attorney's fees. See <u>Hensley v. Eckerhart;</u> U.S. 424, 103 S. CT 1933, 76 L. Ed. 2d 40 (1983). The counsel for Barden Corporation, Attorney wellington, did exactly so in this case at bar by filing a motion for sanctions without clear, direct credible and competent evidence. The counsel for Barden Corporation knew quite well that there is no federal or state statute allowing it to recover attorney's fees after its motion to dismiss was granted in part and denied in part. So to seek recovery of attorney's fees it resorted to a motion for sanction under inherent power of the court and falsely claiming bad faith litigation knowing quite well that there is no definition of bad faith by the Supreme Court as guidance for the district courts.

The granting of a motion to dismiss does not mean that a case is frivolous. If that is the case then every lawyer that lost a motion to dismiss should be sanctioned.

12

Barden Corporations counsel created a second lawsuit over attorney's fees. That is why the other 30 defendants represented by top legal minds and law firms i.e., Wagan & Dana, Tyler Copper & Alcom etc. did not file a motion for sanction. There is no way that this court is able to determine that Attorney Ikechukwu Umeugo will not prevail on his appeal.

The underlying plaintiff's case against Barden Corporation is not frivolous in any way, shape or fashion (see plaintiff's and Attorney Ikechukwu Umeugo's objection to motion for sanction).

## **CONCLUSION**

In light of the aforementioned argument in law and facts the Barden Corporation's request of bond for appeal costs should be denied.

Respectfully submitted,

_____/s/_____
Ikechukwu Umeugo
Federal bar No.: ct 04536
Umeugo & Associates, P.C.
620 Boston Post Road
 P.O. Box 26373
West Haven, CT  06516
Telephone (203) 931-2680
 Fax No.   (203) 931-2682

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was sent via electronic mail and by regular mail, postage prepaid, on November 6, 2007, to Attorney David S. Hardy, Carmody & Torrence LLP, 195 Church Street, P.O. Box 1950, New haven, Connecticut, 06509-1950.


                                        /s/
                            Ikechukwu Umeugo, ESQ