UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

...................................................
:
RALPH BELLO AND VERA ASSOCIATES :
LIMITED PARTNERSHIP, :
                              Plaintiffs   :   CIVIL ACTION NO.
:
       v :
                             :   3:01CV01531 (AWT)
:
BARDEN CORPORATION :
                         Defendant   :   November 15, 2007
...................................................

**BARDEN CORPORATION'S REPLY TO ATTORNEY IKECHUKWU'S MEMORANDUM IN OPPOSITION TO BARDEN'S REQUEST FOR A BOND FOR COSTS ON APPEAL**

Attorney Umeugo has clearly demonstrated his intent to raise the issues discussed below on appeal. This intent is obvious from: (1) his memorandum in opposition (Doc. No. 89, "Opposition Memorandum" and "OM") to Barden's motion for the posting of a bond for costs and attorney fees on appeal (Doc. No. 86), (2) his statement of the issues he intends to raise on appeal in Exhibit 1 to his Opposition Memorandum and (3) his arguments in his other opposition memoranda.[1] Barden submits that Attorney Umeugo's appeal issues are frivolous, such that the posting of an appellate bond is warranted, and replies as follows:

**I.    ATTORNEY UMEUGO'S APPELLATE ISSUES.**

Attorney Umeugo has clearly demonstrated his intent to raise the following factual and substantive issues on appeal:

---

[1] Barden has also compared the issues raised in the Opposition Memorandum with the issues Attorney Umeugo raised in his memorandum in opposition to its Motion for Sanctions (Doc. No. 55 and Doc. No. 40 respectively) and his memorandum in opposition to its application for attorney fees and expenses (Doc. No. 80 and Doc. No. 77 respectively) which address several of the same issues.

CARMODY & TORRANCE LLP   195 Church Street
Attorneys at Law   Post Office Box 1950
{W1566873;2}   New Haven, CT 06509-1950
                  Telephone: 203 777-5501

    A.    There is no clear, direct, credible and competent evidence of record to support the Court's determination that Attorney Umeugo engaged in bad faith litigation conduct in the case at bar (OM at 2, 4, 6, 8-9, 10 and 12).

    B.    The Court violated Attorney Umeugo's due process rights by imposing sanctions where there is no bright line test for bad faith conduct (OM at 7, and 10-11).[2]

    C.    The court erred in awarding attorney fees to Barden as a sanction because there was no statute that authorized it to do so (OM at 5-7).

    D.    The Court erred in imposing sanctions on Attorney Umeugo because he did not directly or indirectly challenge the Court's authority. (OM at 7-8).

    E.    The court erred by considering Attorney Umeugo's conduct and his client's pleadings in litigation before Connecticut Superior Courts in prior parallel litigation. (OM at 6).

Each of these issues is frivolous for the reasons discussed below.

## II. STANDARDS OF REVIEW.

    A. **Evidentiary issues.** The Supreme Court described the scope of an appellate court's review of a district court's factual findings in <u>Anderson v. City of Bessemer</u>, 470 U.S. 564, 573-4 (1985) as follows:

> If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had

---

[2] If Attorney Umeugo attempts raises this issue on appeal, it will be for the first time.

CARMODY & TORRANCE LLP
Attorneys at Law
{W1566873;2}
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

2

> it been sitting as the trier of fact, it would have weighed the evidence differently. <u>Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. This is so even if the district court's determinations do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other fact</u>.
>
> \* \* \*
>
> As (this) Court has stated in a different context, the trial on the merits should be "the 'main event' … rather than a 'tryout on the road.'" <u>For these reasons, review of factual findings under the clearly-erroneous standard-with its deference to the trier of fact- is the rule, not the exception</u>. (citations omitted and emphasis added)

The Second Circuit Court of Appeals ("Second Circuit") described the scope of its review of a district court's factual findings in <u>Ceraso v. Motiva Enterprises, Inc.</u>, 326 F.3d 303, 316-317 (2nd Cir. 2003) as follows:

> A district court's findings of fact after a bench trial are not to be overturned unless they are clearly erroneous. This standard applies whether those findings are based on witness testimony, or on documentary evidence, or on inferences from other facts. <u>In reviewing findings for clear error, (appellate courts) are not allowed to second-guess either the court's credibility assessments or its choice between permissible competing inferences.</u> Even if an appellate court might have weighed the evidence differently, it may not overturn findings that are not clearly erroneous. <u>The decisions as to whose testimony to credit and which of permissible inferences to draw are solely within the providence of the trier of fact</u> and "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."
> (citations omitted and emphasis added)

