UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

...................................................
RALPH BELLO AND VERA ASSOCIATES
LIMITED PARTNERSHIP,
                         Plaintiffs    :    CIVIL ACTION NO.
      v
                                     :    3:01CV01531 (AWT)

BARDEN CORPORATION
                        Defendant    :    January 9, 2008
...................................................

**MEMORANDUM IN OPPOSITION TO MOTION TO STAY ORDERS
REQUIRING PAYMENT OF ATTORNEYS' FEES AND COSTS**

Attorney Ikechukwu Umeugo ("Attorney Umeugo") has moved this Court to stay its sanctions orders that require him to pay Barden Corporation's ("Barden's") attorneys' fees and costs. He brings this motion on the grounds that he has appealed this Court's Ruling on Barden's Motion for Sanction and because "[j]ustice requires that a stay of order be granted pending the decision on appeal." Barden respectfully submits that Attorney Umeugo's Motion to Stay should be denied because he has failed to even articulate, let alone demonstrate: (1) that he will suffer irreparable injury absent a stay, (2) that any other party will suffer a irreparable injury absent a stay, (3) a substantial possibility of success on appeal or (4) any public interests that may be affected if a stay is not granted.

**PROCEDURAL STATUS OF CASE**

The Court granted Barden's motion for imposition of sanctions against Attorney Umeugo and his clients in this matter for bad faith conduct on September 29, 2006 and later granted Barden's application for attorneys fees and expenses on September 28, 2007. The

CARMODY & TORRANCE LLP
Attorneys at Law

195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

court subsequently amended the September 28, 2007 order by an Amendment dated October 22, 2007. Attorney Umeugo filed a notice of appeal of the Court's September 29, 2006 order on October 27, 2006 (the "Umeugo Appeal"). The Umeugo Appeal was removed from active consideration by stipulation during December 2006 and was reactivated on September 21, 2007. On December 14, 2007, Barden filed a motion to dismiss the Umeugo Appeal asserting, among others, that the Umeugo Appeal is jurisdictionally defective because Attorney Umeugo failed to file a notice of appeal concerning the Court's September 28, 2007 decision, as amended October 22, 2007, which decision rendered the sanctions orders "final" for the purposes of appeal.

By letter dated December 12, 2007, Barden demanded that Attorney Umeugo and his clients pay the court's sanctions orders on or before January 15, 2008. (See Exhibit A) This letter apparently prompted Attorney Umeugo to file the instant Motion to Stay on or about December 21, 2007. The Umeugo Appeal and Barden's Motion to Dismiss remain pending at the Second Circuit Court of Appeals (the "Second Circuit"). Neither Ralph Bello nor Vera Associates, L.P. have appealed the court's sanctions rulings, nor have they sought to stay those rulings.

## ARGUMENTS

### I. Applicable standard.

Attorney Umeugo brings this Motion to Stay the Order and the Clarified Order pursuant to Fed. R. App. P. 8(a)(1). That rule makes clear that a stay of a decision on appeal is the exception, and not the rule, in federal practice. Attorney Umeugo therefore bears the burden of demonstrating proper cause for the issuance of stay. If Attorney Umeugo's

CARMODY & TORRANCE LLP
Attorneys at Law
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

2

Motion to Stay is denied, he may then file a motion to stay with the Second Circuit pursuant to Fed. R. App. P. 8(a)(2). The Second Circuit would then apply the following four factors in determining whether the Order and/or the Clarified Order should be stayed as to Attorney Umeugo: (1) whether he will suffer irreparable injury absent a stay, (2) whether another party will suffer irreparable injury absent a stay, (3) whether he has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be effected. Torres v. New York State Board of Elections, 462 F.3d 161, 207 (2nd Cir. 2006). Barden respectfully submits that this Court should apply the same standard to determine whether Attorney Umeugo's Motion to Stay should be granted in the first instance. See In re World Trade Center, 503 F.3d 167, 170 (2d Cir. 2007) (noting that the Second Circuit has "applied these same factors in considering whether to vacate a stay [issued by a district court].")

**II.     Attorney Umeugo has failed to show that he will suffer irreparable injury absent a stay.**

Attorney Umeugo asserts only two grounds in support of his Motion to Stay, those being (1) that he has appealed the Ruling and (2) that "Justice" purportedly requires that the sanctions orders be stayed pending a decision on his appeal. Barden respectfully submits that neither of these grounds constitutes evidence of irreparable injury absent a stay.

Attorney Umeugo can pursue several options with regard to Barden's demand for payment of its attorneys' fees and expenses as set out in court's sanctions orders. He can: (1) pay the amounts set out in the orders in full, (2) seek a settlement based upon some lesser amount, (3) seek a settlement which includes periodic payments or (4) decline to comply with the Order and the Clarified Order. In the later case, Barden could seek to have

CARMODY & TORRANCE LLP  
Attorneys at Law  
195 Church Street  
Post Office Box 1950  
New Haven, CT 06509-1950  
Telephone: 203 777-5501  
3

Attorney Umeugo held in contempt for disobedience of those orders.[1] It is black letter law that irreparable harm is that which cannot be remedied by money damages. Accordingly, in the extremely unlikely event that Attorney Umeugo were to succeed in his appeal, the enforcement of the monetary award against Attorney Umeugo could be remedied by Barden simply refunding his payment.

