UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

...........................................................
| | |
|---|---|
| RALPH BELLO AND VERA ASSOCIATES LIMITED PARTNERSHIP, | |
| Plaintiffs | CIVIL ACTION NO. |
| v | 3:01CV01531 (AWT) |
| BARDEN CORPORATION | |
| Defendant | MAY 7, 2008 |
...........................................................

### MEMORANDUM OF LAW IN SUPPORT OF BARDEN CORPORATION'S MOTION FOR CONTEMPT

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

In its Ruling dated September 29, 2006 (Docket Entry No. 72), the Court held that sanctions should issue against defendants Ralph Bello and Vera Associates Limited Partnership and their counsel, Attorney Ikechukwu Umeugo, for their bad-faith litigation conduct. Thereafter, the Court issued its Order on Barden's Application for attorneys' fees and costs on September 28, 2007 (Docket Entry No. 84), and later clarified its order on fees by an Amendment dated October 22, 2007(Docket Entry No. 87). The collective force of these orders required the contemnors to pay Barden a total of $99,954 in sanctions as follows: (1) $67,192 from the plaintiffs and their counsel jointly and (2) an additional $32,762 solely from the plaintiffs' counsel.

The party plaintiffs have not appealed the Sanctions Orders such that the orders are final as to them. Attorney Umeugo has filed an appeal of the Sanctions Orders on his own behalf. Barden filed a motion to dismiss the appeal on the basis of lack of jurisdiction and

CARMODY & TORRANCE LLP
Attorneys at Law
{N0788261;6}
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

frivolity, and the motion was submitted to a motions panel for decision on March 4, 2008. Briefing on the merits of the appeal is stayed pending a decision on the motion to dismiss. Nevertheless, the Sanctions Orders are not stayed as to Attorney Umeugo pending appeal. Fed. R. App. P. 8(a)(1).[1]

Barden has formally demanded payment of the Court's Sanctions Orders from Attorney Umeugo as well as Ralph Bello and his company, Vera Associates Limited Partnership. See December 12, 2007 demand letter (Exhibit A to Hardy Aff.), February 14, 2008 demand letter (Exhibit C to Hardy Aff.) Attorney Umeugo has not responded directly to Barden's demands, other than to file his motion to stay the Sanctions Orders. Mr. Bello's response to the December 12, 2007 demand took the form of a bizarre and non-sensical letter dated December 31, 2007. See December 31, 2007 letter (Exhibit B to Hardy Aff.) To date, none of the contemnors have made payment or offered or proposed to make payment to Barden under any circumstances. See Hardy Aff. ¶¶ 3-7.

## II. LEGAL STANDARD

"The Supreme Court has long recognized that certain implied powers must necessarily result to our Courts of justice from the nature of their institution." Armstrong v. Guccione, 470 F.3d 89, 100-01 (2d Cir. 2006) (internal citations and quotations omitted). "The most prominent of these is the contempt sanction, which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court." Id. at 101; see also Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 450 (1911) (it has long been held that "[i]f a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside,

---

[1] The court has not ruled on Attorney Umeugo's Motion for Stay. Barden's Motion for Bond, which requests that the Court find Attorney Umeugo's appeal to be frivolous, also remains pending.

CARMODY & TORRANCE LLP
Attorneys at Law
{N0788261;6}

195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

2

then are the courts impotent, and what the Constitution now fittingly calls the 'judicial power of the United States' would be a mere mockery").

Courts distinguish between two forms of contempt: civil and criminal. Id. at 441. An individual who violates a valid court order may be punished by both civil and criminal contempt sanctions for the same acts. Yates v. United States, 355 U.S. 66, 74 (1957). As the Second Circuit in Armstrong explained:

> The chief characteristic of civil contempt is that its purpose is to compel obedience to an order of the court to enforce the rights of the other party to the action. Consistent with this remedial purpose, the sanction imposed is generally made contingent on compliance. This is often accomplished by a purgation provision, whereby a civil contemnor may purge himself of contempt at any time by compliance. The purpose of an order of criminal contempt, on the other hand, is punitive. It is imposed to vindicate the court's authority. Accordingly, compliance with the court's command will not lift the sanction.

