UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RALPH BELLO AND VERA<br>ASSOCIATES LIMITED PARTNERSHIP<br>    Plaintiffs, | :<br>:<br>:<br>: | |
| v. | : | CIVIL NO. 3:01CV01531(AWT) |
| THE BARDEN CORPORATION<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>: | MAY 29, 2008 |

## MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO BARDEN CORPORATION'S MOTION FOR CONTEMPT

**1. FACTS AND PRODEDURAL BACKGROUND**

Barden Corporation's Motion for Sanction which was granted by this Court was appealed by Attorney Ikechukwu Umeugo on September 29, 2006 (See Attached Exhibit No. 1). This Appeal is still **PENDING** at the United States Appellate Court, United States Court of Appeals, 2nd Circuit in New York. In compliance with the 2nd Circuit filing deadline Attorney Ikechukwu Umeugo has filed the Appellate Brief and Joint Appendix on November 23, 2007. On December 21, 2007, Attorney Ikechukwu Umeugo filed with this Court a Motion to Stay Order to pay attorney fees and expenses pending appeal (See Attached Exhibit No. 2).

Instead of filing an Apellees's brief to the aforementioned Appeal, Barden Corporation counsel filed a Motion to Dismiss the Appeal. On December 26, 2007, Attorney Ikechukwu

1

Umeugo filed with the United States Court of Appeals an Objection to Barden's Motion to Dismiss Appeal. On May 21, 2008, Barden Corporation said Motion to Dismiss Attorney Ikechukwu Umeugo's Appeal on the basis of Lack of Jurisdiction and that the Appeal is frivolous, was **DENIED** by the United States Court of Appeals (See Attached Exhibit No.3).

Despite the very fact that this Court's decision on Motion for Sanction was appealed by Attorney Ikechukwu Umeugo, and **PENDING** at the United States Court of Appeal 2nd Circuit, Barden Corporation "through it's counsel is still demanding that Attorney Ikechukwu Umeugo pay the Monetary Sanction before the United States Court of Appeals makes it decision. This type of argument and request by Barden Corporation and its counsel is very disconcerting and a total disregard of the Federal Procedural Rules and Appellate System and thus should be denied. Attorney Ikechukwu Umeugo did not in any way or fashion disobeyed this Court by availing himself of the Appellate Provision or right to appeal and thus he is not in Contempt of this Court's order and/or decision.

2. **LEGAL STANDARD**

In _Shillitani V. United States_, *384 U.S. 364, 370, 86 S. Ct. 1531, 16 L.Ed.2d 622* (1966), the Supreme Court Stated "There can be no question that Courts have inherent power to enforce compliance with their lawful order through civil contempt". However this power can only be exercised or invoked where there is willful non-compliance to court order(s) or disobedience.

And in _Int'l Union United Mine Workers of America V. Bagwell_, *512 U.S 821, 826,-50, 114 S. Ct. 2552, 129 L. Ed. 2d 642* (1942) the Supreme Court stated: "The chief characteristic of

civil contempt is that its purpose is to compel obedience to an order of the Court….".

However in <u>Armstrong V. Guccione</u> ,*470 F. 3d 89 100* (2nd Cir. 2006) *and Maggio V Zeitz, 333 U.S. 56, 75-76, 68 S. Ct. 401, 92 L. Ed. 476* (1948) the Supreme Court Stated unequivocally that "the Court …… will not be blind to evidence that compliance is now factually impossible. <u>Where compliance is impossible, neither the moving party nor the Court has any reason to proceed with civil contempt action</u>".

In <u>EEOC V. Local,638 of Sheet Metal Worker's International Association</u>, *735 F. 2d 1172, 1178 (2d Cir. 1985), aff' d, 478 U.S. 421, 106 S. Ct. 3019, 92 L. Ed. 2d 344* (1986), the Courts made it very clear that "A Court's Inherent Power to hold a party in civil contempt may be exercised <u>only</u> when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of non compliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply".

