UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RALPH BELLO AND VERA ASSOCIATES
LIMITED PARTNERSHIP,
                        Plaintiffs     :    CIVIL ACTION NO.

v

                                          :    3:01CV01531 (AWT)

BARDEN CORPORATION,
                        Defendant    :    June 5, 2008

### REPLY TO ATTORNEY UMEUGO'S OBJECTION TO BARDEN CORPORATION'S MOTION FOR CONTEMPT

Barden Corporation ("Barden") has moved the Court to hold Attorney Ikechukwu Umeugo ("Attorney Umeugo") and his clients, Ralph Bello and Vera Associates Limited Partnership (the "Plaintiffs"), in contempt for failing to pay Barden's attorney fees and litigation expenses pursuant to the Court's October 22, 2007 amended order which requires them to do so (Doc. No. 87, hereinafter the "Amended Fees Order"). Attorney Umeugo advances several arguments in support of his position that Barden's contempt motion (Doc. No. 96) should be denied. All of those arguments are spurious.

Attorney Umeugo also purports to give notice in his objection (Doc. No. 97, hereinafter the "Objection") to Barden's contempt motion that he no longer represents the Plaintiffs in this matter. He has not heretofore made Barden aware of his withdrawal of his representation of those parties nor, and more importantly, has he shown that the conditions set out in the Court's order denying his prior motion to withdraw (Doc. No. 79) have been satisfied. Barden respectfully submits that Attorney Umeugo's purported unilateral notice of withdrawal places him in contempt of that order as well.

CARMODY & TORRANCE LLP    195 Church Street
Attorneys at Law                         Post Office Box 1950
                                             New Haven, CT 06509-1950
                                             Telephone: 203 777-5501

## ARGUMENT

### I. ATTORNEY UMEUGO'S ARGUMENT THAT BARDEN'S MOTION FOR CONTEMPT SHOULD BE DENIED BECAUSE OF THE PENDENCY OF HIS APPEAL IS SPURIOUS.

Attorney Umeugo argues that Barden's contempt motion should be denied because he has appealed the Court's ruling on Barden's Motion for Sanctions (said ruling being Doc. No. 72 and hereinafter referred to as the "Sanctions Ruling").[1] The filing of Attorney Umeugo's appeal did not automatically stay his obligation to comply with the requirements of the Amended Fees Order. This is so because he has not posted a supercedeas bond or provided other adequate security with regard to his obligations under that order.[2]

Fed. R. Civ. P. 62(d) provides in pertinent part that:

> When an appeal is taken the appellant by giving a supercedeas bond <u>may obtain a stay</u> subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of the filing the notice of appeal or if procuring the order allowing the appeal, as the case may be. <u>The stay is effective when the supercedeas bond is approved by the court</u> (emphasis added).

Fed. R. Civ. P. 62(a) provides in pertinent part that:

> Except as stated herein, no execution shall issue upon a judgment <u>nor shall proceedings be taken for its enforcement</u> until 10 days after its entry (emphasis added).

The courts have held that an appellant is entitled to a stay as a matter of right when he or she has provided a supercedeas bond to protect the rights of the appellee. See e.g. <u>Hebert v. Exxon Corp.</u>, 953 F.2d 936, 938 (5th Cir. 1992) (A party appealing a money judgment is

---

[1] <u>See</u> Attorney Umeugo's memorandum in support of the Objection at pages 2 and 7.
[2] Barden adopts the following definition of the phrase "supercedeas bond": A supercedeas bond is a contract by which a surety obligates itself to pay a final judgment rendered against its principal under the conditions stated in the bond. <u>See</u> C.J. S. *Appeal and Error*, § 433 (2007).

CARMODY & TORRANCE LLP
Attorneys at Law

195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

2

entitled to an automatic stay upon posting a supercedeas bond). A different result obtains where a party has failed to comply with an order that remains in full force and effect because a supercedeas bond has not been posted. See e.g. Blackwelder v. Crooks, 151 F. Supp. 26, 27-28 (D.D.C. 1957), rev'd on other grounds, 252 F.2d 854 (D.C. Cir. 1958), where that court held:

