UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RALPH BELLO AND VERA
ASSOCIATES LIMITED PARTNERSHIP :
    Plaintiffs,

v.                                         CIVIL NO. 3:01CV01531(AWT)

THE BARDEN CORPORATION
    Defendant.

                                         JUNE 16, 2008

**RESPONSE TO BARDEN CORPORATION'S REPLY TO THE OBJECTION TO**

**BARDEN CORPORATION'S MOTION FOR CONTEMPT**

    Attorney Ikechukwu Umeugo respectfully submits the following as a response to Barden Corporation's Reply to the Objection to its Motion for Contempt. Attorney Umeugo's arguments in his objection to Barden Corporation's Motion for Contempt, is not spurious in anyway shape or fashion. Thus Barden Corporation Motion for Contempt should be denied.

    The fact that, Attorney Umeugo is no longer representing the Plaintiffs, does not amount to contempt. Attorney Umeugo simply stated in his Objection that he does not represent the Plaintiffs any more as evidenced by Barden Corporation's exhibit B in which the Plaintiff Mr. Bello communicated directly to Barden Corporation's Counsel without Attorney Umeugo's knowledge via a letter dated December 31, 2007. The fact that the Plaintiff, Mr. Bello,

1

communicated directly to Barden Corporation's Counsel and to Court via Judge Thompson is a clear evidence that the attorney client relationship with the Plaintiffs have mutually severed and Attorney Umeugo no longer represents the Plaintiffs. The Plaintiffs via Mr. Bello, has indicated that he does not want Attorney Umeugo to represent him and the feeling is mutual. The fact that the Plaintiffs via Ralph Bello's, letter communicated directly with Barden Corporation and the Court via Judge Thompson, supports Attorney Umeugo's representation or position that he does not represent the Plaintiffs any more. The Plaintiffs and counsel to Barden Corporation Attorney Hardy are quite aware of Attorney Umeugo's position that he does not represent the Plaintiffs any longer. The fact that Attorney Umeugo stated that to Barden Corporation Counsel during the Appellate Conference call that he does not represent the Plaintiffs, and Mr. Bello communicated directly to Attorney Hardy and the Court without Attorney Umeugo's knowledge via letter dated December 31, 2007 is a clear conformation or evidence to the effect that the Plaintiffs do not want Attorney Umeugo to represent them and the relationship has severed (See Attached Exhibit No. 1).

Attorney Umeugo provided and/or sent to the Plaintiffs the Appearance form and has clearly communicated to the Plaintiffs via letters that he does not represents them any longer in the above referenced post-settlement matter (See Attached Exhibit No. 5). Attorney Umeugo should not be punished or forced into involuntary servitude when it is quite clear that the Plaintiffs have decided not to file an appearance or retain another counsel or appeal their portion

of the Court's decision on Sanctions. To force Attorney Umeugo to represent the Plaintiffs against his will is no doubt unfair and will amount to an injustice and involuntary servitude which are prohibited by the United States Laws and Constitution. Attorney Umeugo is not in Contempt of any of the Court Order.

## ARGUMENT

1.   ATTORNEY UMEUGO'S ARGUMENT THAT BARDEN CORPORATION'S MOTION FOR CONTEMPT SHOULD BE DENIED BECAUSE OF THE PENDENCY OF HIS APPEAL IS NOT SPURIOUS.

Attorney Umeugo's Argument that Barden Corporation's Motion for Contempt should be denied because of the pendency of his Appeal is not Spurious on any grounds. For instance the very fact that Barden Corporation's Motion to Dismiss Attorney Umeugo's Appeal on basis of Lack of Jurisdiction and that the Appeal was frivolous was <u>DENIED</u> by the United States Court of Appeals for 2nd Circuit (See Attached Exhibit No. 7) is a clear indication that Attorney Umeugo's Appeal has merit.

Secondly it appears that Barden Corporation's Counsel in the said Motion to Dismiss had argued everything, that he can possibly argue on the Appellees Brief and still the United States Court of Appeals for 2nd Circuit <u>DENIED</u> Barden Corporation's Motion to Dismiss,(See Attached Exhibit No. 7) proves that Attorney Umeugo's Appeal has merit.

Thirdly it stands to reason that Attorney Umeugo's Appeal of the this Court's Judgment to

Sanction should estop enforcement of such Judgment until the Appellate Court has ruled and/or makes a decision regarding issues raised on Appeal. Also Attorney Umeugo has filed with this Court a Motion to Stay, PENDING Appeal. (See Court File).

Further, the case cited by Barden Corporation i.e., *Blackwelder V. Crooks, 151 Supp. 26, 27-28 (D.D.C.1957)* is not on point or does not help the Barden Corporation argument and is not applicable to this case. Because in *Black welder Case* supra the Court directed "Blackwelder to pay money over to the Conservator, or in the Alternative deposit it with the Registry of Court…(within a Specific Time Period) no later than January 22, 1957". That is not the case with Attorney Umeugo, because this Court has not ordered him to do so.

2- ATTORNEY UMEUGO'S ARGUMENT THAT BARDEN CORPORATION IS SEEKING TO HAVE HIM HELD IN CONTEMPT BECAUSE HE ELECTED TO APPEAL THE SANCTIONS IS NOT SPURIOUS.

