```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
- - - - - - - - - - - - - - - - - -
RALPH BELLO AND VERA ASSOCIATES    :
LIMITED PARTNERSHIP,               :
                                   :
              Plaintiffs,          :
                                   :
         v                         :    3:01cv01531 (AWT)
                                   :
BARDEN CORPORATION,                :
                                   :
              Defendant.           :
- - - - - - - - - - - - - - - - - -
```

### ORDER RE BARDEN CORPORATION'S MOTION FOR AN ORDER REQUIRING ATTORNEY IKECHUKWU UMEUGO TO POST A BOND FOR COSTS ON APPEAL

Barden Corporation ("Barden") has moved, pursuant to the court's inherent power and Fed. R. App. P. 7, for an order for an order compelling Attorney Ikechukwu Umeugo ("Umeugo") to post a bond for appellate costs in the amount of $20,000. In addition, Barden has requested an order providing that the costs covered by any bond include its attorneys' fees on appeal, and a finding that the appeal by Attorney Umeugo is frivolous. For the reasons set forth below, Barden's motion is being granted in part and denied in part.

    **I.   The Requirement of an Appeal Bond**

With respect to Barden's motion for an appeal bond, the court must decide (1) whether Attorney Umeugo is required to post a bond, and (2) the costs covered by any bond that is required. Fed. R. App. P. 7 provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other

-1-

security in any form and amount necessary to ensure payment of costs on appeal." Rule 7 is designed to protect an appellee against the risk of nonpayment by an unsuccessful appellant of costs on appeal. See Adsani v. Miller, 139 F.3d 67, 70 (2d Cir. 1998). District courts within the Second Circuit have considered several factors in determining whether to require an appellant to post a bond under Rule 7, including "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct." In re AOL Time Warner Inc., Securities and "Erisa" Litigation, 2007 WL 2741033 at *2 (S.D.N.Y. 2007); Baker v. Urban Outfitters, Inc., 2006 WL 3635392 at *1 (S.D.N.Y. 2006).

With respect to the first factor, Attorney Umeugo has not submitted any financial information and does not argue that he lacks the financial ability to post a bond. He does not claim that the size of the bond would constitute an unconstitutional burden on his right to appeal, nor does he oppose the bond on any particularized grounds of financial hardship. See Adsani, 139 F.3d at 76. In the absence of evidence of an inability to post a bond, the court concludes that this factor weighs in favor of Barden.

With respect to the second factor, Barden states that the

purpose of its request is "to ensure that there will be a source of payment of the costs that it has already incurred and that [it] will continue to incur to defend the Umeugo Appeal. . ." Pl.'s Mem. at 9.  However, as Attorney Umeugo notes, Barden does not allege any particular facts or provide any evidence that there is a substantial risk of non-payment by Attorney Umeugo if he loses his appeal.  Therefore, the court concludes that the second factor weighs in favor of Attorney Umeugo.

With respect to the third factor, i.e. the merits of the appeal, the court concludes that this factor does not favor either side.  "A district court familiar with the contours of the case appealed, has discretion to impose a bond which reflects its determination of the likely outcome of the appeal."  <u>Adsani</u>, 139 F.3d at 79.  Attorney Umeugo is appealing this court's Ruling on Motion for Sanctions (the "Ruling") (Doc. No. 72).  In the Ruling, the court concluded:

> that plaintiffs' counsel should be sanctioned for commencing and continuing an action in bad faith, vexatiously, wantonly and for oppressive reasons. The court has concluded that plaintiffs' counsel pursued the action against Barden, and the companies with which it conducted a joint defense, as part of a course of conduct calculated to harass defendants in the lawsuits he filed in federal court into settlement for the nuisance value of the litigation rather than incurring the full costs of a defense, as opposed to entering into settlements as a means to resolve an honest dispute.

<u>See</u> Ruling at 24.  The court further explained the factual and legal basis for this conclusion in considerable detail.

