UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RALPH BELLO AND VERA ASSOCIATES LIMITED PARTNERSHIP<br>Plaintiffs,<br><br>v.<br><br>THE BARDEN CORPORATION<br>Defendant. | :<br>:<br>:<br>:<br>:  CIVIL NO. 3:01CV01531(AWT)<br>:<br>:<br>:<br>:<br>:  AUGUST 29, 2008 |

## MOTION TO STAY ORDER TO PAY ATTORNEY'S FEES AND EXPENSES

Pursuant to Fed. R. App. P. 8(a)(1)(A), Attorney Ikechukwu Umeugo respectfully requests the Court to stay its orders to pay Barden Corporation's Attorney's Fees and Expenses pending Appeal, on the following grounds:

1. The Federal Courts have recognized Four Traditional Criteria to determine whether an Order by the District Court should be stayed pending Appeal. The Four Factors to be considered in issuing a pending Appeal are well known and they are: (I) Whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (II) Whether the applicant will be irreparably injured absent a stay; (III) Whether issuance of stay will substantially injure the other parties interested in the proceeding; and (IV) Where the public interest lies. See Hilton V. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987) also see Cooper V. Town of East Hampton 83 F. 3d 31, 36 (2d Cir. 1996) Further the U.S. Court of Appeals, for the

1

Second Circuit have also clearly indicated that "the degree to which a factor must be present varies with the strength of the other factors, meaning that "more of one [factor] excuses less of the other." Thapa V. Gonzales, 460 F. 3d 323, 334 (2d Cir. 2006)

As to the **first** requirement or criteria of whether the stay applicant has made a strong showing that he is likely to succeed on the merits or nonetheless demonstrate a substantial case on the merits (See See Hilton V. Braunskill, 481 U.S. 770, 778 (1987)) Attorney Umeugo has satisfied that requirement. Not all the issues or many of the issues arising on the merits are going to be addressed here, since they have been clearly addressed on the Attorney Umeugo's Appellant Brief, filed with the United States Court of Appeals for the 2nd Circuit, which includes detailed specific response disproving each and every one of the eight (8) reasons given by the District Court for its decision to Sanction. The following are hereby submitted to demonstrate Attorney Umeugo's likelihood of success on the merits of the Appeal and/or to demonstrate the possibility of success on the merit. First Attorney Umeugo have undisputedly showed on his Appellant Brief that he filed with Appellate Court that the grounds in which the District Court relied, in making its decision were based on incorrect assumptions or too weak to be convincing and/or Attorney Umeugo did not engage in any bad faith litigation or sanctionable conduct. A careful review of the record will show that the Court's decision to Sanction was not supported by any clear, direct and convincing evidence as required by the United States Courts of Appeals for the 2nd Circuit. See Oliver V. Thompson, 803 F. 2d. 1265, 1272, and 1273 (2nd Cir. 1986). The Sanctions demonstrates the lack of any legal requirement than talismanic recitation of the phrase "Bad Faith" and most importantly this Court has stated in its order Re. Barden Corporation's Motion for an Order requesting Attorney Umeugo to post bond for costs on Appeal dated August 15, 2008, page four (4) paragraph one (1), that "**this Court found no case directly on point**" in regards to its decision to Sanction.

Barden Corporation filed with the Appellate Court a Motion to Dismiss Attorney Umeugo's Appeal on the ground of Lack of Appellate Jurisdiction and that the Appeal is

2

frivolous. The United States Court of Appeals for the 2nd Circuit on May 21st, 2008, **Denied** Barden Corporation's Motion to Dismiss for lack of Appellate Jurisdiction and that the Appeal was frivolous. (See Attached Attorney Umeugo Exhibit No. 2) This Appellate decision clearly shows that Attorney Umeugo's Appeal has merit and is likely to succeed. Further, this Court has recently stated in its Order Re. Barden Corporation's Motion for and Order requesting Attorney Umeugo to Post a Bond for Costs on Appeal dated August 15, 2008, page four (4) paragraph one (1) that "Although the Court concluded that there was substantial evidence to support its findings of fact and also that there was controlling precedent that set forth the applicable legal principles, **the Court found no case directly on point.** Thus there **is no basis for a conclusion as to whether the Court of Appeals will apply the applicable legal principles to the facts in the same way this Court did, particularly in light of the amounts of the Sanctions imposed.** Further this Court went on to state in the said Order Supra, page six (6) and seven (7) that "Based on unusual circumstances of this case, **the Court cannot conclude that the Appeal is groundless, without foundation, or without merit……"** Also, the Court awarded substantial amount in Attorney Fees and Costs to Barden Corporation, **which the Court recognized might give the appearance constituting a wind fall."** Further it is quite clear from the 2nd Circuit and United States Supreme Court rulings and/or decisions that subjective bad faith is not even a requirement for imposition of Sanctions in favor of a prevailing Defendant. See Davidson V. Keenan, 740 F. 2d, 129, 133 (2nd Cir. 1984). In light of the above Attorney Umeugo has shown the likelihood that he will succeed on Appeal and/or has demonstrated some possibility of success. See Thapa V. Gonzalezs, 460 F. 3d 323, 334 (2d Cir. 2006). Thus, Attorney Umeugo has met the first requirement to Stay Order to pay Attorney Fees and Expenses pending Appeal.