See also Fed. R. Civ. P. 52(a) which provides in pertinent part that "Findings of fact (in all actions tired upon the fact without a jury), whether based upon oral or

CARMODY & TORRANCE LLP
Attorneys at Law
{W1566873;2}
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

3

documentary evidence, shall not be set aside unless clearly erroneous...." It is obvious that the Court was the trier of fact with regard to the evidentiary underpinnings of its Ruling on Barden's Motion for Sanctions (Doc. No. 72 and "Ruling"). As such, the "clearly erroneous" standard will apply to the Second Circuit's review of the facts articulated in the Ruling.

  B. **Substantive issues.** A District Court's imposition of sanctions for bad faith litigation conduct pursuant to its inherent powers is reviewed for abuse of discretion. See Chambers v. NASCO, Inc., 501 U.S. 32, 55 (1991).

### III. ATTORNEY UMEUGO'S APPELLATE ISSUES ARE FRIVOLOUS.

  A. **Attorney Umeugo's argument that there is no clear, direct, credible and competent evidence to support the imposition of sanctions is frivolous.**

The Ruling is divided into three parts. The first is a discussion of the facts that are relevant to the Ruling. See the Ruling at pages 1-20. The second discusses Barden's motion for sanctions and applicable case law. See the Ruling at pages 20-24. The third identifies seven specific factual factors that the Court relied upon to determine that Attorney Umeugo should be sanctioned for commencing and continuing his clients' action against Barden in bad faith and for vexatious, wanton and oppressive reasons. See the Ruling at pages 24-33.

Attorney Umeugo argues in his Opposition Memorandum that:

> Attorney Umeugo's appeal is not a case lacking legal basis or merit. Because in said appeal Attorney Umeugo <u>is asking the appellate court to review the district courts decision as to whether or not there was clear, direct (,)</u>

CARMODY & TORRANCE LLP  
Attorneys at Law  
{W1566873;2}  
195 Church Street  
Post Office Box 1950  
New Haven, CT 06509-1950 4  
Telephone: 203 777-5501

> credible and competent evidence to support the said decision. (emphasis added).

OM at 10. He restates this issue at five other locations in the Opposition Memorandum. See OM at 2, 4, 6, 8-9, and 12. It is evident that Attorney Umeugo believes that he will be allowed to retry the evidentiary basis of the Ruling before the Second Circuit. That will obviously not occur for the reasons discussed in Paragraph II. A. above.

It should be further noted that each of Attorney Umeugo's evidentiary challenges are conclusory.[3] At no point in the Opposition Memorandum (or in any of his other memoranda) does Attorney Umeugo point to any evidence in the record that is inconsistent with any of the Court's factual findings. This is first so because there is no such evidence in the record.

It should be noted that the factual bases of the seven factors the Court relied upon to determine that Attorney Umeugo engaged in bad faith litigation conduct were based in the main part upon the Court's personal in-court observations as well as its direct communications with Attorney Umeugo during status conferences on the record, its direct communications with Attorney Umeugo during a chambers conference, its review of Attorney Umeugo's arguments in his memorandum in opposition to the imposition of sanctions (Doc. No. 51) and its review of the pleadings of record in a portion of the federal and state actions that Attorney Umeugo filed on his clients' behalf. Barden respectfully submits that there could be no more

---

[3] Attorney Umeugo has repeatedly challenged the Ruling on the ground that there is no evidence of record sufficient to support the finding that he engaged in bad faith conduct without explaining why the evidence the Court relied upon was not clear, direct, credible, competent or relevant.

CARMODY & TORRANCE LLP
Attorneys at Law
{W1566873;2}
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

5

clear, direct, credible, competent and relevant evidence than the Court's personal observations of Attorney Umeugo's actions and comments on the record and its observations of the pleadings that Attorney Umeugo filed in federal and state courts with regard to the issue of whether he engaged in bad faith litigation conduct as the Court found.