Furthermore, in the event that Barden seeks enforcement of the sanctions orders as to Attorney Umeugo by means of a contempt proceeding prior to the resolution of his pending appeal, he would be provided the due process protections outlined in Huber and Verone, infra..[2] Barden respectfully submits that Attorney Umeugo has failed to show that he will suffer an irreparable harm if his Motion to Stay is not granted and, as such, that said motion should be denied.

### III. Attorney Umeugo has failed to show that any other party will suffer irreparable injury absent a stay.

As noted above, Attorney Umeugo's clients have not appealed the court's sanctions orders. Barden respectfully submits that Attorney Umeugo has failed to show that any other party will suffer an irreparable harm if his Motion to Stay is not granted as to him and, as such, that said motion should be denied.

---

[1] See Huber v. Marine Midland Bank, 51 F.3d 5 (2nd Cir. 1995) (Attorney held in contempt for failing to pay ordered sanctions). See also Verone v. Taconic Telephone Corp., 826 F. Supp. 632 (N.D.N.Y. 1993) (Attorney found in contempt for failing to pay sanction imposed pursuant to Fed. R. Civ. P. 11). To hold an alleged contemnor in contempt, a District Court need only: (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that the order was not complied with and (3) find that the alleged contemnor has not clearly established his, her or its inability to comply with the terms of the order. Huber at 10. The alleged contemnor bears the burden of producing evidence of his, her or its inability to comply. Id.

[2] Attorney Umeugo's clients would be afforded the same protections were Barden to seek findings of contempt as to them.

### IV.  **Attorney Umeugo has failed to demonstrate a substantial possibility that he will succeed on appeal.**

As shown above, Attorney Umeugo bears the burden of demonstrating by a substantial possibility that he will succeed on appeal. The only evidence that he has submitted in support of his Motion to Stay which arguably relates to that burden in any way is his brief reference to his Notice of Appeal of the Ruling on the first page of his Motion to Stay. Barden respectfully submits that the aforesaid Notice of Appeal in-and-of itself does not constitute a showing that Attorney Umeugo is likely to succeed on appeal by a substantial possibility or otherwise. Barden respectfully submits that Attorney Umeugo has failed to show that there is a substantial possibility that he will succeed on appeal and, as such, his Motion to Stay should be denied.

### IV.  **Attorney Umeugo has failed to show that any public interest will be affected if the Order and the Clarified Order are not stayed.**

Attorney Umeugo had filed to show that any public interest will be affected if his Motion to Stay is denied. Barden respectfully submits that his unsupported reference to "Justice" does not constitute a showing that a "public interest" would be served were those orders to be stayed.

## CONCLUSION

Barden respectfully submits that Attorney Umeugo's Motion to Stay should be denied because he has failed to articulate, let alone demonstrate, proper grounds for the granting of his motion.

Respectfully submitted,

David S. Hardy
Federal Bar ct20904
CARMODY & TORRANCE LLP
195 Church Street
New Haven, Connecticut 06509-1950
ATTORNEY FOR THE DEFENDANT
BARDEN CORPORATION
Telephone: (203) 777-5501
E-mail: dhardy@carmodylaw.com

CARMODY & TORRANCE LLP
Attorneys at Law
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501
6

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by regular mail, postage prepaid, on the above date, to the following counsel of record:

Ikechukwu Umeugo
Umeugo & Associates, P.C.
840 Orange Avenue, 2nd Floor
West Haven, Connecticut 06516

David S. Hardy

# EXHIBIT A

# CARMODY & TORRANCE LLP
Attorneys at Law

195 Church Street
Post Office Box 1950
New Haven, Connecticut
06509-1950

Telephone: 203 777-5501
Facsimile: 203 784-3199
www.carmodylaw.com

David S. Hardy
Associate

Direct: 203-784-3119
dhardy@carmodylaw.com

December 12, 2007

*VIA FACSIMILE & REGULAR MAIL*

Ikechukwu Umeugo, Esq.
Umeugo & Associates, P.C.
840 Orange Avenue, 2nd Floor
West Haven, CT 06516

Re: **Bello v. Barden Corporation**, No. 3:01CV01531 / 06-5013-cv

Dear Ike,

Barden Corporation ("Barden") hereby makes demand upon you and your clients jointly for payment in the amount of $67,192 and upon you individually for additional payment in the amount of $32,762. Please direct payment to the undersigned. As you may know, your appeal does not stay the court's order of sanctions. Accordingly, if we do not receive payment in full or satisfactory arrangements for payment in full by January 15, 2008, Barden will file a motion for contempt against you and your clients due to your failure to comply with the court's sanctions orders, as amended on October 22, 2007. See Huber v. Marine Midland Bank, 51 F3d 5 (2nd Cir. 1995); Verone v. Toconic Telephone Co., 826 F. Supp. 632 (N.D.N.Y. 1993). Please note that Barden reserves its right to claim additional sanctions in connection with the appeal. I trust that you will give this matter your immediate attention.

Very truly yours,

*[signature]*

David S. Hardy

DSH/dk

cc: Joseph A. Wellington

{N0777811}

WATERBURY        NEW HAVEN        SOUTHBURY