470 F.3d at 101.

The essential elements of civil contempt are (i) the existence of a clear and unambiguous order, (ii) clear and convincing proof of noncompliance and (iii) respondent's lack of reasonable diligence in complying with the order. New York State NOW v. Terry, 886 F.2d 1339, 1351 (2d Cir. 1989), cert denied 495 U.S. 947 (1990); Equal Employment Opportunity Comm. v. Local 638, 753 F.2d 1172, 1178 (2d Cir. 1985), aff'd. 478 U.S. 421 (1986). With these elements established, any reference by the accused parties to alleged "good faith" becomes irrelevant to a finding of civil contempt. Vuitton et Fils S.A. v. Carousel Handbags, 592 F.2d 126, 128 n.2 (2d Cir. 1979). In addition, where it appears beyond reasonable doubt that the accused parties acted willfully, they are also subject to criminal contempt. See Securities and Exch. Comm. v. Am. Bd. of Trade, Inc., 830 F.2d 431, 441 (2d Cir. 1987).

CARMODY & TORRANCE LLP
Attorneys at Law
{N0788261;6}
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

3

Once found in civil contempt, "[the] sanction imposed on a party ... generally may serve either or both of two purposes: to coerce the contemnor into complying in the future with the court's order, or to compensate the complainant for losses resulting from the contemnor's past noncompliance." Perfect Fit Industries, Inc. v. Acme Quilting Co., Inc., 673 F.2d 53, 56-57 (2d Cir. 1982) (citations omitted); Paramedics Electromedicina Comercial, Ltda v. GE Medical Systems Information Technologies, Inc., 369 F.3d 645, 658 (2d Cir. 2004) ("A sanction may . . . be both coercive and compensatory") (internal quotations omitted). "To the extent that a contempt sanction is coercive, the court has broad discretion to design a remedy that will bring about compliance." Paramedics, 369 F.3d at 657 (internal quotations omitted).[2]

Although a finding of contempt requires that due process be afforded to the alleged contemnor in the form of notice and an opportunity to be heard, an evidentiary hearing "is not necessary to comport with due process in all circumstances." S.E.C. v. Credit Bancorp, Ltd., 2000 WL 968010, *8 (S.D.N.Y. 2000), citing In re Rosahn, 671 F.2d 690, 695 (2d Cir. 1982). "[W]here additional procedures would be meaningless, such as where there is no real factual dispute, then the court may proceed without an evidentiary hearing. Id., citing In re Grand

---

[2] Criminal contempt, on the other hand, is a crime – a public wrong punishable by fine or imprisonment or both. See Hess v. New Jersey Transit Rail Operations, Inc., 846 F.2d 114, 115 (2d Cir. 1988). The Supreme Court has explained the nature and purpose of a court's criminal contempt power as follows:

> The interests of orderly government demand that respect and compliance be given to orders issued by courts possessed of jurisdiction of persons and subject matter. One who defies the public authority and willfully refuses his obedience, does so at his peril. In imposing a fine for criminal contempt, the trial judge may properly take into consideration the extent of the willful and deliberate defiance of the court's order, the seriousness of the consequences of the contumacious behavior, the necessity of effectively terminating the defendant's defiance as required by the public interest, and the importance of deterring such acts in the future.

United States v. United Mine Workers of Am., 330 U.S. 258, 303 (1947).

Without waiving its right to do so in the future, Barden does not seek criminal contempt orders against the contemnors at this time.

CARMODY & TORRANCE LLP
Attorneys at Law
{N0788261;6}
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

4

Jury Proceeding, 13 F.3d 459, 461 (1st Cir. 1994) (evidentiary hearing not required despite request where, inter alia, evidence available in documentary form and testimony would be repetitive); ACLI Government Securities, Inc. v. Rhoades, 989 F. Supp. 462, 466 (S.D.N.Y. 1997) (deciding contempt motion based on affidavits and exhibits).[3]

### III.  ARGUMENT

**A.  Ralph Bello, Vera Associates Limited Partnership and Attorney Umeugo are in Contempt of this Court**

The Sanctions Orders issued by this Court are clear and unambiguous. Equally clear is the fact that none of the contemnors have complied with the Sanctions Orders or made any effort whatsoever to comply. The essential elements for a finding of contempt are therefore satisfied. See New York State NOW, 886 F. 2d 1339.

**B.  The Contempt Orders Requested by Barden are a Measured and Appropriate Response to the Contemnors' Conduct.**

As discussed above, the Court has broad discretion to fashion a remedy to coerce compliance with its Sanctions Orders. Barden has proposed the following contempt orders:

a.  Finding the contemnors in contempt;

b.  Ordering the contemnors to comply with the Court's Sanctions Orders by paying Sanctions to Barden and/or in the case of Attorney Umeugo, into the Court's registry while his appeal of the Sanctions Orders is pending;

c.  Requiring the contemnors to pay Barden its reasonable attorneys' fees and costs incurred in prosecuting this motion;

---

[3] Given that the facts underlying this controversy are undisputed, Barden respectfully submits that an evidentiary hearing would serve no valuable purpose and that the matter may be decided on written submissions. Barden of course will respect the Court's determination in this regard and will present its position at an evidentiary hearing should the Court require it.