It is a general rule in all contempt proceeding or request that due process must be afforded or provided to the non moving party especially an opportunity to be heard. In <u>Re Oliver</u>, *333 U.S. 257, 268-269, 68 S. Ct. 499, 505, 92 L. Ed. 682* (1948), the Supreme Court stressed that "at the heart of the due process clause is the traditional Anglo-American distrust for secret trial, which throughout history have been associated with institutions that obviously symbolized a menace to liberty". The Supreme Court further stated that "in view of this nation's historic distrust for secret proceedings and their inherent danger to freedom…….. the guarantee of public proceedings has always been recognized as a safeguard against any attempt to employ our Courts as instruments

of persecution". *Id. At 270, 273, 68 S. Ct. at 507.*

Further, given the burden that imprisonment imposes on an individual, a civil contempt trial that could result in an order of confinement carries with it the same concerns and purpose that lead to the requirement of a public trial in the criminal context, such as the need to assure accountability in the exercise for Judicial and Governmental power, the preservation of the appearance of fairness, and enhancement of the public's confidence in the Judicial System. See *In Re Rosahm*, 671 F.2d 690, 697 (2nd Cir. 1982)

3. **ARGUMENT**

Civil Contempt is generally defined as "a failure to obey a Court order….. or a conduct that defies the authority or dignity of a Court or Legislature" (See Black Law dictionary page 313, 7th Edition).

Given that Barden Corporation through its counsel indicated and/or admitted on page four (4) (See Barden Corporation Memorandum Footnote) of its Motion for Contempt that "it does not seek criminal contempt orders", it stands to reason that any claim, reference or argument regarding criminal contempt is a moot point and does not warrant or calls for any response from Attorney Ikechukwu Umeugo. Having said that, it is quite clear that Barden Corporation request or Motion for Contempt has no bases or merit in reason and in the law.

Civil contempt is a power or authority that the Judges or Court exercises sparingly. The Courts exercises this civil contempt only where there is clear and convincing evidence of willful disregard, disobedience or non compliance to a Court order or authority. See *EEOC V. Local, 638*

4

*of Sheet Metal Worker's International Association*, 735 F. 2d 1172, 1178 (2d Cir. 1985), aff'd, *478 U.S. 421,106 S. Ct. 3019, 92 L. Ed. 2d 344* (1986). In this case at bar Attorney Ikechukwu Umeugo did not in any way shape or fashion disregard or disobeyed this Court. Attorney Ikechukwu Umeugo Simply exercised his right to appeal this Court's decision in regards to the Sanction. To appeal a lower Court decision is not to disobey the Court or to be in contempt. If appealing a decision amounts to a civil contempt, then anyone or party to an action who appeals a decision of the Judge or Court, Including their counsel will be in contempt. This is absurd and makes no sense. Also it means that there is no need for appeal, Appellate Courts or appeal process.

      Common sense tends to suggest that to pay the Monetary Sanction and at the same time appeal it will defeat the reason for the appeal. In *Armstrong V. Guccione*, 470 F. 3d 89, 100 (2nd cir. 2006) and *Maggio V. Zeitz*, 333 U.S. 56, 75-76, 68 S. Ct. 401, 92 L. Ed. 476 (1948) the Court stated very clearly that "the Court….. will not be blind to evidence that compliance is now factually impossible where compliance is impossible neither the moving party nor the Court has any reason to proceed with civil contempt action".

      It appears very clearly that Barden Corporation's argument in support of its Motion for Contempt tend to suggest that when one exercises his right to appeal and the appeal is pending as it is in this case at bar it amounts to disobeying the Court and a civil contempt. This type of argument by Barden Corporation through his counsel is very disturbing and a clear disregard for the Federal Appellate System or process and/or the entire Federal Judicial System. This is

unheard off in the annals of American Jurisprudence. Attorney Ikechukwu Umeugo has not and has never been in contempt of this Court.