> The Court then directed Blackwelder ... to pay the money over to the conservator, or in the alternative, deposit it with the Registry of the Court, not later than January 22, 1957.
>
> * * *
>
> This order had not been complied with. The money has not been paid over to the conservator and has not been deposited into the Registry of the Court. Having violated the order of the Court, the respondents are obviously guilty of contempt.
>
> It is urged on their behalf that this court has no jurisdiction to entertain a motion to punish for contempt in view of the fact that an appeal from the order of the Court has been taken and is now pending in the United States Court of Appeals. No supercedeas, however, has been obtained, and therefore the order is in effect and must be obeyed.
>
> Rule 62 of the Federal Rules of Civil Procedure, 28 U.S.C.A. explicitly provides that when an appeal is taken, the appellant by giving a supercedeas bond may obtain a stay. The necessary implication is that without giving a supercedeas bond or unless otherwise ordered by the Court, the order is not stayed, even though an appeal is pending. Otherwise, a person could completely frustrate judicial proceedings by disobeying an order of the Court during the pendency of an appeal without giving any security that it will be complied with in the event of an affirmance. The law is not as helpless in that respect as counsel would urge. (emphasis added)

See also Verone v. Taconic Telephone Corp., 826 F. Supp. 632, 633 – 635 (N.D. N.Y. 1993) (Holding plaintiff's attorney in civil contempt was warranted for his failure to comply with a

CARMODY & TORRANCE LLP  
Attorneys at Law  
195 Church Street  
Post Office Box 1950  
New Haven, CT 06509-1950  
Telephone: 203 777-5501  

3

district court's order requiring the attorney to pay his share of Rule 11 sanctions imposed on the attorney and his client after civil action was dismissed as frivolous).

Attorney Umeugo has not: (1) paid any portion of the award that was entered against him in the Amended Fees Order, (2) posted a supercedeas bond, or (3) provided other reasonable security in this matter. More then 10 days have elapsed since the entry of the Amended Fees Order. Hence, Barden is not precluded from seeking enforcement of Attorney Umeugo's obligations under the Amended Fees Order simply because he has filed an appeal of the Sanctions Ruling.[3] His argument to the contrary is spurious.

## II. ATTORNEY UMEUGO'S ARGUMENT THAT BARDEN IS SEEKING TO HAVE HIM HELD IN CONTEMPT BECAUSE HE ELECTED TO APPEAL THE SANCTIONS RULING IS SPURIOUS.

Attorney Umeugo argues that Barden's contempt motion should be denied because Barden is seeking to have him punished for appealing the Sanctions Ruling.[4] That is not the case. Barden has brought its motion for contempt because: (1) it has a present right to seek enforcement of the Amended Fees Order, (2) it has twice demanded that Attorney Umeugo satisfy his obligations under that order, (3) it has given Attorney Umeugo notice that it would seek to have him held in contempt if he did not satisfy his obligations under the Amended Fees Order, (4) he has failed to satisfy those obligations by paying the amounts due under that order and (5) he has failed to post a supercedeas bond or provided other

---

[3] Barden is not required to prove that Attorney Umeugo's and/or his client's failure to satisfy their obligations under the Amended Fees Order was willful before it can seek to have them held in contempt for violating the Amended Fees Order. See e.g. EEOC v. Local 638 ... Local 28 of the Sheet Metal Worker's Int'l Assoc., 753 F.2d 1172, 1178 (2nd Cir. 1985), aff'd 478 U.S. 421 (1986) (It is not necessary to show that defendants violated the district court's orders willfully where they have not been reasonably diligent and energetic in attempting to accomplish what was ordered ).

[4] See memorandum in support of Objection at pages 2, 5, 6 and 7.

security for said obligations. Hence, Attorney Umeugo's argument that Barden is seeking to have him held in contempt for appealing the Sanctions Ruling is spurious.

### III. ATTORNEY UMEUGO'S ARGUMENT THAT BARDEN'S MOTION FOR CONTEMPT SHOULD BE DENIED BECAUSE OF THE SECOND CIRCUIT'S RULING ON BARDEN'S MOTION TO DISMISS HIS APPEAL IS SPURIOUS.

Attorney Umeugo argues that Barden's contempt motion should be denied because the Second Circuit Court of Appeals denied Barden's motion to dismiss his appeal.[5] The denial of the motion to dismiss however merely means that the merits of the appeal will now be briefed, argued and decided. The status of the appeal is completely irrelevant to the issue of whether Attorney Umeugo is in contempt. The Sanctions Ruling is presently enforceable and Attorney Umeugo has not obtained or posted a bond in support of a stay of the Sanctions Ruling.

### IV. ATTORNEY UMEUGO'S ARGUMENT THAT BARDEN'S MOTION FOR CONTEMPT SHOULD BE DENIED BECAUSE BARDEN HAS NOT SHOWN THAT IT WILL BE PREJUDICED IF IT IS REQUIRED TO WAIT FOR A DECISION ON HIS APPEAL IS SPURIOUS.