Attorney Umeugo's argument that Barden Corporation is seeking to have him held in Contempt because he elected to Appeal the Sanction is not Spurious, because it is clear from Barden Corporation's Motion for Contempt and its Counsel relentless effort in pursing such, when they knew that its Motion to Dismiss Attorney Umeugo's Appeal based on Lack of Jurisdiction and that the Appeal was frivolous was DENIED by the United States Court of Appeals for 2nd Circuit. (See Attached Exhibit No. 7)

3- ATTORNEY UMEUGO'S ARGUMENT THAT BARDEN CORPORATION'S

MOTION FOR CONTEMPT SHOULD BE DENIED BECAUSE OF THE SECOND CIRCUIT'S RULING ON BARDEN CORPORATION MOTION TO DIMISS HIS APPEAL IS NOT SPURIOUS.

Attorney Umeugo's Argument that Barden Corporation's Motion for Contempt should be denied because of the 2nd Circuit's ruling on Barden Corporation's Motion to Dismiss his Appeal is not spurious in anyway shape or fashion. The very fact that Barden Corporation's Motion to Dismiss Attorney Umeugo's Appeal on the basis of Lack of Jurisdiction and that his Appeal was frivolous was <u>DENIED</u> by the United States Court of Appeals for 2nd Circuit clearly shows that Attorney Umugo's Appeal has merit contrary to Barden Corporation's argument.

Barden Corporation Counsel's argument and/or statement that the United States Court of Appeals for 2nd Circuit's decision to deny its Motion to Dismiss Attorney Umeugo's Appeal is <u>IRRELEVANT</u> (See Barden Corporation's Reply to Attorney Umeugo's Objection to Motion for Contempt, page 5 paragraph 1), is extremely sad, disconcerting and shameful even to relate in any civilized society or legal community and shows a total lack of recognition, respect and appreciation for the United States Appellate Judicial Process, on the part of Barden Corporation Counsel.

As to Barden Corporation's 4th and 5th arguments, Attorney Umeugo has already addressed them in his Objection to Motion for Contempt dated May 29, 2008.

6-   ATTORNEY UMEUGO'S INDICATION THAT HE NO LONGER REPRESENTS THE

PLAINTIFFS IN THE MATTER DOES NOT RENDER HIM IN CONTEMPT OF THE COURT'S ORDER.

Attorney Umeugo's indication that he does not represent the Plaintiffs is not a violation of the Court Order. Attorney Umeugo has a right as to whom he should represent. Attorney Umeugo is not in servitude and/or slavery as to representing Litigants. This is in accord and/or in harmony with the Laws of the United States and the Legal Community.

Further, the Plaintiffs via Mr. Bello have expressed their feeling that they do not want Attorney Umeugo to represent them.

Attorney Umeugo has communicated to the Plaintiffs that he does not represent them any longer and has provided to the Plaintiffs <u>Appearance Form</u> to either file appearance or have another lawyer file an appearance for them. (See Attached Exhibits No. 2-5).

Since the Plaintiffs chose not to file an Appearance and/or retain another Counsel to represent them, it will amount to apparent injustice to punish and/or force Attorney Umeugo to represent the Plaintiffs. It should be noted that involuntary servitude and/or slavery has been abolished in the United States. (See the United States Constution)

Contrary to Barden Corporation's Counsel's apparent false and incorrect assumption or argument, that Attorney Umeugo was not forwarding its demands for payment and its Motion for Contempt to Plaintiffs; Attorney Umeugo has forwarded and/or provided to the Plaintiff's Notice of Demand for Payment by Barden Corporation and/or its Motion for Contempt (See Attached

Exhibits 2-5) As a matter of fact Barden Corporation's Counsel David Hardy, stated in his letter dated February 14, 2008, paragraph 2 that "Barden's demand apparently prompted Mr. Bello, to send a non responsive letter to him dated December 31, 2007". (See Attached Exhibit No. 6) If Barden Corporation's demand apparently prompted Mr. Bello's response according to Barden Corporation's Counsel Attorney David Hardy; it is disconcerting for him to turn around and falsely represent to Court that Attorney Umeugo did not forward the said Demand and Motion for Contempt to the Plaintiffs. Once again it is important that this Court take note that the Plaintiff Ralph Bello has already communicated directly to Barden Corporation Counsel and the Court in his letter dated December 31, 2007 without Attorney Umeugo's knowledge (See Attached Exhibit 1) an indication and/or action or implied action that Attorney Umeugo does not represent them any longer.

## CONSLUSION

Based on the aforementioned reasons, arguments, and law, Attorney Ikechukwu Umeugo respectfully requests this Court to deny Barden Corporation's Request to Issue Orders of Contempt against Attorney Ikechukwu Umeugo.

RESPECTFULLY SUBMTTED,

By: _____

Ikechukwu Umeugo (ct04536)
Umeugo & Associates, P.C.
620 Boston Post Rd.
P.O. Box 26373
West Haven, CT 06516
(203) 931-2680 Phone
(203) 931-2682 Fax
Email: umeugoandassociates@snet.net

## CERTIFICATION

This is to certify that a copy of the foregoing was filed electronically this 16th day of June, 2008. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

A copy of the foregoing has been mailed, US Mail, postage prepaid on June 16, 2008 to:

Attorney David S. Hardy
Carmody & Torrance, LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950

_____
Ikechukwu Umeugo