Consequently, the court awarded Barden "attorney's fees and expenses in the total amount of $99,954; $67,192 of that amount is awarded jointly against plaintiffs Ralph Bello and Vera Associates Limited Partnership and plaintiff's counsel Attorney Ikechukwu Umeugo, and $32,762 of that amount is awarded solely against plaintiff's counsel Attorney Ikechukwu Umeugo." See Order Re Barden Corporation's Application for Attorneys' Fees and Expenses (Doc. No. 84) (the "Order").  Although the court concluded that there was substantial evidence to support its findings of fact and also that there was controlling precedent that set forth the applicable legal principles, the court found no case directly on point.  Thus there is no basis for a conclusion as to whether the Court of Appeals will apply the applicable legal principles to the facts in the same way this court did, particularly in light of the amounts of the sanctions imposed.

With respect to the fourth factor, the court finds that Attorney Umeugo has shown bad faith or vexatious conduct during the course of this litigation.  In fact, such conduct on his part formed the basis for the court's ruling on Barden's motion for sanctions, which Attorney Umeugo is now appealing.  Therefore, the fourth factor weighs heavily in favor of Barden.

Based on a review of these factors, the court concludes that an appeal bond is appropriate in this case.

**II. Costs Covered by the Appeal Bond**

Barden states that "the $20,000 sum represents Barden's reasonably anticipated fees and costs that will be incurred in defending Attorney Umeugo's appeal." Pl.'s Mem. at 1, n. 1. Barden does not elaborate on how it arrived at this sum, nor does it break down its costs by category. Based on the memorandum submitted by Barden, it appears that this $20,000 sum represents the total of (1) taxable costs specified by Fed. R. App. P. 39, (2) double the total amount of costs should the court determine that Attorney Umeugo's appeal is frivolous under Fed. R. App. P. 38, and (3) attorneys' fees that will be incurred in the course of defending the appeal.

A district court may include costs listed in Rule 39(e) when calculating the amount of an appeal bond. Fed. R. App. P. 39(e) states:

> The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule: (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal.

Therefore, the court concludes that any such amounts should be included in the required appeal bond.

Barden has requested that the court increase the total amount of costs included in the appeal bond in anticipation of a Rule 38 award of double costs by the Court of Appeals. Fed. R.

App. P. 38 states, "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." The few district courts in the Second Circuit to have addressed this issue have refused to include double costs as part of an appeal bond, "reasoning that the use of Appellate Rule 38 by district courts would infringe on the authority that the Rule explicitly grants to the Court of Appeals." In re AOL Time Warner Inc., 2007 WL 2741033 at *5-6; see also In re NASDAQ, 187 F.R.D. 124, 128 n. 4; In re Allen-Main Assocs. Ltd. Pshp., 229 B.R. 577, 579 (Bankr.D.Conn. 1999); contra Sckolnick v. Harlow, 820 F.2d 13, 15 (1st Cir. 1987) (holding that a district court may require a Rule 7 bond if it concludes that the court of appeals might award attorneys' fees as costs under Rule 38 because the appeal is frivolous). Even assuming that a district court can properly authorize an appeal bond to cover costs specified in Appellate Rule 38, the court would not do so in this case. The Second Circuit has held that "the standard for the imposition of such a penalty is where the appeal taken is found to be groundless, without foundation, and without merit, even though the appellant did not bring it in bad faith." In re Drexel Burnham Lambert Group Inc., 995 F.2d 1138, 1147 (2d Cir. 1993). Based on the unusual circumstances of this case, the

court cannot conclude that the appeal is groundless, without foundation, or without merit.  In deciding the motion for sanctions, the court had to assess a complicated factual situation and weigh a number of factors.  Also, the court awarded a substantial amount in attorneys' fees and costs to Barden, which the court recognized might give the appearance of constituting a windfall.  <u>See</u> Order at 3.  Therefore, the court concludes that including an amount based on an anticipated award pursuant to Fed. R. App. P. 38 is not appropriate in this case.