    As to the **second** requirement to Stay Order pending Appeal, Attorney Umeugo will be irreparably injured absent a stay on the ground that if he pays the said Attorney's Fees and Expenses and then succeed on Appeal, Attorney Umeugo will have to incur cost and expenses, including Attorney's Fees to get or recover the paid amount back from Barden Corporation. Also

Attorney Umeugo will lose the interest he will had earned on said amount with the bank and most importantly the pain and emotionally distress that he will suffer for paying such Attorney's Fees and Expenses despite the fact that he did not engage in any sanctionable conduct. These are no doubt irreparable injuries.

As to the **third** requirement to Stay Order Pending Appeal, the issuance of the Stay will not substantially injure the other parties (Barden Corporation) interested in the proceeding. Barden Corporation has not shown any evidence or articulated any cognizable injury or prejudice that it will suffer by the Stay of the Order i.e. financial hardship or unconstitutional burden on its rights. Also Barden Corporation did not provide any atom of evidence that Attorney Umeugo will not be able to pay Attorney's Fees and Expenses if he loses on the Appeal. This Court has recognized in its recent Order Re. Barden Corporation's Motion for an Order requiring Attorney Umeugo to post a bond for Costs on Appeal dated August 15, 2008, page two (2) paragraph two (2) and page three (3) stating that "However, as Attorney Umeugo notes, Barden does not allege any particular facts or provide any evidence that there is a substantial risk of non-payment by Attorney Umeugo if he loses his Appeal. Therefore, the Court concludes that the Second Factor weighs in favor of Attorney Umeugo". Based on the aforementioned Attorney Umeugo has met the traditional third requirement to Stay Order pending Appeal.

As to the **fourth** requirement where public interest lies the Supreme Court is very clear in regards to the Correctness for Determination of factual issues claim arising in State Courts. In Wainwright V. Sykes', 433 U.S. 72, 87 (1977) the United States Supreme Court made it abundantly clear that " the Doctrine of Procedural Bar, ordinarily dictates that Federal Courts decline to consider claims not raised in the State Courts in the manner prescribed by State procedural rules." In this case at bar Barden Corporation has raised on numeral occasions and/or has made reference as to what happened in State Court, but has failed to provide or cite any occasion in which the State Court stated or ruled that Attorney Umeugo acted in bad faith or engaged in any sanctionable conduct. As such the use of such references is simply unacceptable in

4

the Federal Courts.

The United States Supreme Court and Appellate Court has made it clear that anything done by any Court to discourage parties from pursuing viable appeals will not be tolerated. "To ensure however, that the fear of an award of Attorney's Fees against them will not deter a person with colorable claims from pursuing those claims, we have declined to uphold awards under the bad faith exception." See Dow Chemical Pacific Ltd., 782, F. 2d (citations omitted), Weinberger, 697 F 2nd at 80; Nemeroff V. Abelson, 620 F 2d 339, 348 (2nd Cir. 1980); Browing Debenture Holder Committee, 560 F. 2d at 1089; Oliver V. Thompson, 803 F. 2d 1265, 1272 and 1272 (2nd Cir.1986). The lack of any legal requirement other than talismanic recitation of the phrase "Bad Faith" will foreclose meaningful review of sanction based on inherent authority, See Chambers V. Nasco, Inc., 501 U.S. 32 (1991). To make Attorney Umeugo to pay the Attorney's Fees and Expenses will affect public interest. See United States V. Private Sanctation Industry Association of Nassau/Suffolk, Inc., 44 F. 3d. 1082, 1084 (2d Cir. 1995). Further, the public is not harmed by the stay of the Order pending Attorney Umeugo's Appeal. There is no doubt as to where the public interest lies. Based on the aforementioned, the Fourth requirement or criteria has been satisfied.

2.    As aforementioned, Attorney Umeugo has appealed this Court's decision granting Barden Corporation's Motion for Sanctions in the form of Attorney's Fees and Expenses, by filing an Appeal with the United States Court of Appeals 2nd Circuit (See Attorney Umeugo's Exhibit No. 1 Notice of Appeals).

3.    It should be noted that this Court's order to pay attorney's Fees and Expenses was entered by this Court on September 28, 2007, after Attorney Umeugo's Appeal was filed (See Court File)

4.    In compliance with the 2nd Circuit filing deadline, Attorney Umeugo filed the Appellate Brief and Joint Appendix on November 23, 2007, and Barden Corporation has filed its Appelee's Brief. Both parties are awaiting Oral Argument date.

5.    On May 21, 2008 the United States Court of Appeals for the Second Circuit **Denied**

Barden Corporation's Motion to Dismiss Attorney Umeugo's Appeal on the basis of lack of Appellate Jurisdiction and that the Appeal was frivolous. (See Attorney Umeugo's No. 2).