Notwithstanding Attorney Umeugo's obvious desire to retry the evidentiary basis of the Ruling, Barden respectfully submits that the Second Circuit will not allow him to do so for the reasons discussed above. In light of the foregoing, it is evident that Attorney Umeugo's argument that there is no clear, direct, credible and competent evidence to support the Court's finding that he engaged in bad faith litigation conduct is frivolous.

### B. Attorney Umeugo's argument that he has been denied due process is frivolous.

A district court may use its inherent powers to assess attorney fees when a party engages in bad faith litigation conduct. See Chambers v. NASCO. Inc., 501 U.S. 43, 45-46. The Supreme Court stated in Chambers that:

> In this regard, the bad-faith exception resembles the third prong of Rule 11's certification requirement, which mandates that a signer of a paper filed with the court warrant that the paper "is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation. (emphasis added)

Id., fn 10 at 46. Based upon the foregoing, Attorney Umeugo knew (or reasonably should have known with a minimal amount of research) that it is sanctionable conduct to: (1) file multiple pleading containing claims that he knew to be substantively

CARMODY & TORRANCE LLP
Attorneys at Law
{W1566873;2}
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

6

deficient,    (2) file multiple pleadings for the sole purpose of harassing opposing parties into settlements for the nuisance value of litigation and (3) cause unnecessary delay and increased litigation costs by refusing to promptly accept a bona fide settlement offer for the entire amount of his client's remaining claim even in light of the purported absence of a "bright line test" for bad faith litigation conduct.

Attorney Umeugo was also put on notice of Barden's bad faith allegations by its memorandum in support of its motion for sanctions (Doc. No. 41) and he was provided an opportunity to be heard with regard to those allegations. He took that opportunity by filing his memorandum in opposition to thereto (Doc. No. 54). Attorney Umeugo's argument that he was denied due process with regard to Barden's motion for sanctions is frivolous.

### C. Attorney Umeugo's argument that the Court has to rely upon a statute to impose attorney fees as a sanction is frivolous.

A federal district court can impose sanctions under its inherent power rather than foster expensive and needless satellite litigation by imposing sanctions under a variety of federal statutes and rules. See Chambers, supra at 51. A federal district court is not precluded from imposing sanctions under its inherent power simply because the conduct in question can also be reached by a federal statute or rule. Id. at 50. By logical extension, a district court is not required to rely upon a statute and/or a rule to impose sanctions simply because they exist. Hence, Attorney Umeugo's argument that the Court was required to rely upon a statute or rule to impose sanctions for bad faith litigation conduct is frivolous.

### D. Attorney Umeugo's argument that he should not be sanctioned because he has not challenged the Court's authority is frivolous.

The authority of district courts to impose sanctions for bad faith litigation conduct is not limited to those situations where such conduct involves either a direct or an indirect challenge to their authority, disobedience of their orders or occurs in their presence. See Chambers, supra (a sanction may be imposed under a district courts inherent power for commencing or continuing an action in bad faith and for vexatious, wanton or oppressive reasons). Hence, Attorney Umeugo's argument that the Court can only impose sanctions on an attorney for actions that challenge a district court's authority is frivolous.

### E. Attorney Umeugo's argument that the Court should not have considered parallel state litigation is frivolous.

The Court stated its determination that Attorney Umeugo engaged in bad faith litigation conduct as follows:

> The court concludes that plaintiffs' counsel pursued the action against Barden, and the companies with which it conducted a joint defense, <u>as part of a course of conduct calculated to harass the defendants in the lawsuits he filed in federal court into settlement for the nuisance value of the litigation rather than incurring the full costs of a defense</u>, as opposed to entering into settlements as a means to resolve an honest dispute. (emphasis added)

Ruling at 24. The Court based that determination on the seven factors it discusses at pages 24 to 33 of the Ruling. The first of those factors addresses the issue of whether Attorney Umeugo was being candid with the Court when he represented that the reason he filed numerous complaints in federal court was to ensure that

CARMODY & TORRANCE LLP
Attorneys at Law
{W1566873;2}
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950    8
Telephone: 203 777-5501

defendants with lower volumes of waste were not disadvantaged by being named in the same complaint as defendants with larger volumes. The Court concluded that:

> Thus it is apparent that there was no attempt made by plaintiffs' counsel to group defendants based upon the volume of hazardous waste and/or waste materials the plaintiffs contended defendants were responsible for.

See the Ruling at page 26. From the foregoing, it is evident that the Court's focus in its first factor was on Attorney Umeugo's actions <u>in the pending federal actions</u> rather than the parallel actions that had previously been brought in state court.