CARMODY & TORRANCE LLP  
Attorneys at Law  
{N0788261;6}  
195 Church Street  
Post Office Box 1950  
New Haven, CT 06509-1950  
Telephone: 203 777-5501  

5

    d.    Imposing a per diem fine against the contemnors until they comply with the Court's Sanctions Orders;

    e.    Suspending Attorney Umeugo's right to practice law in the District of Connecticut until he complies with the Court's Sanctions Orders; and/or

    f.    Imposing an order of conditional incarceration should the contemnor's fail to comply with the Court's Sanctions Orders.

All of these proposed contempt orders are supported by precedent and will serve the purpose of coercing the contemnors in compliance with the Court's Sanctions Orders and, if the Court awards Barden its fees and costs for bringing this motion, compensating Barden for losses resulting from their noncompliance. With the exception of the proposed order requiring the contemnors to pay Barden's reasonable attorneys' fees and costs incurred in prosecuting this motion, each proposed order allows the contemnors to "purge" themselves of their contempt at any time.

The contempt orders sought as to Attorney Umeugo are particularly appropriate given his status of an officer of this court. As the court noted in Cleveland Hair Clinic, Inc. v. Puig, 106 F.3d 165 (7th Cir. 1997), attorneys have "a special obligation to abide by judicial orders" that must be vigorously enforced by the courts:

> A lawyer dismayed by an adverse ruling must obey, however much he disagrees with its wisdom. Swift compliance is especially important when the genesis of the adverse ruling is misconduct in the litigation; refusal to make amends compounds the infraction. It is intolerable for a member of this court's bar to thumb his nose at the judicial system by refusing to pay sanctions for misconduct. We have held that even pro se litigants who fail to pay sanctions forfeit their ability to continue litigating. Lawyers must be held to higher standards.

106 F.3d 165 at 168 (internal citations and quotations omitted), citing, Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995), In re Maurice, 69 F.3d 830, 834 (7th Cir. 1995).

CARMODY & TORRANCE LLP
Attorneys at Law
{N0788261;6}
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

6

Barden's request that Attorney Umeugo's right to practice law in the District of Connecticut be suspended is therefore appropriate. Moreover, allowing Attorney Umeugo to pay his portion of the sanctions into the Court's registry pending his appeal would alleviate any concern he may have about paying the money to Barden and then prevailing in his appeal and being required to pursue Barden for return of his payment.

Finally, the courts have consistently held that imprisonment for civil contempt of an order directing the payment of money does not run afoul of any prohibition on imprisonment for debt. See, e.g., Spectacular Venture, L.P. v. World Star International, Inc., 927 F.Supp. 683, 685 (S.D.N.Y. 1996); Verone v. Taconic Telephone Corp., 826 F.Supp. 632 (N.D.N.Y. 1993) (appropriate coercive sanction consisted of requirement that attorney-contemnor pay debt in full within 30 days or be placed under arrest and held until such time as he satisfies the debt). Barden however would only advocate the use of incarceration in the event that the less severe measures it has proposed prove ineffective in coercing the contemnors into compliance.

## IV. CONCLUSION

Barden respectfully requests that the Court issue orders of contempt against the contemnors to maintain the authority of the court and to protect the due and orderly administration of justice.

CARMODY & TORRANCE LLP
Attorneys at Law
{N0788261;6}
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

7

Respectfully submitted,

*[signature]*

David S. Hardy
Federal Bar ct20904
CARMODY & TORRANCE LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
ATTORNEY FOR THE DEFENDANT
BARDEN CORPORATION
Telephone: (203) 777-5501
E-mail: dhardy@carmodylaw.com

CARMODY & TORRANCE LLP
Attorneys at Law
{N0788261;6}

195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

8

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by regular mail, postage prepaid, on the above date, to the following counsel of record:

Ikechukwu Umeugo
Umeugo & Associates, P.C.
840 Orange Avenue, 2nd Floor
West Haven, Connecticut 06516

_____
David S. Hardy

CARMODY & TORRANCE LLP
Attorneys at Law
{N0788261;6}

195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950    9
Telephone: 203 777-5501