The three tier requirement needed in order to establish civil contempt according to *Armstrong Case Supra* were not satisfied or met in its case at bar. This Court's decision on Barden Corporation's Motion to Sanction was timely appealed by Attorney Ikechukwu Umeugo and the said appeal is still pending at the United States Court of Appeals 2nd Circuit in New York. Since there is a pending appeal by Attorney Ikechukwu Umeugo it is clear that he was not disobeying the Court by filing such appeal. See *EEOC V. Local 28 of Sheet Metal Worker's International Association, 753 F. 2d 1172, 1178 (2nd Cir. 1985), aff'd, 478 U.S. 421, 106 S. Ct. 3019, 92 L Ed. 2d 344* (1986).

If this Court forces Attorney Ikechukwu Umeugo to pay the Monetary Sanction which is currently pending on appeal, it will defeat the whole purpose of appealing the case. Moreover, Barden Corporation's Motion to Dismiss the appeal on the basis of Lack of Jurisdiction and that the appeal is frivolous was **DENIED** on May 21, 2008, by the United States Court of Appeals 2nd Circuit. (See Attached Exhibit No. 3)

Further Barden Corporation has failed to cite any case law to support its claim or implied claim that the appeal filed by Attorney Ikechukwu Umeugo and currently pending in the United States Court of Appeals 2nd Circuit, amounted to non-compliance or disobeying this Court's decision or authority of the Court to protect the due orderly administration of Justice.

Barden Corporation through its counsel did not articulate or submit any credible evidence

whatsoever or prejudicial reason as to why it should not wait for outcome of the pending appeal. If Attorney Ikechukwu Umeugo prevails on his appeal there will be no Sanction or Monetary Sanction.

The very fact that the United States Court of Appeals 2nd Circuit **DENNIED** Barden Corporation's Motion to Dismiss Attorney Ikechukwu's appeal on the basis of Lack of Jurisdiction and that his appeal was frivolous (See Attached Exhibit No. 3) is a clear evidence and indication that Barden Corporation's Motion for Contempt should be denied.

Barden Corporation baseless Motion for Contempt on the face of a pending Appeal is designed to intimidate, discourage a viable appeal and to undermine the Federal Appellate Judicial System and/or to defy the authority of the Federal Court of Appeals.

Since, Attorney Ikechukwu Umeugo did not disobey the order of this Court but simply appealed the Monetary Sanction and the said appeal is currently pending at the United States Court of Appeals 2nd Circuit and Barden Corporation's Motion to Dismiss the Appeal was **DENIED** by the Appellate Court (See Attached Exhibit No. 3), it stands to reason that this Court should deny Barden Corporation's request to find Attorney Ikechukwu Umeugo in contempt and should not order Attorney Ikechukwu Umeugo to pay the Monetary Sanctions while his appeal of the Sanctions Order is pending; neither should the Court impose a per diem fine against Attorney Ikechukwu Umeugo or suspend Attorney Ikechukwu Umeugo's right to practice law in the District of Connecticut or incarcerate him.

## CONCLUSION

Based on the aforementioned reasons, arguments, and law, Attorney Ikechukwu Umeugo respectfully requests this Court to deny Barden Corporation's request to issue orders of contempt against Attorney Ikechukwu Umeugo.

**RESPECTFULLY SUBMTTED,**

By: _____/s/_____
Ikechukwu Umeugo (ct04536)
Umeugo & Associates, P.C.
620 Boston Post Rd.
P.O. Box 26373
West Haven, CT 06516
(203) 931-2680 Phone
(203) 931-2682 Fax
Email: umeugoandassociates@snet.net

## CERTIFICATION

This is to certify that a copy of the foregoing was filed electronically this 29th day of May, 2008. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

A copy of the foregoing has been mailed, US Mail, postage prepaid on May 29, 2008 to:

Attorney David S. Hardy
Carmody & Torrance, LLP
195 Church Street

P.O. Box 1950
New Haven, CT 06509-1950

                                                     /s/
                                       Ikechukwu Umeugo