Attorney Umeugo further argues that Barden's contempt motion should be denied because Barden has not shown that it will be prejudiced if it is required to wait for a decision on his appeal[6]. The Circuit Court of Appeals for the District of Columbia addressed this issue in Federal Prescription Servs. v. Am. Pharm. Assoc. et al., 636 Fed. 2d 755,760-761 (D.C. Cir. 1980) as follows:

> The purpose of the supercedeas bond is to secure the appellee from loss resulting from a stay of execution. Because the stay operates to the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supercedeas bond should be the requirement in normal circumstances such as where there is some

---

[5] See memorandum in support of Objection at pages 2, 6 and 7.
[6] See memorandum in support of Objection at pages 6 – 7.

CARMODY & TORRANCE LLP
Attorneys at Law
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

5

> <u>reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy judgment in full upon the ultimate disposition of the case</u> and where posting (of) adequate security is practicable. <u>In unusual circumstances, however, the district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery.</u> (emphasis added)

Barden incurred the costs that are the subject of the Amended Fees Order during 2001 and 2002. Barden is concerned that Attorney Umeugo may take the position that he is either unwilling or unable to satisfy his obligations under the Amended Fees Order if and when the Second Circuit's affirms the Sanctions Ruling.[7] Barden would obviously be prejudiced if it is required to complete the appellate process only to find out that Attorney Umeugo remains adamant in his refusal to satisfy his obligations under the Amended Fees Order or is unable to do so.[8] Contrary to Attorney Umeugo's arguments, the potential for prejudice to Barden is real.

## V. <u>ATTORNEY UMEUGO'S ARGUMENT THAT BARDEN'S MOTION FOR CONTEMPT SHOULD BE DENIED BECAUSE A RULING ON THAT MOTION WOULD BE UNJUST IS SPURIOUS.</u>

Attorney Umeugo asks the Court to deny Barden's contempt motion because to grant it would be "unjust". Barden has asked the Court to hold Attorney Umeugo in contempt because he has failed to comply with the Amended Fees Order since its issuance approximately seven months ago. In the interest of fairness, Barden has asked the Court to require that Attorney Umeugo deposit his portion of the sanctions award into the Court's

---

[7] Barden fully anticipates that the Second Circuit will affirm the Sanctions Ruling. If Attorney Umeugo's appeal is found to be frivolous, Barden will also seek recovery of its costs on appeal pursuant to Fed. R. App. P. 38.

[8] Attorney Umeugo cites <u>Armstrong v. Guccione</u>, 470 F3d 89, 100 (2nd Cir. 2006) for the proposition that "where compliance is factually impossible, there is no reason to proceed with a civil contempt action." See OM at 3 and 5. He does not explain why his compliance with the requirements of the Amended Fees Order is "factually impossible" anywhere in his brief.

CARMODY & TORRANCE LLP
Attorneys at Law
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

6

Registry pending the resolution of his appeal so that he would not be required to ask Barden for the return those monies should he succeed in his appeal. Barden, on the other hand, faces the possibility that Attorney Umeugo will remain in default of his obligations under the Amended Fees Order even if his appeal is resolved against him. This would occur after he has caused Barden to incur considerable additional costs to address the numerous unfounded issues that he has raised in his appeal. Barden respectfully submits that Attorney Umeugo's argument that its motion for contempt should be denied because a ruling on that motion would be unjust is spurious.

### VI. ATTORNEY UMEUGO'S UNILATERAL ANNOUNCEMENT THAT HE NO LONGER REPRESENTS THE PLAINTIFFS IN THIS MATTER RENDERS HIM IN CONTEMPT OF THE COURT'S ORDER WHICH PLACED CONDITIONS ON HIS WITHDRAWING FROM THEIR REPRESENTATION.

Attorney Umeugo gratuitously announces in his objection to Barden's contempt motion that he no longer represents the Plaintiffs in this matter.[9] This purported unilateral action is in flagrant violation of the Court's order that he continue to represent the Plaintiffs until certain conditions are satisfied. It also raises the possibility that the Plaintiffs are unaware of all of Barden's efforts to enforce its rights under the Amended Fees Order including, but not limited to, this motion to hold them in contempt.

As noted above, the Court handed down its Sanctions Ruling on September 26, 2006. Attorney Umeugo moved for leave to withdraw from his representation of the Plaintiffs in this matter on December 5, 2006 (Doc. No. 78), which motion was denied without prejudice on December 14, 2006 (Doc. No. 79). The Court's order denying Attorney Umeugo's motion to withdraw provides as follows:

---

[9] See the Objection at page 1.