The court must also determine whether the appeal bond should cover the cost of attorneys' fees for litigating the appeal.  In <u>Adsani</u>, the Second Circuit addressed the issue of whether attorneys' fees could be included in an appeal bond in a copyright infringement case.  The court in <u>Adsani</u> concluded that a district court may include attorneys' fees in an appeal bond for costs under Fed. R. App. P. 7, where the federal statute at issue included attorneys' fees as part of costs.  <u>Adsani</u>, 139 F.3d at 75, n. 9 (concluding that the "term 'costs' under Rule 7 may include the definition of 'costs' contained in the relevant substantive statute under which appeal is sought and are not limited by the enumeration of some 'costs' found in Rule 39").  In <u>Adsani</u>, the court emphasized that it was addressing a case where an "independent federal statute explicitly authorizes attorney's fees 'as part of the costs' both at trial and upon

appeal which permits a Rule 7 appeal bond including such costs."
Id. at 74.  Several other district courts in the Second Circuit
have allowed attorneys' fees to be included as costs in an appeal
bond when permitted by the substantive statute underlying the
appeal.  See In re NASDAQ, 187 F.R.D. at 128 (including
attorneys' fees in bond pursuant to Clayton Act); Tri-Star
Pictures, Inc. v. Unger, 32 F.Supp.2d 144, 150 (S.D.N.Y.1999)
(including attorneys' fees in bond pursuant to Lanham Act).[1]

In this case, there is no statute underlying the action that
provides for the payment of attorneys' fees on appeal.  Thus,
under Second Circuit precedent, there is no basis for including
attorneys' fees incurred in defending an appeal in an appeal
bond.[2]

---

[1] There is a split of authority on the issue of whether "costs on appeal" under Rule 7 may include attorneys' fees.  The D.C. Circuit and the Third Circuit have held that the costs referred to in Rule 7 do not include attorneys' fees that may be assessed on appeal.  See In re Am. President Lines, Inc., 779 F.2d 714, 716 (D.C. Cir.1985) (per curiam) (footnote omitted); Hirschensohn v. Lawyers Title Insurance Corp., No. 96-7312, 1997 WL 307777 (3d Cir. June 10, 1997); see also 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3953 (3d ed. 2006).  The Second, Sixth, Ninth, and Eleventh Circuits have held that a district court may order security for appellate attorneys' fees in a Rule 7 bond if they would be treated as recoverable costs under an applicable fee-shifting statute.  See Azizian v. Federated Department Stores, Inc., 499 F.3d 950, 958 (9th Cir. 2007); In re Cardizem CD Antitrust Litigation, 391 F.3d 812, 817-18 (6th Cir.2004); Pedraza v. United Guaranty Corp., 313 F.3d 1323, 1329-30 (11th Cir.2002); Adsani, 139 F.3d at 71.

[2] There is some authority in the Eleventh Circuit for the proposition that attorneys' fees may be included in a Rule 7 bond

**III. Conclusion**

For the reasons set forth above, Barden Corporation's Motion for an Order Requiring Attorney Ikechukwu Umeugo to Post a Bond for Costs on Appeal (Doc. No. 86) is hereby GRANTED in part and DENIED in part.  Within 30 days of the filing this order, Barden Corporation shall file with the court an estimate, broken down by category, of the costs that it will incur pursuant to Fed. R. App. P. 39(e).  Upon approval of that estimate by the court, Attorney Umeugo shall have ten days in which to post a bond for costs on appeal.

It is so ordered.

Dated this 15th day of August 2008 at Hartford, Connecticut.

                                                /s/ AWT
                                           Alvin W. Thompson
                                    United States District Judge

---

in an exercise of the district court's inherent power, without the court having to look at an underlying fee-shifting statute. See Baynham v. PMI Mortg. Ins. Co., 313 F.3d 1337, 1340-41 (11th Cir. 2002) ; Pedraza v. United Guar. Corp. 313 F.3d 1323, 1336 (11th Cir. 2002) (both concluding that such fees could only be included based on the court's inherent power if the claims on appeal were advanced in bad faith, vexatiously, wantonly, or for oppressive reasons).  Other courts, however, have indicated that a district court cannot include attorneys' fees in an appeal bond based on its inherent power.  See In re Am. President Lines, Inc., 779 F.2d 714, 717 (D.C. Cir. 1985); see also In re AOL Time Warner Inc., 2007 WL 2741033 at *6 (refusing to rely on 28 U.S.C. 1927, which authorizes payment of attorneys' fees by any attorney who unreasonably and vexatiously multiplies proceedings, as basis for including attorneys' fees in the amount of an appeal bond).