6.      Justice requires that a Stay of Order be granted pending the decision on Appeal. Fairness is a major aspect of justice, and to achieve justice, one must hold dear and high the weightier matters of the Law namely justice. To make Attorney Umeugo to pay for the Attorney's Fees and Expenses will be unjust because it is clear to all, including this Court that Attorney Umeugo's Appeal is not frivolous or groundless, as also acknowledged and recognized by the United States Court of Appeals for the Second Circuit by it **Denying** Barden Corporation's Motion to Dismiss Attorney Umeugo's Appeal. (See Attorney Umeugo's Exhibit No. 2). It is very disconcerting and/or disturbing to have Attorney Umeugo pay the Attorney's Fees and Expenses while it is obviously clear that his Appeal is not frivolous or groundless. Further, Attorney Umeugo has demonstrated substantial possibility of Success on Appeal. See Thapa V. Gonzales, 460 F 3d. 323, 334 (2nd Cir. 2006) and Mohamed V. Reno, 309 F. 3d 95 (2nd Cir. 2002).

Attorney Umeugo has met the four traditional grounds or requirements to Stay a District Court order pending appeal. It should be noted that the United States Court of Appeals for the 2nd Circuit have abundantly made it clear that "the degree to which a factor (said requirement or criteria) must be present varies with the strength of the factors meaning that "more of one [factor] excuses less of the other." See Thapa V. Gonzales, 460 F 3d. 323, 334 (2nd Cir. 2006).

## CONCLUSION

Based on the aforementioned, Attorney Umeugo respectfully moves this Court to Stay the Order to Pay Attorney's Fees and Expenses pending Appeal.

                                                            **RESPECTFULLY SUBMTTED,**

By: _____
       Ikechukwu Umeugo (ct04536)
       Umeugo & Associates, P.C.
       620 Boston Post Rd.
       P.O. Box 26373
       West Haven, CT 06516
       (203) 931-2680 Phone
       (203) 931-2682 Fax

## CERTIFICATION

This is to certify that a copy of the foregoing motion was mailed this the 29th day of August, 2008 to the following:

1) Ralph Bello
   840 Boston Post Road
   West Haven, CT 06516

2.) Vera Associates Limited Partnership
    840 Boston Post Road
    West Haven, CT 06516

3.) Attorney David S. Hardy
    Carmody & Torrance, LLP
    195 Church Street
    P.O. Box 1950
    New Haven, CT 06509-1950

_____
Ikechukwu Umeugo

EXHIBIT
1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2006 OCT 27 P 1: 21
U.S. DISTRICT COURT
NEW HAVEN, CT

Ralph Bello and Vera
Associates Limited Partnership

v.

Barden Corporation

CIVIL CASE NO. 3:01cv01531(AWT)

## NOTICE OF APPEAL

1. Pursuant to F. R. A. P. 4(a)(1), Ikechukwu Umeugo hereby gives notice and
(appealing party)
appeals to the United States Court of Appeals for the Second Circuit from the following
Judgment or Order (attach the Judgment or Order):
Motion For Sanctions (see attached)

2. The Judgment/Order in this action was entered on 9/29/06
(date)

*Signature*

Ikechukwu Umeugo
Print Name

Umeugo & Associates, P.C.
620 Boston Post Road
West Haven, CT 06516
Address

Date: 10/25/06

203-931-2680
Telephone Number

Note: You may use this form to take an appeal provided that it is received by the Office of the Clerk of the U.S. District Court within 30 days of the date on which the judgment was entered (60 days if the United St...

D.Conn.
01-cv-1531
Thompson, J.

**EXHIBIT 2**

# United States Court of Appeals
## FOR THE
## SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of May, two thousand eight,

Present:

    Hon. Sonia Sotomayor,
    Hon. Debra Ann Livingston,
        *Circuit Judges*,
    Hon. Loretta A. Preska,*
        *District Judge*.

---

Ralph Bello and Vera Associates Limited Partnership,

        *Plaintiffs-Appellants*,

Ickechukwu Umeugo,

        *Appellant*,

v.                                                              06-5013-cv

Barden Corporation,

        *Defendant-Appellee*.

---

Appellee moves to dismiss the appeal of Appellant Ikechukwu Umeugo, attorney for the plaintiffs-appellants, for lack of appellate jurisdiction or, alternatively, on the ground that it is frivolous. Upon due consideration, it is hereby ORDERED that the motion is DENIED. *See IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1055 (2d Cir. 1993) (quoting *Welch v. Cadre Capital*, 923 F.2d 989, 992 & n.1 (2d Cir. 1991) ("A premature notice of appeal from a nonfinal order may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice.'")). The Clerk's Office is directed to issue a briefing schedule.

        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk

        By: *[signature]*

---

*The Honorable Loretta A. Preska, United States District Court for the Southern District of New York, sitting by designation

SAO-LB