The second of those factors addresses the pleading deficiencies in the multiple complaints that the Plaintiffs and Attorney Umeugo filed in parallel actions in Connecticut Superior Courts and that then reappeared in the numerous complaints <u>that he later filed in federal district court</u>. See Ruling at pages 24-26. Those deficiencies pertained to the state intentional/reckless conduct common law claim alleged in his clients' federal complaints. He was aware of those deficiencies because the state court had non-suited thirty of his clients' state actions due to the same deficiency and his failure to amend his clients' complaints to address that shortcoming. See Ruling at 27-28. The Court resolved this issue as follows:

> ...(P)laintiff's counsel knew, by virtue of the requests to revise that were filed Connecticut Superior Court, that his claims for negligence and common law intentional and/or reckless conduct were seriously deficient because they failed to allege any duty of care that any of the defendants in the Palladin Group owed the plaintiffs with regard to the management of waste materials at the property.
>
> \* \* \*
>
> Even after this deficiency was pointed out to him repeatedly by virtue of Barden's motion to dismiss, by

CARMODY & TORRANCE LLP
Attorneys at Law
{W1566873;2}

195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

9

> virtue of the discussion at the October 24, 2001 status conference to discuss Barden's pending motion to dismiss, and by virtue of the court's ruling on Barden's motion to dismiss, <u>plaintiffs' counsel persisted in using the possibility that the plaintiffs might pursue this claim as leverage in his negotiations with defendants in the lawsuits filed in this court, all the while never articulating a theory as to why the claim was not frivolous.</u> (emphasis added)

<u>Id</u>. at 27-28. It is evident from the foregoing that the Court considered the parallel state actions solely as evidence of the knowledge that Attorney Umeugo gained as a result of their unsuccessful prosecution in state court. It is further evident that Attorney Umeugo was sanctioned for his conduct in the actions <u>he had brought on his clients' behalf in federal court</u> rather than for his actions in the parallel actions he had brought in state court. Hence, Attorney Umeugo's argument that the Court should not have considered the state actions is frivolous.

Barden respectfully submits that it has shown that none of the issues that Attorney Umeugo intends to raise on appeal have any merit and that they are thereby frivolous.[4]

### IV.    CONCLUSION

Barden respectfully submits that Attorney Umeugo has clearly identified the issues that he will raise on appeal and that it has shown that all of those issues are frivolous. If Attorney Umeugo causes Barden to needlessly incur costs to address

---

[4] Attorney Umeugo raises two additional issues which merit only brief discussion. He cites <u>Clark v. Industrial Builders, Inc.</u>, 501 F2d 324 (7th Cir. 1974) and In re: <u>American Presidential Lines, Inc.</u>, 779 F2d 714 (DC Cir. 1985) for the proposition that district courts cannot require an appellate bond under Fed. R. App. P. 7 if they do so for the purpose of preventing appeals (OM at 5). Here Barden is seeking a bond for appellate costs because Attorney Umeugo's appeal is frivolous on its face, not as a means to preclude him from bringing his appeal. Attorney Umeugo also argues that Barden must show that he is a payment risk before he can be ordered to post a bond citing <u>Adsani v. Miller</u>, 139 F.3d 67 (2nd Cir. 1998) OM at 5. The <u>Adsani</u> decision does not stand for that proposition.

those issues by continuing his appeal, he should be prepared to post a bond for those costs (to include attorney fees) in light of the fact that all of those issues are frivolous. Based on the foregoing, Barden respectfully requests that the Court grant its motion for the posting of an appellate bond (Doc. No. 86).

Respectfully submitted,

*David S. Hardy*
Federal Bar ct20904
CARMODY & TORRANCE LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
ATTORNEY FOR THE DEFENDANT
BARDEN CORPORATION
Telephone: (203) 777-5501
E-mail: dhardy@carmodylaw.com

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by regular mail, postage prepaid, on the above date, to the following counsel of record:

> Ikechukwu Umeugo
> Umeugo & Associates, P.C.
> 840 Orange Avenue, 2nd Floor
> West Haven, Connecticut  06516

*/s/ David S. Hardy*
David S. Hardy

CARMODY & TORRANCE LLP
Attorneys at Law
{W1566873;2}
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

12