CARMODY & TORRANCE LLP  
Attorneys at Law

195 Church Street  
Post Office Box 1950  
New Haven, CT 06509-1950  
Telephone: 203 777-5501

7

> Attorney Ikechukwu Umeugo's Motion to Withdraw ... is hereby
> DENIED, without prejudice to renew (1) with respect to Ralph
> Bello only in the event that Mr. Bello files an appearance pro se or
> an attorney files an appearance on Mr. Bello's behalf and (2) with
> respect to Vera Associates Limited Partnership ("Vera
> Associates"), only in the event that an attorney files an appearance
> on behalf of Vera Associates. (emphasis in original)

It is evident from the language (and the emphasis placed on the language) in that order that Attorney Umeugo cannot withdraw from his representation of the Plaintiffs until they obtain other representation of record and until he files a second motion for leave to withdraw. Neither of those conditions has been satisfied.

Barden has been serving Attorney Umeugo with its demands for payment and its motion for contempt as to the Plaintiffs anticipating that he was forwarding them to his clients in a timely manner.[10] If Attorney Umeugo has unilaterally decided to terminate his representation of the Plaintiffs, it raises the serious question as to whether they have received notice of Barden's second demand for payment and/or its motion for contempt. The only response the Plaintiffs have made to either of the undersigned's demand letters is Mr. Bello's December 2007 letter.[11] The Plaintiffs have not made any response to Barden's contempt motion which appears to be out of character for Mr. Bello. The Plaintiffs' silence as to Barden's second demand letter and to its contempt motion suggests that they are not aware of either. Barden respectfully requests that Attorney Umeugo be compelled to demonstrate that he provided the Plaintiffs timely, effective and full notice of Barden's

---

[10] Barden's two demand letters are appended as exhibits to the Undersigned's affidavit in support of Barden's motion for contempt.

[11] It is clear that Mr. Bello received Barden's first demand for satisfaction of his and his company's obligations under the Amended Fees Order because he wrote a letter to the undersigned expressing his outrage with regard to that demand. Attorney Umeugo has elected to characterize that letter as Mr. Bello's appearance to proceed pro se. See the Objection at page 1. Barden respectfully submits that Mr. Bello's letter is a rant and is not evidence of his intent to proceed pro se.

CARMODY & TORRANCE LLP    195 Church Street
Attorneys at Law                      Post Office Box 1950
                                      New Haven, CT 06509-1950
                                      Telephone: 203 777-5501

8

second demand for the satisfaction of their obligations under the Amended Fee Order and of its contempt motion.

Barden respectfully submits that Attorney Umeugo's unilateral announcement of his withdrawal of his representation of the Plaintiffs is in direct violation of the Court's order which establishes the conditions precedent to his being allowed to effect such withdrawals and is, thereby, contemptuous.

## CONCLUSION

Attorney Ikechukwu Umeugo, Plaintiff Ralph Bello and Plaintiff Vera Associates Limited Partnership have failed to satisfy their respective obligations under the Amended Fees Order. Barden has demanded satisfaction of those obligations and has given notice that it will seek to have Attorney Umeugo and his clients held in contempt if they fail to meet their obligations under the Amended Fees Order. Barden respectfully submits that in light of the foregoing, Attorney Umeugo and his clients should be held to be in contempt for violating their obligations under that order and should continue to be held in contempt until their respective obligations are fully satisfied. Barden further respectfully submits that: (1) Attorney Umeugo may purge his contempt by posting a supercedeas bond in an appropriate amount or by paying the amounts due under the Amended Fees Order (together with other appropriate costs) to the Court's Registry and (2) the Plaintiffs may purge their contempt by paying Barden the amounts due under the Amended Fees Order.

Barden respectfully requests that Attorney Umeugo and his clients (1) be held in contempt until they satisfy their obligations under the Amended Fees Order, (2) be required to pay interest on the amounts due under said order from the date of entry of the Amended Fees Order through the date of payment due to the length of time that has transpired since

CARMODY & TORRANCE LLP
Attorneys at Law

195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

9

the entry of that order and (3) be required to pay the costs Barden has incurred to bring this motion. Barden further respectfully requests that Attorney Umeugo's motion to stay satisfaction of his obligations under the Amended Fees Order be denied for the reasons discussed above.

Respectfully submitted,

David S. Hardy
Federal Bar ct20904
CARMODY & TORRANCE LLP
195 Church Street
New Haven, Connecticut 06509-1950
ATTORNEY FOR THE DEFENDANT
BARDEN CORPORATION
Telephone: (203) 777-5501
E-mail: dhardy@carmodylaw.com

CARMODY & TORRANCE LLP
Attorneys at Law
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

10

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by regular mail, postage prepaid, on the above date, to the following counsel of record:

Ikechukwu Umeugo
Umeugo & Associates, P.C.
840 Orange Avenue, 2nd Floor
West Haven, Connecticut 06516

*/s/ David S. Hardy*
David S. Hardy